```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
IN RE EUROPEAN GOVERNMENT BONDS    :    19 Civ. 2601 (VM)
ANTITRUST LITIGATION               :
                                   :    DECISION AND ORDER
                                   :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Ohio Carpenters' Pension Fund ("Ohio Carpenters") and Electrical Workers Pension Fund Local 103 I.B.E.W. ("Local 103," and collectively with Ohio Carpenters, "Plaintiffs")[1] commenced this putative antitrust class action, on behalf of themselves and all others similarly situated, against defendants Bank of America Merrill Lynch International Designated Activity Company, Merrill Lynch International, NatWest Markets plc, UBS AG, UBS Europe SE, UniCredit Bank AG, Bank of America, N.A., NatWest Markets Securities Inc., UBS Securities LLC, UniCredit Capital Markets LLC, Natixis S.A. ("Natixis"), Nomura International plc ("Nomura International"), and Nomura Securities International Inc. ("NSI," and collectively with all foregoing defendants, "Defendants").

Plaintiffs purport to represent a class of all persons or entities who purchased or sold European Government Bonds

---

[1] A third plaintiff in this action, Boston Retirement System, was dismissed on July 23, 2020. (See Dkt. No. 115.)

1

("EGBs") in the United States directly from Defendants between January 1, 2007 and December 31, 2012 (the "Class Period"), with the exception of Defendants, their employees and affiliates, and the United States government. In their Third Amended Consolidated Class Action Complaint, Plaintiffs claim that Defendants conspired to fix EGB prices during the Class Period, in violation of the Sherman Act, 15 U.S.C. § 1. (See "TAC," Dkt. No. 87.)

By letter dated February 26, 2020, Defendants notified Plaintiffs of their intent to move to dismiss the TAC. (See "Letter Motion," Dkt. No. 110.) The Letter Motion raised four grounds for dismissal: (1) failure to plead antitrust conspiracy; (2) failure to plead antitrust standing; (3) failure to timely file this action; and (4) failure to plead personal jurisdiction over the foreign defendants, including, as relevant here, Natixis and Nomura International. By letter dated March 11, 2020, Plaintiffs opposed the Letter Motion. (See Dkt. No. 114.)

The Court construed Defendants' Letter Motion as a motion to dismiss the TAC pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and granted the motion as to all Defendants, except Natixis, Nomura International, and NSI (collectively, "Moving Defendants"). (See "Order," Dkt. No. 115.)

2

Pending before the Court is a motion for reconsideration of the Order, filed by Moving Defendants on August 6, 2020. (See "Notice of Motion," Dkt. No. 119, and Defendants' Memorandum of Law ("Defs.' Mem."), Dkt. No. 120, collectively the "Reconsideration Motion.") Plaintiffs filed a memorandum of law, opposing the motion on August 20, 2020, (see Plaintiffs' Memorandum of Law ("Opposition"), Dkt. No. 124), and Moving Defendants filed a reply memorandum of law in further support of the Reconsideration Motion on August 27, 2020, (see Defendants' Reply Memorandum of Law ("Reply"), Dkt. No. 130). Moving Defendants additionally filed a supplemental authority letter on December 7, 2020, (see Supplemental Authority Letter, Dkt. No. 137), and Plaintiffs responded by letter on December 9, 2020, (see Opposition Letter, Dkt. No. 138). For the reasons set forth below, the Reconsideration Motion is DENIED.

### I.   **LEGAL STANDARD**

Motions for reconsideration are governed by Local Rule 6.3, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" SEC v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp.

3

169, 170 (S.D.N.Y. 1988)). When assessing a motion for reconsideration, a district court must "narrowly construe and strictly apply" Local Rule 6.3 to "avoid duplicative rulings on previously considered issues" and to prevent the rule from being used to advance theories not previously argued or as "a substitute for appealing a final judgment." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, the Second Circuit has held that the threshold for granting a motion to reconsider is "high," and such motions are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l

4

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (noting that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)).

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citations omitted).

## II. DISCUSSION

The Court finds that the Reconsideration Motion here does not meet this exacting standard. Moving Defendants make several unavailing arguments regarding the Court's alleged misinterpretation of the relevant caselaw. For example, Moving Defendants argue that Plaintiffs did not plead antitrust standing as to Natixis and Nomura International because they did not plead facts regarding specific transactions with either entity. Moving Defendants insist

5

that, in holding otherwise, the Court misinterpreted Harry v. Total Gas & Power North America, Inc., 244 F. Supp 3d. 402 (S.D.N.Y. 2017), and Allianz Global Investors GmbH v. Bank of America Corp., No. 18 Civ. 10364, 2020 WL 2765693 (S.D.N.Y. May 28, 2020). However, Moving Defendants do not claim that the Court overlooked these cases. Indeed, by citing the Order's analysis of them, the Reconsideration Motion acknowledges that the Court considered these cases. (See Defs.' Mem. at 6, 8 (citing Order at 42, 45-46).) Rather, Moving Defendants simply disagree with the Court's examination and application of the legal standard. But disagreement as to a court's interpretation of a case is an insufficient ground for reconsideration.

