**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ) | |
| ) | |
| **IN RE EUROPEAN GOVERNMENT BONDS** ) | Lead Case No. 1:19-cv-2601 |
| **ANTITRUST LITIGATION** ) | |
| ) | Hon. Victor Marrero |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**JOINT DECLARATION OF KRISTEN M. ANDERSON, VINCENT BRIGANTI,**
**AND GREGORY S. ASCIOLLA IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT**
**OF SETTLEMENT WITH STATE STREET CORP. &**
**STATE STREET BANK AND TRUST COMPANY**

Pursuant to 28 U.S.C. §1746, we, Kristen M. Anderson, Vincent Briganti, and Gregory S. Asciolla, declare:

1.      We are, respectively, partners of the law firms of Scott+Scott Attorneys at Law LLP ("Scott+Scott"), Lowey Dannenberg P.C. ("Lowey Dannenberg"), and Labaton Sucharow LLP ("Labaton Sucharow," and together with Scott+Scott, Lowey Dannenberg, and Berman Tabacco, "Co-Lead Counsel").   On April 26, 2019, the Court appointed Scott+Scott, Lowey Dannenberg, and Labaton Sucharow as interim co-lead counsel for the putative class in the above-captioned action (the "Action").   ECF No. 32.   Later, on April 23, 2021, the Court appointed Berman Tabacco as additional interim co-lead counsel for the proposed class.   ECF No. 200.   We have been actively involved in prosecuting and resolving this Action, are familiar with its proceedings, and have personal knowledge of the matters set forth herein.   If called upon and sworn as witnesses, we would be competent to testify thereto.

2.      Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement with State Street Corporation and State Street Bank and Trust Company (the "Stipulation").

3.      We respectfully submit this Declaration in support of the motion for preliminary approval of the Settlement between Plaintiffs Ohio Carpenters' Pension Fund ("Ohio Carpenters"), Electrical Workers Pension Fund Local 103 I.B.E.W. ("IBEW 103"), and San Bernardino County Employees' Retirement Association ("SBCERA") and State Street Corporation and State Street Bank and Trust Company (together, "State Street").

4.      The Stipulation provides for immediate cooperation from State Street in connection with Plaintiffs' continued prosecution of claims against the remaining Defendants.   As described below, State Street's cooperation to date has proved to be highly valuable.

5.      The Stipulation was the product of arm's-length negotiations among experienced counsel, facilitated by mediator, Anthony Piazza.

6.      Plaintiffs and Co-Lead Counsel had a thorough understanding of the strengths and weaknesses of the claims against State Street in the Action at the time they reached the Settlement.

7.      For each of these reasons, and those set forth below, we believe that the Settlement is an excellent result for the Settlement Class in light of the substantial litigation risks with respect to asserting claims against State Street.   Accordingly, we respectfully submit that pursuant to Federal Rule of Civil Procedure 23(e), the Settlement should be preliminarily approved.

## CO-LEAD COUNSEL'S PROSECUTION OF THE ACTION

8.      On January 31, 2019, the European Commission announced that it "had informed eight banks of its preliminary view that they have breached EU antitrust rules by colluding, in periods from 2007 to 2012, to distort competition when acquiring and trading European government bonds."  The European Commission did not disclose the identity of these eight banks. Co-Lead Counsel began its investigation into the European Government Bond market immediately thereafter.

9.      In addition to Co-Lead Counsel's own extensive market research, Co-Lead Counsel engaged consultants to assist in the investigation.  Plaintiffs' consultants analyzed the price of French and Italian 10-year bonds in and around auctions for the period of 2006-2013, inclusive. Plaintiffs also retained a consultant experienced in detecting anomalous patterns in quote data. This consultant collected and analyzed millions of Italian, French, German, and Spanish government bond quotes in the secondary market from 2004 through 2015, inclusive.  The database included quotes specifically attributable to individual dealers active in the European

Government Bond market, allowing Plaintiffs to isolate and contrast prices quoted by specific Defendants with prices quotes by non-Defendant European Government Bond dealers.

10.    Co-Lead Counsel also thoroughly analyzed their clients' data to confirm that Plaintiffs entered into relevant European Government Bond transactions directly with Defendants during the Class Period.

11.    On March 4, 2019, Plaintiff IBEW 103 filed the first class action relating to the European Commission's investigation of the European Government Bond market in the U.S. District Court for the District of Connecticut.  *Electrical Workers Pension Fund Local 103 I.B.E.W. v. Bank of America, N.A.*, No. 3:19-cv-00314 (D. Conn.).  On March 22, 2019, Ohio Carpenters filed the first case in this District, *Ohio Carpenters' Pension Fund v. Bank of America, N.A.*, No. 1:19-cv-02601, in what would become this consolidated Action.  After IBEW 103 voluntarily dismissed its action in the District of Connecticut, on April 23, 2019, Boston Retirement System ("Boston Retirement") joined the case by filing an action in this District along with IBEW 103.  *Boston Retirement System v. Bank of America, N.A.*, No. 19-cv-3594.

12.    On April 26, 2019, the Court entered Case Management Order No. 1 appointing Scott+Scott, Lowey Dannenberg, and Labaton Sucharow as interim co-lead counsel in the Action and setting a schedule for the Action.  ECF No. 32.  On April 23, 2021, the Court entered an order appointing Berman Tabacco as additional interim co-lead counsel in the Action.  ECF No. 200.

13.    On June 11, 2019, Plaintiffs filed the Consolidated Class Action Complaint ("CAC") against Defendants Bank of America, N.A., Bank of America Merrill Lynch International Designated Activity Company (f/k/a Bank of America Merrill Lynch International Limited), Merrill Lynch International; NatWest Markets plc (f/k/a Royal Bank of Scotland plc), NatWest

Markets Securities Inc. (f/k/a RBS Securities Inc.); Nomura Securities International Inc., Nomura International PLC; and UniCredit Bank AG, UniCredit Capital Markets LLC.  ECF No. 47.

14.     On July 30, 2019, Defendants served Plaintiffs with a pre-motion letter informing Plaintiffs of their intent to move to dismiss the CAC.  ECF No. 68.  On August 12, 2019, Plaintiffs responded to Defendants' pre-motion letter.  ECF No. 70.  The parties then conferred and agreed on a schedule for Plaintiffs to amend the CAC.  The Court entered the Second Amended Case Management Order, setting forth the schedule for Plaintiffs to file a Second Consolidated Amended Class Action Complaint ("SAC").  ECF No. 72.

15.     On September 6, 2019, Plaintiffs filed the SAC.  ECF No. 73.  The SAC added allegations regarding the European Government Bond primary and secondary markets and included additional analysis of Defendants' bid-ask spreads in 2012 and 2013.

16.     On October 2, 2019, Defendants served Plaintiffs with a pre-motion letter informing Plaintiffs of their intent to move to dismiss the SAC.  ECF No. 76.  On October 16, 2019, Plaintiffs responded to Defendants' pre-motion letter.  ECF No. 84.  The parties then conferred and agreed on a schedule for Plaintiffs to amend the SAC.  The Court entered the Third Amended Case Management Order, setting forth the schedule for Plaintiffs to file a Third Consolidated Amended Class Action Complaint ("TAC") for the limited purposes of naming additional entities as defendants in the Action.  ECF No. 85.

17.     On December 3, 2019, Plaintiffs filed the TAC which added Natixis S.A., UBS AG, UBS Europe SE, and UBS Securities LLC f/k/a UBS Warburg LLC as defendants in the

Action.  ECF No. 87.  UBS and Natixis were reported in the media on October 25, 2019 as being recipients of the European Commission's Statement of Objections.[1]

18.     On February 26, 2020, Defendants served Plaintiffs with a pre-motion letter informing Plaintiffs of their intent to move to dismiss the TAC.  ECF No. 110.  On March 11, 2020, Plaintiffs responded to Defendants' pre-motion letter.  ECF No. 114.