Likewise, Moving Defendants argue that the Court overlooked case law requiring a "relevant, suit-related connection to the forum" to subject Natixis and Nomura International to personal jurisdiction here. (Defs.' Mem. at 12.) But, again, many of the cases Moving Defendants cite as "overlooked" were also cited and relied upon in the Order. (See, e.g., Order at 17 (citing Walden v. Fiore, 571 U.S. 277 (2014)); 18, 20-21, 29 (citing Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68 (2d Cir. 2018)).). As is well-

6

established, disagreement with the Court's analysis does not entitle Moving Defendants to reconsideration.[2]

At other points, Moving Defendants propose alternative legal standards, which they argue the Court should have applied. For example, Moving Defendants argue that "[i]n holding that Plaintiffs appropriately relied on Defendants' Codes of Ethics to satisfy the due diligence requirement of fraudulent concealment, the Court overlooked controlling precedent in Singh v. Cigna Corp., 918 F.3d 57 (2d Cir. 2019)." (Defs.' Mem. at 19 (citing Order at 29-36).) However, as Moving Defendants seem to acknowledge, Singh does not address fraudulent concealment. (See Defs.' Mem. at 20.) In the Order, the Court thoroughly examined the Codes of Ethics here and determined that the representations contained therein supported the Court's conclusion that Plaintiffs satisfied the third prong of fraudulent concealment: due diligence. (Order at 36-37.) Moving Defendants do not offer any proper basis to alter that finding under the appropriate legal standards.

---

[2] Nor is the Court persuaded to alter its personal jurisdiction analysis in light of the Supplemental Authority Letter. The case Moving Defendants offer in further support of their motion -- In re Mex. Gov't Bonds Antitrust Litig., No. 18 Civ. 02830, 2020 WL 7046837 (S.D.N.Y. Nov. 30, 2020) ("MGB II") -- is not controlling authority, nor were its legal underpinnings previously overlooked by this Court. The analysis in MGB II rested on the court's reading of Schwab, 883 F.3d 68, which this Court was aware of and considered extensively in the Order. (See Order at 20-21.)

7

The Reconsideration Motion also asks the Court to dispute the facts alleged in the TAC and reconsider certain inferences drawn therefrom. For example, Moving Defendants argue -- for the first time -- that the TAC does not establish that Plaintiffs were "direct purchasers," and thus Plaintiffs lack antitrust standing. (Defs.' Mem. at 8-9.) But the Court previously found that the TAC alleged Ohio Carpenters purchased EGBs from Natixis and Local 103 transacted directly with Nomura International. (See Order at 45 (citing TAC ¶¶ 32-34).) Moving Defendants offer no persuasive basis in fact or law for the Court to alter that finding, apart from its differing interpretation of the facts alleged.

Similarly, Moving Defendants contend that the Court misinterpreted and improperly credited Figure 12. However, the Court thoroughly scrutinized Figure 12 in the Order and addressed many of the issues Moving Defendants raise now. For instance, Moving Defendants argue that Figure 12 does not support claims against Natixis because Plaintiffs do not allege Natixis is a primary dealer in Italian EGBs. (Defs.' Mem. at 22.) But the Court already concluded that while Natixis "was not a Primary Dealer participating in the Italian government bond auctions . . . that is not necessarily preclusive of a conspiracy." (Order at 64.) In asking the Court to revisit its interpretation of the facts alleged in

the TAC, Moving Defendants not only propose a standard that is inappropriately skeptical on a motion to dismiss, but pursue reconsideration on a legally invalid basis.

The Court finds the remainder of Moving Defendants' arguments unavailing for substantially the same reasons. Moving Defendants nowhere identify "controlling decisions or data that the court overlooked" that would alter any of the Court's prior conclusions. Nakshin, 360 F. App'x at 193. Instead, as detailed above, Moving Defendants' motion attempts to impermissibly take a second bite of the proverbial apple. And when, as here, a party seeks "solely to relitigate . . . issue[s] already decided," the motion for reconsideration must be denied. Shrader, 70 F.3d at 257.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that defendants Natixis S.A., Nomura International plc, and Nomura Securities International Inc.'s motion for reconsideration (Dkt. No. 119) is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         11 December 2020

_____
Victor Marrero
U.S.D.J.

9