19.     On July 23, 2020, the Court issued its Decision and Order granting in part and denying in part Defendants' Rule 12(b)(2) and 12(b)(6) motion to dismiss the complaint ("Decision and Order").  ECF No. 115.  The Court sustained Ohio Carpenters' and IBEW 103's claim for conspiracy under Section 1 of the Sherman Act, 15 U.S.C. §1, finding that Plaintiffs had plausibly alleged a conspiracy to fix European Government Bond prices against Natixis S.A., Nomura International plc, and Nomura Securities International Inc. ("Remaining Defendants"). *Id*.  The Court, however, dismissed Defendants Bank of America Merrill Lynch International Designated Activity Company ("BAML") and NatWest Markets plc on personal jurisdiction grounds.  *Id.* at 15.  In addition, the Court dismissed Plaintiffs' claims against BAML, UniCredit Bank AG, and UniCredit Capital Markets LLC on antitrust standing grounds and dismissed BAML, Bank of America, N.A., Merrill Lynch International, NatWest Markets plc (f/k/a Royal Bank of Scotland plc), NatWest Markets Securities Inc. (f/k/a RBS Securities Inc.), UBS AG, UBS Europe SE, UBS Securities LLC f/k/a UBS Warburg LLC for failure to connect these Defendants to the antitrust conspiracy alleged in the TAC.  *Id.* at 40, 48.  The Court also dismissed Boston Retirement's claim because it transacted European Government Bonds solely with dismissed Defendants and therefore was held to not be an efficient enforcer as to the Remaining Defendants.

---

[1]     Aoife White, *Banks in Showdown With EU Over Bond Cartel, MLex Reports*, BLOOMBERG (Oct. 25, 2019), https://www.bloombergquint.com/onweb/banks-in-eu-showdown-over-government-bond-cartel-mlex-reports.

*Id.* at 66.  The Court also directed Plaintiffs to inform the Court within 20 days of the Decision and Order whether they had cause to amend the TAC to replead against dismissed Defendants.  *Id.* at 68.

20.     Subsequently, on August 6, 2020, Remaining Defendants filed a motion for reconsideration of the Decision and Order, arguing that the Court should reconsider (i) Ohio Carpenters' and IBEW 103's antitrust standing against Remaining Defendants; (ii) the sufficiency of Plaintiffs' allegations establishing the Court's jurisdiction over Remaining Defendants; (iii) the timeliness of Plaintiffs' Sherman Act claims; and (iv) the plausibility of Plaintiffs' conspiracy allegations against the Remaining Defendants.  ECF Nos. 119-121.  On August 20, 2020, Plaintiffs filed their opposition to the reconsideration motion.  ECF No. 124.  On August 27, 2020, Remaining Defendants filed their reply memorandum of law in support of their reconsideration motion.  ECF No. 130.

21.     In in response to the Court's Decision and Order directing them to inform the Court whether they had cause to amend the TAC, on August 12, 2020, Plaintiffs requested leave to amend the TAC to cure the deficiencies identified by the Court in the Decision and Order.  ECF No. 123.  The parties agreed on a schedule for amendment, permitting, among other things, Plaintiffs to file their Fourth Consolidated Amended Class Action Complaint ("FAC") 60 days after the Court's decision on the Remaining Defendants' motion for reconsideration.  ECF No. 127.  Accordingly, the Court entered the Stipulation and Fifth Amended Case Management Order on August 26, 2020.  ECF No. 128.

22.     On December 11, 2020, the Court issued an Order denying Remaining Defendants' motion for reconsideration.  ECF No. 139.

23.     On February 9, 2021, Plaintiffs filed the FAC, which included allegations based on cooperation materials provided by State Street.  ECF No. 146.  Based on State Street's cooperation, the FAC contained direct evidence of the coordination among Defendants that was part and parcel of the alleged conspiracy to fix European Government Bond prices, including chat room transcripts showing what Plaintiffs allege are collusive discussions among Defendants' traders in furtherance of a conspiracy to fix prices of European Government Bonds.  The cooperation also assisted Plaintiffs in expanding their claims in the FAC by naming an additional 12 Defendants, including Citigroup Global Markets Limited, Citigroup Global Markets Inc., JPMorgan Chase Bank, N.A., J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.), J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.), RBC Europe Limited f/k/a Royal Bank of Canada Europe Limited, Royal Bank of Canada, RBC Capital Markets, LLC (f/k/a Dain Rauscher Inc.), Jefferies International Limited, Jefferies LLC, as well as both State Street entities.[2]  The FAC also added SBCERA as a Plaintiff and removed Boston Retirement.

24.     On April 16, 2021, Defendants served Plaintiffs with a pre-motion letter informing Plaintiffs of their intent to move to dismiss the FAC under Rule 12(b)(2) and 12(b)(6).  ECF Nos. 206-1, 206-2, 206-3.  As discussed below, the Court granted a stay of the case as to State Street, so State Street did not join in Defendants' pre-motion letter.  On May 17, 2021, Plaintiffs served Defendants with a letter responding to Defendants' pre-motion letter.  ECF Nos. 206-4, 206-5, 206-6.

25.     On May 21, 2021, the European Commission announced the issuance of a decision against Bank of America, Natixis, Nomura, RBS (now NatWest), UBS, UniCredit, and WestLB for their participation in a cartel in the primary and secondary market for European Government

---

[2]     The FAC did not name BAML as a defendant.

Bonds.[3]  The EC also imposed fines totaling over €371 million ($454.4 million) on Nomura (€129.6 million, or $158.5 million), UBS (€172.4 million, or $210.9 million), and UniCredit (€69.4 million, or $85 million).  UBS received a reduction of its fine by 45% for its cooperation with the European Commission's investigation.  Further, the European Commission granted full immunity to NatWest for revealing the cartel, which avoided imposition of a fine of €260 million ($318.1 million).  No fines were imposed on Bank of America and Natixis because their activity in the cartel fell outside of the limitation period for imposition of fines by the European Commission.  While State Street had been publicly named as a recipient of a Statement of Objections from the European Commission, it was not ultimately included in the European Commission's press release or fined.

26.     On May 26, 2021, Plaintiffs filed a pre-motion letter with the Court requesting that the Court take judicial notice of the May 20, 2021 press release issued by the European Commission regarding its European Government Bonds decision.  ECF No. 203.  On June 4, 2021, Defendants (except for State Street who had not moved to dismiss due to the stay in place) replied to Plaintiffs' response to Defendants' pre-motion letter, responded to Plaintiffs' judicial notice letter, and notified the Court of the parties' failure to resolve their dispute over the appropriateness of the filing of a motion to dismiss.  ECF No. 206.

**SETTLEMENT NEGOTIATIONS WITH STATE STREET**

27.     On or about April 2020, Co-Lead Counsel contacted State Street's Counsel to convey interest in possible resolution of the Action.  State Street Corp. was reported to have been a recipient of a Statement of Objections from the European Commission in the October 25, 2019

---

[3]      https://ec.europa.eu/commission/presscorner/detail/en/ip_21_2565.

according to a *Bloomberg* news article, however, Plaintiffs did not name State Street as a defendant in the TAC.

28.     On September 9, 2020, following numerous bilateral telephone discussions to determine whether a resolution between the Parties was attainable, the Parties participated in a mediation session held over Zoom.   Present were Co-Lead Counsel on behalf of Plaintiffs, Linklaters LLP, and in-house counsel on behalf of State Street.  Co-Lead Counsel communicated with representatives from Ohio Carpenters and IBEW 103 by telephone during the course of the Parties' negotiations.[4]

29.     Over the course of the mediation, Co-Lead Counsel and State Street's Counsel engaged in hard-fought, arm's-length negotiations.  After a full day of mediation, the mediator made a "mediator's proposal" that State Street would provide the detailed cooperation provisions that the Parties agreed to during the mediation, and that State Street would fund the cost of notice up to $500,000, subject to certain reductions if notice of the State Street Settlement is combined with notice of other settlements.  State Street requested additional time to consider the mediator's proposal following the mediation, and the mediation was suspended.  On September 12, 2020, the Parties accepted the mediator's proposal.

30.     After weeks of negotiations on key terms of a settlement, on October 9, 2020, Plaintiffs and State Street executed a Term Sheet.  On October 28, 2020, Plaintiffs and State Street signed a Confidentiality Agreement concerning the confidentiality of the cooperation to be provided by State Street.

---

[4]     SBCERA had not yet filed suit at the time of the mediation.  SBCERA became a Plaintiff when the FAC was filed on February 9, 2021.  Since that time, SBCERA and Berman Tabacco have been involved in the prosecution of the Action, including the negotiation of the Stipulation with State Street.

31.     Over the next months, Co-Lead Counsel and State Street's Counsel engaged in hard-fought, arm's length negotiations on the terms of a stipulation of settlement.

32.     On April 15, 2021, Plaintiffs and State Street informed the Court in a sealed filing that they had reached a settlement and sought a stay of the case as to State Street, which the Court granted.  ECF Nos 194, 198.

33.     On June 8, 2021, Plaintiffs and State Street executed the Stipulation.

34.     Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation.

35.     The Settlement provides valuable consideration for the benefit of the Settlement Class.  The Term Sheet required State Street to provide significant and immediate cooperation upon its execution, and those cooperation terms became part of the Stipulation.  Stipulation, ¶13. The fact that State Street's cooperation came early in the case greatly enhances its value.  State Street's cooperation to date has included the production of chatroom transcripts, transactional data, and a detailed attorney proffer covering the subject matter alleged in Plaintiffs' then-operative TAC.

36.     Specifically, State Street provided to Plaintiffs 1,670 pages of documents, including 1,626 pages of chat room transcripts, several of which Plaintiffs incorporated in their FAC.  State Street also produced transaction data containing its European Government Bond transactions from 2007 through December 31, 2014, in both the primary and secondary markets.  And finally, on December 23, 2020, State Street provided to Plaintiffs an attorney proffer, in which State Street (1) presented excerpts of chats previously produced to Plaintiffs, including those that may be particularly relevant to the Plaintiffs' allegations; (2) provided information regarding the persons that participated in relevant chatroom conversations with State Street traders; and (3) described State Street's European Government Bond business, the individuals responsible for the operation

of State Street's European Government Bond desk, and the duration of State Street's involvement in the market.

37.     The information contained in State Street's cooperation materials was critical for Plaintiffs to link four additional defendant-bank families (for a total of 12 new defendants) to the European Government Bond conspiracy alleged in the Action.  The information contained in State Street's cooperation materials also allowed Plaintiffs to include additional allegations against the Defendants dismissed in the Decision and Order.  Among other things, the excerpts of chat room communications included in the FAC allowed Plaintiffs to include specific instances where Defendants' European Government Bond traders coordinated bidding strategies, shared proprietary information and/or trading strategies, disclosed pricing information, exchanged highly sensitive order flow information, disclosed prices from their proprietary pricing screens, and disclosed customer identities.  The information provided by State Street also allowed Plaintiffs to add specific allegations to the FAC of Defendants' traders meeting in person outside of their chat rooms.

38.     In its Decision and Order on the TAC, the Court held that analysis of European Government Bond quotes specifically attributable to the Remaining Defendants in 2012 and 2013 was sufficient to plausibly connect the Remaining Defendants to the alleged conspiracy.  ECF No. 115, at 60-67.  However, Plaintiffs searched for but were unable to locate any publicly available data containing European Government Bond quotes specifically attributable to NatWest Markets plc, NatWest Markets Securities Inc., UBS AG, UBS Europe SE, or UBS Securities LLC from 2012 to 2013.  The cooperation materials were particularly valuable because they allowed Plaintiffs to incorporate chat room transcripts involving traders from these Defendants in the FAC, providing an alternative basis to replead Plaintiffs' claims against these Defendants.  Because

Plaintiffs' research suggests that these Defendants were significantly more active in the European Government Bond market than State Street, Co-Lead Counsel believe that the timely cooperation received as part of the Settlement with State Street places Plaintiffs and the Class in a significantly improved position to maximize their total recovery in the Action.

39.     State Street has also agreed to provide as cooperation witness interviews with up to three witnesses who are within State Street's control and any further cooperation that Plaintiffs and State Street agree to in the future.  Stipulation, ¶13.

## CONCLUSION

40.     For the reasons set forth above and in the accompanying memoranda of law, we respectfully submit that under Rule 23(e), the Settlement's terms are fair, reasonable, and adequate in all respects and should be approved.

I certify under penalty of perjury that the foregoing is true and correct.   Executed on June 15, 2021, in New York, New York.

_s/ Kristen M. Anderson_

Kristen M. Anderson
Scott+Scott Attorneys at Law LLP
230 Park Ave., 17th Floor
New York, NY 10169
Email:  kanderson@scott-scott.com

I certify under penalty of perjury that the foregoing is true and correct.   Executed on June 15, 2021, in White Plains, New York.

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Email:  vbriganti@lowey.com

I certify under penalty of perjury that the foregoing is true and correct.   Executed on June 15, 2021, in New York, New York.

Gregory S. Asciolla
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
Email:  gasciolla@labaton.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 _s_/ Kristen M. Anderson
Kristen M. Anderson

# EXHIBIT 1

<u>**EXECUTION VERSION**</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION** | Case No. 1:19-CV-2601 |

**STIPULATION AND AGREEMENT OF SETTLEMENT WITH**
**STATE STREET CORPORATION AND**
**STATE STREET BANK AND TRUST COMPANY**

**EXECUTION VERSION**

## TABLE OF CONTENTS

RECITALS ..................................................................................................................1

DEFINITIONS............................................................................................................5

TERMS OF THE PRELIMINARY APPROVAL ORDER ...........................................12

RELEASES.................................................................................................................12

SETTLEMENT CLASS CERTIFICATION ...................................................................14

SETTLEMENT CONSIDERATION ...............................................................................15

NOTICE AND SETTLEMENT ADMINISTRATION....................................................18

TERMS OF THE JUDGMENT........................................................................................20

TERMINATION OF THE SETTLEMENT .....................................................................20

CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL,
CANCELLATION, OR TERMINATION ........................................................................21

NO ADMISSION OF WRONGDOING ...........................................................................23

MISCELLANEOUS PROVISIONS.................................................................................24

**EXECUTION VERSION**

This Stipulation and Agreement of Settlement ("Stipulation") is entered into between plaintiffs Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and defendants State Street Corporation and State Street Bank and Trust Company together with their affiliates and subsidiaries ("State Street," and together with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action ("Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Settled Claims against State Street and the other Released Parties.

RECITALS

WHEREAS, beginning in or around March of 2019, multiple putative class actions were filed against dealers of euro-denominated sovereign debt issued by European central governments that have adopted the euro as their official currency;

WHEREAS, on April 26, 2019, the Court ordered that the multiple actions be consolidated pursuant to Fed. R. Civ. P. 42(a) and appointed the law firms of Scott+Scott Attorneys at Law LLP, Labaton Sucharow LLP, and Lowey Dannenberg, P.C. ("Co-Lead Counsel") to serve as interim co-lead class counsel pursuant to Fed. R. Civ. P. 23(g);

WHEREAS, on June 11, 2019, Plaintiffs filed the First Amended Complaint, which named Bank of America, N.A., Bank of America Merrill Lynch International Designated Activity Company (f/k/a Bank of America Merrill Lynch International Limited), Merrill Lynch International, NatWest Markets plc (f/k/a Royal Bank of Scotland plc), NatWest Markets Securities Inc. (f/k/a RBS Securities Inc.), Nomura Securities International Inc., Nomura International PLC, UniCredit Bank AG, and UniCredit Capital Markets LLC as defendants, and

1

**EXECUTION VERSION**

following an exchange of pre-motion to dismiss letters, Plaintiffs requested and were granted leave to amend the complaint to address defendants' arguments;

WHEREAS, on September 6, 2019, Plaintiffs filed the Second Amended Complaint, and following an exchange of pre-motion to dismiss letters, Plaintiffs requested and were granted leave to amend the complaint to name additional defendants Natixis S.A., UBS AG, UBS Europe SE, and UBS Securities LLC f/k/a UBS Warburg LLC;

WHEREAS, on December 3, 2019, Plaintiffs filed the Third Amended Complaint in the Action, and following an exchange of pre-motion to dismiss letters, the Court issued a Decision and Order on July 23, 2020, granting in part and denying in part the motion to dismiss;

WHEREAS, on May 1, 2020, counsel for the Parties began engaging in arm's-length negotiations to resolve the Action as to State Street, which had not yet been named as a defendant in the Action;

WHEREAS, on August 6, 2020, certain defendants filed a motion for reconsideration of the Court's July 23, 2020, Decision and Order;

WHEREAS, pursuant to the July 23, 2020, Decision and Order, by letter dated August 12, 2020, Plaintiffs informed the Court that they had cause to amend the Third Amended Complaint;

WHEREAS, on August 26, 2020, the Court entered the Fifth Amended Case Management Order, which ordered Plaintiffs to file the Fourth Amended Complaint within 60 days of the Court's decision on the motion for reconsideration;

WHEREAS, on September 9, 2020, the Parties engaged in mediation with Antonio Piazza, Esq., of Mediated Negotiations Inc. (the "Mediator"), and following the mediation, the Parties continued to engage in arm's-length negotiations;

**EXECUTION VERSION**

WHEREAS, on October 8, 2020, the Parties signed a confidential term sheet setting forth certain key deal points associated with the resolution of the Action, and pursuant to the term sheet, State Street began to provide cooperation to Plaintiffs;

WHEREAS, on October 28, 2020, the Parties signed a confidential agreement to govern the cooperation process and to preserve the confidentiality of the cooperation materials provided to Plaintiffs, including under applicable confidentiality, data privacy, data protection, bank secrecy or similar laws, or pursuant to applicable confidentiality or non-disclosure agreements;

WHEREAS, on December 11, 2020, the Court entered an order denying certain defendants' motion for reconsideration of the Court's July 23, 2020, Decision and Order;

WHEREAS, on February 9, 2021, Plaintiffs filed the Fourth Amended Complaint and named as new defendants in the Action Citigroup Global Markets Limited, Citigroup Global Markets Inc., JPMorgan Chase Bank, N.A., J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.), J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.), RBC Europe Limited f/k/a Royal Bank of Canada Europe Limited, Royal Bank of Canada, RBC Capital Markets, LLC (f/k/a Dain Rauscher Inc.), Jefferies International Limited, Jefferies LLC (f/k/a Jefferies & Company, Inc.), State Street Bank and Trust Company, and State Street Corporation;

WHEREAS, Co-Lead Counsel conducted an investigation and analyzed and researched the applicable law with respect to the claims against State Street and their potential defenses thereto;

WHEREAS, in the course of the Parties' discussions and negotiations, State Street made information available to Plaintiffs about the Settlement Class's claims and State Street's defenses to those claims, and Co-Lead Counsel considered that information before Plaintiffs agreed to this Settlement;

**EXECUTION VERSION**

WHEREAS, based on their independent investigation and the information provided by State Street, Co-Lead Counsel and Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate and in the best interests of Plaintiffs and the other members of the Settlement Class.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each Plaintiff has agreed to this Settlement with State Street pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits the Settlement Class will receive from the Settlement, (ii) the significant risks of litigation and trial, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

WHEREAS, the Parties are entering into this Stipulation for legitimate and practical reasons but without waiving any right, claim, or defense and without conceding or admitting any fact, allegation, or matter.  State Street denies any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action and is entering into this Stipulation to eliminate the uncertainty, burden, and expense of litigation.  Accordingly, this Stipulation shall not be construed or deemed to be evidence of or an admission or concession on the part of State Street with respect to any claim or allegation or any infirmity in the defenses State Street has or could have asserted. Plaintiffs believe that the claims asserted against State Street are meritorious and in no event shall this Stipulation be construed or deemed to be evidence of an admission or concession on the part of any Plaintiff of the infirmity in any of the claims asserted in the Action or an admission or concession that any of State Street's affirmative defenses to liability had any merit; and

WHEREAS, each of the Parties recognizes and acknowledges that the Action is being voluntarily settled with all Parties having received the benefit of the advice of their respective counsel;

4

**EXECUTION VERSION**

  **NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and State Street, by and through their respective attorneys, subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e), that in consideration of the covenants, terms, and releases in this Stipulation, all Settled Claims as against State Street and the other Released Parties and all Released Parties' Claims against Plaintiffs and the Settling Plaintiff Parties shall be settled, released, and dismissed with prejudice on and subject to the terms and conditions set forth below.

**DEFINITIONS**

  1.  As used in this Stipulation and any exhibits made a part hereof, the following terms shall have the following meanings:

    a.  "State Street" means State Street Corporation and State Street Bank and Trust Company, together with their affiliates and subsidiaries.

    b.  "State Street's Counsel" means Linklaters LLP.

    c.  "Action" means *In re European Government Bonds Antitrust Litig.*, No. 1:19-cv-2061 (S.D.N.Y.), and any other action now existing or subsequently filed that is based on the same or similar claims.

    d.  "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation, provided that the Alternate Judgment may not differ materially from the form of Judgment provided for in this Stipulation.

    e.  "Co-Lead Counsel" means the law firms of Scott+Scott Attorneys at Law LLP, Labaton Sucharow LLP, and Lowey Dannenberg, P.C.

    f.  "Court" means the United States District Court for the Southern District of New York.

5

g.    "Defendants" means Bank of America, N.A., Bank of America Merrill Lynch International Designated Activity Company (f/k/a Bank of America Merrill Lynch International Limited), Merrill Lynch International, Natixis S.A., NatWest Markets plc (f/k/a Royal Bank of Scotland plc), NatWest Markets Securities Inc. (f/k/a RBS Securities Inc.), Nomura Securities International Inc., Nomura International PLC, UBS AG, UBS Europe SE, UBS Securities LLC f/k/a UBS Warburg LLC, UniCredit Bank AG, UniCredit Capital Markets LLC, Citigroup Global Markets Limited, Citigroup Global Markets Inc., JPMorgan Chase Bank, N.A., J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.), J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.), RBC Europe Limited f/k/a Royal Bank of Canada Europe Limited, Royal Bank of Canada, RBC Capital Markets, LLC (f/k/a Dain Rauscher Inc.), Jefferies International Limited, Jefferies LLC (f/k/a Jefferies & Company, Inc.), State Street Bank and Trust Company, State Street Corporation, and any other persons or entities who or which are named as defendants in the Action at any time up to and including the date the Preliminary Approval Order is entered.

h.    "Effective Date" with respect to the Settlement means the first business day following occurrence or waiver of all the events and conditions specified in ¶30.

i.    "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

j.    "Final" with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means:  (i) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there are any appeals from the judgment or

**EXECUTION VERSION**

order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding

on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal,

the expiration of time to file a petition for writ of certiorari or other form of review, or the denial

of a writ of certiorari or other form of review, and if certiorari or other form of review is granted,

the date of final affirmance following review pursuant to that grant.

        k.      "European Government Bonds" or "EGBs" means euro-denominated

sovereign debt issued by European governments that have adopted the euro as their official

currency (e.g., Austria, Belgium, Cyprus, Estonia, Finland, France, Germany, Greece, Ireland,

Italy, Luxembourg, Malta, the Netherlands, Portugal, Slovakia, Slovenia, and Spain).  If Plaintiffs

broaden the definition of European Government Bonds in an amended complaint at any time up to

and including the date the Preliminary Approval Order is entered, the term "European Government

Bonds" or "EGBs" in this Stipulation shall incorporate by reference the broader definition.

        l.      "Investment Vehicles" means (i) any company or pooled investment fund

in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may

act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority

owner or does not hold a majority beneficial interest, including, but not limited to mutual fund

families, exchange-traded funds, fund of funds, and hedge funds; and (ii) any Employee Benefit

Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a

fiduciary; provided, however, that under no circumstances may a Defendant (or any of its direct

or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the settlement

fund or any Subsequent Settlement(s) through an Investment Vehicle.

        m.     "Judgment" means the final judgment, substantially in the form attached

hereto as Exhibit B, to be entered by the Court approving the Settlement.

**EXECUTION VERSION**

        n.     "Notice" means the Notice of Pendency of Class Action, which is to be sent to members of the Settlement Class.

        o.     "Notice Administrator" means an entity to be selected by Co-Lead Counsel to disseminate Notice and administer the Settlement, subject to Court approval.

        p.     "Notice Costs" means the costs, fees, and expenses that are incurred in connection with providing notice by the Notice Administrator as further provided herein.  Notice Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Publication Notice, reimbursements to nominee owners for forwarding Notices to their beneficial owners, and the administrative expenses incurred and fees charged by the Notice Administrator in connection with providing notice.

        q.     "Parties" means Plaintiffs, on behalf of themselves and the other members of the Settlement Class, and State Street.

        r.     "Plaintiffs" means Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W, and San Bernardino County Employees' Retirement Association.

        s.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that Notice of the Settlement be provided to the Settlement Class.

        t.     "Publication Notice" means the Summary Notice of Pendency of Class Action.

        u.     "Released Parties" means State Street, together with its respective past and present, direct and indirect corporate parents (including holding companies), subsidiaries, related entities, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the

**EXECUTION VERSION**

Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, and each of their respective past or present officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal, or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns.  Released Parties do not include any of the other Defendants currently named in the Action.

        v.      "Released Parties' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the Claims asserted in the Action against State Street.  Released Parties' Claims shall not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class in connection with the Notice and whose request is accepted by the Court.

        w.      "Releases" means the releases set forth in ¶¶3-10 of this Stipulation.

        x.      "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against State Street and any other Released Parties that arise from or relate in any

**EXECUTION VERSION**

way to the conduct alleged, or conduct that could have been alleged and that arises from the factual predicate of the Action, including any amended complaint or pleading therein.  Settled Claims shall not include:  (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. § 6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice and whose request is accepted by the Court.

        y.      "Settlement" or "State Street Settlement" means the resolution of this Action as against State Street and the Released Parties in accordance with the terms and provisions of this Stipulation.

        z.      "Settlement Class" or "Class" means all persons or entities who or which purchased or sold one or more European Government Bond(s) in the United States directly from a Defendant or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant, or any of their conspirators, from January 1, 2007 through December 31, 2012 (the "Settlement Class Period").  Excluded from the Settlement Class are:  Defendants; past and present direct or indirect parents (including holding companies), subsidiaries, affiliates, associates, or divisions of Defendants; the United States government; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class" or "Class."  Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice and whose request is accepted by the Court.  If Plaintiffs broaden the class definition in an amended complaint at any time up to

**EXECUTION VERSION**

and including the date the Preliminary Approval Order is entered, the term "Settlement Class" in this Stipulation shall incorporate by reference the broader definition.

       aa.    "Settlement Class Member" or "Class Member" means any person or entity who or which is a member of the Settlement Class.

       bb.    "Settlement Class Period" or "Class Period" means the period January 1, 2007 through December 31, 2012.

       cc.    "Settlement Hearing" means the hearing to be held by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

       dd.    "Settling Plaintiff Parties" means individually and collectively each Plaintiff and Settlement Class Member, on behalf of himself, herself, or itself, and each of his, her, or its respective past and present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, insurers, administrators, purchasers, predecessors, successors, and assigns, and attorneys, including Co-Lead Counsel, in their capacities as such.

       ee.    "Stipulation" means this Stipulation and Agreement of Settlement.

       ff.    "Unknown Claims" means any Settled Claims that Settling Plaintiff Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known to them might have affected their decisions with respect to the Settlement. With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Released Parties shall expressly, and each of the other Settling Plaintiff Parties shall be deemed to have, and by operation of the Judgment or Alternate Judgment, if applicable, shall have expressly waived, any and all provisions,

**EXECUTION VERSION**

rights, and benefits conferred by any law of any state or territory of the United States, or principle

of common law or foreign law, which is similar, comparable, or equivalent to Section 1542 of the

California Civil Code, or any federal, state or foreign law, rule, regulation or common-law doctrine

that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of,

Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs and the Released Parties acknowledge, and each of the other Settling Plaintiff Parties

shall be deemed by operation of law to have acknowledged, that the foregoing waiver was

separately bargained for and was a key element of this Settlement.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

2.      Plaintiffs shall move for, and State Street shall not oppose, entry of the Preliminary

Approval Order, substantially in the form attached as Exhibit A hereto.

## RELEASES

3.      The obligations incurred pursuant to this Stipulation are in consideration of:  (i) the

full and final disposition of the Action with respect to State Street; and (ii) the Releases provided

for herein.

4.      Upon final approval of the Settlement as reflected in this Stipulation, and as part of

the entry of the Judgment, or the Alternate Judgment, the Action shall be dismissed with prejudice

as to State Street.

**EXECUTION VERSION**

5.      The Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims or Released Parties' Claims, as applicable.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Settling Plaintiff Parties:  (i) shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settled Claim as against State Street and each and every one of the Released Parties; (ii) shall forever be barred and enjoined from prosecuting any or all of the Settled Claims against State Street and each and every one of the Released Parties; and (iii) agrees and covenants not to sue any of State Street or any of the Released Parties with respect to any Settled Claims or to assist any third party in commencing or maintaining any suit against any of State Street or any of the Released Parties related to any Settled Claims.

7.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, State Street and each of the Released Parties shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Parties' Claim as against each and every one of the Settling Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Parties' Claims against any of the Settling Plaintiff Parties.

8.      Notwithstanding ¶¶6-7, nothing in the Judgment, or in the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

13

**EXECUTION VERSION**

9.      If, prior to the dissemination of Notice of this Settlement to members of the Settlement Class, Plaintiffs enter into a settlement with another Defendant in the Action that contains a broader release, applies to a more broadly defined Class, or contains a broader Class Period, the Parties agree that this Stipulation shall be deemed and agreed to be amended solely for the purposes of including or mirroring such additional more favorable term(s).

10.      All rights of Plaintiffs and the other Settlement Class Member against any person other than State Street and the other Released Parties are specifically reserved by Plaintiffs and Settlement Class Members, including against other Defendants in the Action.  EGBs entered into between Plaintiffs and Settlement Class Members with State Street shall, to the extent permitted and/or authorized by law, and to the extent consistent with the claims asserted in the Action and the definition of any class(es) that may be certified by the Court against other Defendants, remain in the case against the other Defendants in the Action as a potential basis for liability and/or damage claims against such other Defendants and shall be part of any joint and several liability claims against the other Defendants in the Action.

## SETTLEMENT CLASS CERTIFICATION

11.      Solely for purposes of this Settlement, State Street shall not oppose a motion to:  (i) certify the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appoint Plaintiffs as representatives of the Settlement Class; and (iii) appoint Co-Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

12.      The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement as to State Street and the other Released Parties, and for no other purpose.  State Street retains all of its objections, arguments, and defenses, and reserves all rights to contest class certification if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation

14

is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to proceed for any reason.  The Parties acknowledge that there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to close for any other reason, then this agreement as to certification of the Settlement Class becomes null and void *ab initio*, and neither this Stipulation nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

## SETTLEMENT CONSIDERATION

13.     In consideration of the Settlement of the Settled Claims against State Street and the other Released Parties, to the extent permitted by law, State Street has provided or shall provide Plaintiffs with the following cooperation:

    a.      all facts and other information known to State Street that is relevant to the claims alleged by Plaintiffs in the Third Amended Complaint and Fourth Amended Complaint and that is co-extensive with the scope of the released claims;

    b.      all documents, data, information, and other materials in State Street's possession, custody, or control concerning the investigation(s) by the European Commission ("EC") concerning European Government Bonds, including, but not limited to, documents produced by State Street to the EC and documents produced, filed, served, or received by State Street in connection with the EC's investigation(s);

    c.      any expert work that State Street has commissioned relating to the EC's investigation of its European Government Bond business;

**EXECUTION VERSION**

    d.  witness statements that State Street has compiled, if any, concerning its European Government Bond business;

    e.  the Statement of Objections issued by the EC to State Street in unredacted form;

    f.  an attorney proffer covering the foregoing subparts (a)-(e);

    g.  interviews with up to three witnesses who are within State Street's control;

    h.  one Rule 30(b)(6) deposition of State Street;

    i.  transaction data covering the scope of released claims, including data regarding European Government Bond transactions, quotes, bids, and/or offers from January 1, 2007 through December 31, 2014 (including both primary and secondary market activity) that is reasonably accessible and not unduly burdensome to produce;

    j.  to the extent reasonably requested by Plaintiffs and to the extent reasonably necessary, while the Action is pending, and at Plaintiff's written request and explanation, State Street shall produce additional documents and transaction data that are relevant to the claims or defenses in the Action and are reasonably accessible and not unduly burdensome to produce;

    k.  declarations regarding the authentication and admissibility of documents; and

    l.  production of Class Member information required for Notice.

  14.  The cooperation under subparagraphs (a)-(f) commenced upon the execution of the term sheet. All other forms of cooperation shall be provided as soon as practicable. Any dispute or controversy arising out of or relating to the cooperation, including the scope of privacy or bank secrecy laws or other law concerning State Street's obligations to provide cooperation, shall be resolved first by discussion among counsel for the Parties. If that discussion fails to resolve the

**EXECUTION VERSION**

dispute, then the Parties must first seek resolution from the Mediator or Stephanie Chow, Esq. of Mediated Negotiations Inc., but that is without prejudice to any Party's ultimate ability to seek relief from the Court.

15.   If the Court does not approve the Settlement, the Parties shall revert to their respective statuses as of October 8, 2020.  All cooperation information or materials provided by State Street shall be promptly returned or destroyed, and within ten (10) business days, Plaintiffs shall provide certification that all such materials (and any copies thereof) have been returned or destroyed.   Plaintiffs shall be permitted to keep copies of pleadings, motions, and other submissions to the Court (including any submissions made under seal) into which cooperation materials or information have been incorporated.  Plaintiffs shall sequester any non-public work product into which cooperation materials or information have been incorporated pending the Parties' best efforts to modify the terms of the Stipulation in the event the Settlement is not approved, as described in ¶26. If such negotiations fail, Plaintiffs shall destroy the sequestered work product and within ten (10) business days certify that all such materials (and any copies thereof) have been returned or destroyed.   Plaintiffs agree that clawed back cooperation information or materials may not be used by Plaintiffs against State Street in the event the Settlement is not approved, but this is without prejudice to Plaintiffs' right to obtain such information or materials through discovery or other means, and to use such information or materials obtained by Plaintiffs for any lawful purpose against State Street or other person or party. Nothing herein shall impose any restriction on Plaintiffs' use of publicly-available information or materials that lawfully came into Plaintiffs' possession independent of State Street's disclosure of cooperation information or materials.  The Parties may amend this paragraph's terms regarding

**EXECUTION VERSION**

the use and destruction of cooperation information or materials at a later date, but any such amendment shall be ineffective unless in writing and signed by the Parties.

## NOTICE AND SETTLEMENT ADMINISTRATION

16.     Co-Lead Counsel shall take all necessary and appropriate steps to ensure that Notice of the Settlement and the date of the hearing scheduled by the Court to consider fairness, adequacy, and reasonableness of the Settlement is provided in accordance with the Federal Rules of Civil Procedure and any Court orders.  Co-Lead Counsel shall undertake all reasonable efforts to obtain from Defendants the names and addresses of potential Class Members for purposes of Notice.

17.     Notice of this Settlement shall be issued no earlier than 180 days following preliminary approval by the Court, but as soon as practicable thereafter, unless otherwise agreed to by the Parties or ordered by the Court. To the greatest extent possible, Co-Lead Counsel will seek to combine the Notice of the State Street Settlement with the notice(s) of other settlements.

18.     Within 60 days of Notice issuing, State Street agrees to reimburse Plaintiffs up to a maximum of $500,000 in Notice Costs, subject to ¶19.  No amount of these funds shall constitute damages, and are not otherwise payable to the proposed Settlement Class, any member of the proposed Settlement Class, or to Co-Lead Counsel.

19.     In the event Plaintiffs subsequently enter into a monetary settlement(s) with any non-settling defendant(s) ("Subsequent Settlement(s)") and receive preliminary approval of the Subsequent Settlement(s) prior to the time Notice of this Settlement is issued (such that the settlement notices can be combined), Plaintiffs shall apply the lesser of:  (i) 10% of the total settlement funds of the Subsequent Settlement(s) or (ii) $500,000, towards State Streets' obligation to reimburse Plaintiffs up to a maximum of $500,000, thus reducing or eliminating State Street's obligation to reimburse Plaintiffs for Notice Costs (*e.g*., if Subsequent Settlement(s) exceed $5,000,000.00 in monetary recoveries, State Street will be relieved of its reimbursement

obligation).  In the event Plaintiffs obtain certification of a litigation class prior to issuance of Notice of this Settlement (such that Notice of this Settlement and notice of litigation class can be combined), and if the Court permits Plaintiffs to combine settlement notice with litigation notice, Plaintiffs agree to be fully responsible for the costs of the combined notice without any cash contribution by State Street.

20.     As part of the Preliminary Approval Order, Plaintiffs shall seek the appointment of a Notice Administrator.  The Notice Administrator shall administer the Settlement under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  Neither State Street, nor any of the other Released Parties, shall have any involvement or any responsibility, authority, or liability whatsoever for the selection of the Notice Administrator and shall have no liability whatsoever to any person or entity, including but not limited to, Plaintiffs, any other Settlement Class Members, or Co-Lead Counsel in connection with the foregoing.  State Street's Counsel shall cooperate with requests related to the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     Consistent with ¶¶18 and 19 herein, State Street shall have no responsibility for any other costs, including Co-Lead Counsel's attorneys' fees and expenses.  State Street shall bear its own costs and expenses, including costs, expenses, and fees of its counsel and the costs of providing notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

22.     No earlier than 180 days following entry by the Court of the Preliminary Approval Order, but as soon as practicable thereafter, unless otherwise agreed to by the Parties or ordered by the Court, Co-Lead Counsel shall cause the Notice Administrator (i) to mail the Notice to those members of the Settlement Class who or which can be identified through reasonable effort and (ii)

**EXECUTION VERSION**

to have the Publication Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

23.     Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 et seq. ("CAFA"), no later than ten (10) days after the Stipulation is filed with the Court, State Street, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.  No later than seven (7) days before the Settlement Hearing, State Street shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

24.     Within five (5) business days after the end of the opt-out period established by the Court and set forth in the Notice, Plaintiffs shall provide State Street's Counsel with a written list of all potential Settlement Class Members who or which have exercised their right to request exclusion from the Settlement Class.  Upon request from State Street's Counsel, Plaintiffs shall also provide information it possesses concerning the volume of EGB trading within the scope of the Settled Claims by all individuals or entities who have timely requested exclusion, to the extent such information is available.

**TERMS OF THE JUDGMENT**

25.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and State Street's Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**TERMINATION OF THE SETTLEMENT**

26.     This Settlement is contingent on Court approval.  Absent Court approval, there is no Settlement, but if the Court does not approve the Settlement, the Parties will negotiate in good faith and use best efforts to modify the terms of this Stipulation to address any concerns articulated by the Court.

**EXECUTION VERSION**

27.     Subject to ¶26, Plaintiffs, provided they unanimously agree, and State Street, if they agree, shall each have the unilateral right to terminate the Settlement and this Stipulation by a Termination Notice to the other Parties to this Stipulation within thirty (30) days of:  (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve the Settlement or any material part thereof; (iii) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (iv) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (v) the date upon which an Alternate Judgment is modified or reversed in any material way by the United States Court of Appeals for the Second Circuit or the United States Supreme Court.

28.     Upon application to the Mediator by State Street, this Settlement may be terminated if the Mediator determines that all individuals or entities that excluded themselves from the Class likely constitute, collectively (but for their exclusion), a material portion of EGB transactions of the Settlement Class during the Settlement Class Period.  Any application to terminate under this paragraph must be made in writing within thirty (30) days following the date Plaintiffs provide State Street's Counsel with the opt-out list pursuant to ¶24, and Plaintiffs will have the opportunity to oppose any such application in writing.

29.     The Parties, Co-Lead Counsel, Released Parties, and State Street's Counsel agree that they will make no effort to solicit or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

### CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

30.     The Effective Date of the Settlement shall be deemed to occur on the first business day following the occurrence or waiver of all of the following events:

**EXECUTION VERSION**

a.      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶2;

c.      State Street has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.      Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

e.      the Court has approved the Settlement as described herein, following Notice to the Settlement Class and the Settlement Hearing, as prescribed by Federal Rule of Civil Procedure 23, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

31.     Unless otherwise ordered by the Court, in the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action, and nothing in this Stipulation shall constitute or be deemed an admission, concession, or presumption with respect to any fact or allegation.

32.     If (i) State Street exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

22

**EXECUTION VERSION**

b.      The Parties shall revert to their respective positions in the Action as of October 8, 2020;

c.      All cooperation information or materials provided by State Street shall be handled in accordance with the terms specified in ¶15; and

d.      Unless otherwise specified herein, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceedings for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

<b>NO ADMISSION OF WRONGDOING</b>

33.     This Stipulation (whether or not consummated) and any exhibits made a part hereof; the negotiations leading to the execution of the Stipulation; and any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any argument proffered in connection therewith) shall not:

a.      be offered against State Street or any of the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by State Street or any of the other Released Parties of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of State Street or any of the other Released Parties, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

b.      be offered against Plaintiffs or any of the other Settling Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or

23

admission by Plaintiffs or any of the other Settling Plaintiff Parties that any of their claims are without merit or that State Street or any of the other Released Parties had meritorious defenses, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

34.     Each of the Parties recognizes and acknowledges that the Action is being voluntarily settled with all Parties having received the benefit of advice of their respective counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

## MISCELLANEOUS PROVISIONS

35.     All of the exhibits made a part of this Stipulation are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit made a part hereof, the terms of the Stipulation shall prevail.

36.     The Parties intend this Stipulation to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs and any other Settlement Class Members against State Street and the other Released Parties with respect to the Settled Claims. Accordingly, Plaintiffs and their counsel and State Street and their counsel agree not to assert in any judicial proceeding that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Fed. R. Civ. P. 11 relating to the Action.  The Parties agree that the terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Mediator, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

**EXECUTION VERSION**

37.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and State Street (or their successors-in-interest).

38.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

39.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

40.     This Stipulation, and any exhibits made a part hereof, constitute the entire agreement between Plaintiffs and State Street concerning the Settlement.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto other than those contained and memorialized in such documents.

41.     This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.  Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

42.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Parties and Settling Plaintiff Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

43.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the substantive laws of the State of New York without regard to its choice-of-law principles.

**EXECUTION VERSION**

44.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

45.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

46.     All counsel and any other person executing this Stipulation, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be take pursuant to the Stipulation to effectuate its terms.

47.     Co-Lead Counsel and State Street's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

48.     Any notice or materials to be provided to Plaintiffs or Co-Lead Counsel pursuant to or relating to this Stipulation shall be sent to Christopher M. Burke, Gregory Asciolla, and Vincent Briganti at the email and physical addresses listed below, and any notice or materials to be provided to State Street or State Street's Counsel pursuant to or relating to this Stipulation shall be sent to Adam S. Lurie and Patrick C. Ashby at the email and physical addresses listed below.

49.     Except as otherwise provided herein, each Party shall bear its own costs.

50.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

**EXECUTION VERSION**

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed
by their duly authorized attorneys as of June 8, 2021.

| On behalf of Plaintiffs and the Proposed Settlement Class: | On behalf of State Street: |
|---|---|

Christopher M. Burke
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email: cburke@scott-scott.com

Adam S. Lurie
Patrick C. Ashby
Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Email: Adam.Lurie@linklaters.com
Email: Patrick.Ashby@linklaters.com

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Email: vbriganti@lowey.com

Gregory S. Asciolla
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
Email: gasciolla@labaton.com

27

**EXECUTION VERSION**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE EUROPEAN GOVERNMENT**
**BONDS ANTITRUST LITIGATION**

---

Case No. 1:19-CV-2601

**Exhibit A**

**PROPOSED PRELIMINARY APPROVAL ORDER**

WHEREAS, plaintiffs Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and defendants State Street Corporation and State Street Bank and Trust Company together with their affiliates and subsidiaries ("State Street," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against State Street and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with State Street Corporation (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

**EXECUTION VERSION**

1.   **Preliminary Approval of the Settlement** – Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and "direct[s] notice in a reasonable manner to all class members who would be bound by the proposal[s]," as described below.  Fed. R. Civ. P. 23(e)(1)(B); *id*. at (i)-(ii).

2.   **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____ at _____ at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 15B, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) to determine whether the Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against State Street; and (iii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in ¶4 of this Order.

3.   The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

4.   **Retention of Notice Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain _____ (the "Notice Administrator") to disseminate

notice to the Settlement Class and administer the Settlement, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)     Commencing not earlier than 180 days after the date of entry of this Order but as soon as practicable thereafter, unless otherwise agreed to by the Parties or ordered by the Court, (the "Notice Date"), the Notice Administrator shall cause a copy of the Notice to be mailed to the members of the Settlement Class who can be identified through reasonable effort;

(b)     Contemporaneously with the mailing of the Notice, the Notice Administrator shall cause copies of the Notice to be posted on the website developed for this Action from which copies of the Notice can be downloaded;

(c)     As soon as practicable after the mailing of the Notice, the Notice Administrator shall cause the Publication Notice to be published once in *The Wall Street Journal* and in such other publications, if any, as Plaintiffs and State Street agree to or as ordered by the Court; and

(d)     Prior to the Settlement Hearing, Co-Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Approval of Form and Content of Notice** – The Court: (i) approves, as to form and content, the Notice and the Publication Notice; and (ii) finds that the mailing and distribution of the Notice, posting of the Notice on the Settlement Website, and the publication of the Publication Notice in the manner and form set forth in ¶4 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement (including the Releases to be provided thereunder) and of their right to appear at the Settlement Hearing; (c) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive

**EXECUTION VERSION**

notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice before it is mailed and Publication Notice before it is published.

6.      **CAFA Notice** – As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq*. ("CAFA"), no later than ten (10) days following the filing of the Stipulation with the Court, State Street, at its own cost, shall serve proper notice of their proposed Settlement upon those who are entitled to such notice pursuant to CAFA.  No later than seven (7) days before the Settlement Hearing, State Street shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

7.      **Exclusion from the Settlement Class** – Any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing and in the manner set forth in the Notice, which shall provide that: (i) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received by the Notice Administrator at [ADDRESS] by _____; and (ii) each such request must: (a) state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity requests to be excluded from the Settlement Class in the Action (*In re European Government Bonds Antitrust Litigation*, Case No. 1:19-CV-2601 (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative.  The request for exclusion shall be invalid and have no legal or binding force or

4

**EXECUTION VERSION**

effect unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

8.      **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance, and serving copies of such notice of appearance on Co-Lead Counsel and State Street's Counsel at the addresses set forth in ¶9 of this Order, such that they are received by _____, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

9.      Any Settlement Class Member may file a written objection to the proposed Settlement and appear and show cause, if he, she, or it has any cause, why the proposed Settlement should not be approved; ***provided, however,*** that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and State Street's Counsel at the addresses set forth below such that they are received by _____, or as the Court may otherwise direct.

**Co-Lead Counsel:**

Gregory S. Asciolla
Labaton Sucharow LLP
140 Broadway
New York, NY  10005
Email:  gasciolla@labaton.com

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601

EXECUTION VERSION

Email:  vbriganti@lowey.com

Christopher M. Burke
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email:  cburke@scott-scott.com

**State Street's Counsel:**

Adam S. Lurie
Patrick C. Ashby
Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Email:  Adam.Lurie@linklaters.com
Email:  Patrick.Ashby@linklaters.com

10.     Any objections, filings, or other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the Settlement Class Member (an attorney's signature is not sufficient); (ii) state the name of the Action (*In re European Government Bonds Antitrust Litigation*, Case No. 1:19-CV-2601 (S.D.N.Y.)); (iii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iv) state whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; and (v) include documents sufficient to prove the Settlement Class Member's membership in the Settlement Class.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must also include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

**EXECUTION VERSION**

11.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Settlement.

12.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and State Street, and the Parties shall revert to their respective positions in the Action as of October 8, 2020, as provided in the Stipulation.

13.     **Use of This Order** – Neither this Order, the Stipulation (whether or not consummated), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (i) offered against State Street or any of the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by State Street or any of the other Released Parties of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of State Street or any of the other Released Parties, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (ii) offered against Plaintiffs or any of the other Settling Plaintiff Parties as evidence of, or construed as, or

**EXECUTION VERSION**

deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the other Settling Plaintiff Parties that any of their claims are without merit or that State Street or any of the other Released Parties had meritorious defenses, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

14.     All proceedings in the Action with respect to State Street and the other Released Parties are stayed until further order of the Court, except as may be necessary to implement the Settlement set forth in the Stipulation or comply with the terms thereof.

15.     **Supporting Papers** – Co-Lead Counsel shall file the opening papers in support of final approval of the proposed Settlement by _____; and reply papers, if any, shall be filed by _____.

16.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED.

_____
HON. VICTOR MARRERO
United States District Judge

DATED:      New York, NY

_____

**EXECUTION VERSION**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION** | Case No. 1:19-CV-2601<br><br>**Exhibit B** |

### PROPOSED JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, plaintiffs Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and defendants State Street Corporation and State Street Bank and Trust Company together with their affiliates and subsidiaries ("State Street," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against State Street and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the  Stipulation and Agreement of Settlement with State Street Corporation (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (v) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

**EXECUTION VERSION**

WHEREAS, the Court conducted a hearing on _____ (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against State Street; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____; and (ii) the Notice and the Publication Notice, both of which were filed with the Court on _____.

4.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only the following Settlement Class:

All persons or entities who or which purchased or sold one or more European Government Bond(s) in the United States directly from a Defendant or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant, or any of their conspirators, from January 1, 2007 through December 31, 2012 (the "Settlement

2

**EXECUTION VERSION**

Class Period").  Excluded from the Settlement Class are:  Defendants; past and present direct or indirect parents (including holding companies), subsidiaries, affiliates, associates, or divisions of Defendants; the United States government; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class" or "Class."  Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice and whose request is accepted by the Court.

5.  The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

a.  Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

b.  Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Class.

c.  Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class.

d.  Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class.  Plaintiffs are certified as class representatives of the Settlement Class.

e.  Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual Settlement Class Members.

f.  Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

g.  Pursuant to Rule 23(g), Co-Lead Counsel are certified as class counsel for the Settlement Class.

**EXECUTION VERSION**

6.      The Court's certification of the Settlement Class, and certification of Plaintiffs as class representatives of the Settlement Class, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class or appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

7.      **Settlement Notice** – The Court finds that the dissemination of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder), (b) their right to object to any aspect of the Settlement, and (c) their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the Releases provided for therein and the dismissal with prejudice of the claims asserted against State Street in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class after considering the factors set out in *City of*

*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.

9.      All of the claims asserted against State Street in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be binding on State Street, the other Released Parties, Plaintiffs, and all other Settling Plaintiff Parties.  The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

11.      **Releases** – The Releases set forth in ¶¶3-10 of the Stipulation, together with the definitions contained in ¶1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, Plaintiffs, the Settling Plaintiff Parties, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of

**EXECUTION VERSION**

the Settled Claims[1] against State Street and the other Released Parties, and shall forever be enjoined from prosecuting any or all of the Settled Claims against any of the Released Parties.

(b)    Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, State Street and the other Released Parties, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of the Released Parties' Claims[2] against Plaintiffs and the other Settling Plaintiff Parties, and shall forever be enjoined from prosecuting

---

[1]    "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against State Street and any other Released Parties that arise from or relate in any way to the conduct alleged, or conduct that could have been alleged and that arises from the factual predicate of the Action, including any amended complaint or pleading therein.  Settled Claims shall not include:  (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. § 6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice and whose request is accepted by the Court.

[2]    "Released Parties' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the Claims asserted in the Action against State Street.  Released Parties' Claims shall not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class in connection with the Notice and whose request is accepted by the Court.

**EXECUTION VERSION**

any or all of the Released Parties' Claims against Plaintiffs and any of the other Settling Plaintiff Parties.  This Release shall not apply to any person listed on Exhibit 1 hereto.

12.     Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code and any similar statutes (to the extent they apply to the Action).  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

13.     Notwithstanding ¶11(a)-(b) of this Order, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

15.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a)     offered against State Street or any of the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by State Street or any of the other Released Parties of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any

**EXECUTION VERSION**

defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of State Street or any of the other Released Parties, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     offered against Plaintiffs or any of the other Settling Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the other Settling Plaintiff Parties that any of their claims are without merit or that State Street or any of the other Released Parties had meritorious defenses, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

16.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; and (ii) the Settlement Class Members for all matters relating to the Action.

17.     **Modification of the Stipulation of Settlement** – Without further approval from the Court, Plaintiffs and State Street are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and State Street may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise

**EXECUTION VERSION**

provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and State Street, and the Parties shall revert to their respective positions in the Action as of October 8, 2020, as provided in the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

        SO ORDERED.

                                            _____
                                            HON. VICTOR MARRERO
                                            United States District Judge

DATED:       New York, NY

             _____