SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

rschwed@shearman.com
212.848.5445

Via ECF

July 30, 2021

The Hon. Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE:   *In re European Gov't Bonds Antitrust Litig.*, No. 19-cv-2601-VM (S.D.N.Y.)

Dear Judge Marrero:

On behalf of Moving Defendants,[1] we respectfully write to inform the Court of a Second Circuit decision that strongly supports the proposed motions to dismiss the FAC (Dkt. No. 206). On July 19, 2021, the Second Circuit affirmed the dismissal of an antitrust class action alleging a market-wide price-fixing conspiracy in markets for supranational, sovereign, and agency ("SSA") bonds. *See Alaska Dep't of Revenue, Treasury Div. v. Manku*, No. 20-1759-CV, 2021 WL 3027170 (2d Cir. July 19, 2021) ("*SSA Bonds*," attached as Ex. A).

As in the FAC, plaintiffs in *SSA Bonds* alleged that multiple defendant entities in different countries "collaborated and shared information" via chat rooms and phone calls and "conspired not to compete against each other in the secondary market for USD SSA bonds" and inflate bid-ask spreads on a daily basis for all secondary market trades, for several years. Ex. A at *2. As in the FAC, plaintiffs in *SSA Bonds* also relied on an investigation by the European Commission ("EC") and "statistical analyses, claiming to identify artificially wide price margins." *Id*. The Second Circuit affirmed the dismissal of the *SSA Bonds* complaint, holding that these allegations were insufficient under *Twombly*, even though plaintiffs had "adequately allege[d] anticompetitive conduct" by some traders. *Id*. at *4. In short, "plaintiffs ha[d] cast a net so wide that the claimed antitrust conspiracy" was "simply not plausible." *Id*. The court's reasoning warrants dismissal here.

*First*, the Second Circuit explained that in a market that "operates through bilateral over-the-counter transactions" and is "decentralized" and "opaque," the broad conspiracy alleged by

---

[1] "Moving Defendants" are all defendants named in the Fourth Amended Complaint (Dkt. No. 146) ("FAC") except State Street Bank and Trust Company and State Street Corporation.

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

July 30, 2021

plaintiffs—"involving more than twenty entities in different countries . . . conspiring '[e]very day, nearly all day' . . . tainting every one of their trades for some seven years -- is simply not plausible." *Id*. The conspiracy alleged in the FAC is just as implausible. As in *SSA Bonds*, Plaintiffs allege that "the European Government Bond market is a relatively opaque, over-the-counter ('OTC') market," FAC ¶ 25, and that the purported conspiracy was carried out through substantially the same means—namely that defendants "shared confidential information regarding their trading positions to coordinate their trading" and "also regularly exchanged customer flow information" via chats to fix prices. *Id*. ¶¶ 246-247, 289-306. Further, Plaintiffs allege that each of the Moving Defendants (22 separate entities in total) conspired in markets in *13 different European countries* to manipulate the prices of *every single* EGB purchased on the other side of the Atlantic over a period of *six years*. *See id*. ¶¶ 1, 202, 238, 268, 367, 386.

***Second,*** the Second Circuit found that the *SSA Bonds* complaint "fail[ed] to explain how the conspirators were able to wield such control over the secondary market as to impact every trade with every defendant and yield a viable claim for every plaintiff." Ex. A at *4. That failure is even more palpable here. Plaintiffs do not allege that defendants hold a dominant market share (even collectively) of sovereign bonds of any EGB issuing country—let alone all 13 countries—that could allow them to consistently corner the OTC EGB secondary markets.[2] Moreover, *SSA Bonds* makes clear that Plaintiffs' allegations of a few unremarkable chats about market events, involving a subset of defendants, during *one year* of the alleged six-year conspiracy, and relating to only a few EGBs—in sum, much *less* extensive chat evidence than in *SSA Bonds*—fall well short of plausibly demonstrating a market-wide conspiracy affecting *all* EGBs sold by Moving Defendants over six years. *See* FAC ¶¶ 250-268. The same goes for Plaintiffs' statistical analyses. Just as the multi-country statistical analyses of bid-ask spreads in *SSA Bonds* failed to render plausible the conspiracy allegations in that case, neither Figure 11 nor Figure 12—both of which purportedly analyze bid-ask spreads for a single EGB issuing country (Italy) for limited periods of time—renders plausible the alleged extensive multi-year, cross-continent conspiracy encompassing every trade in the EGB markets for 13 different European countries.[3]

In short, *SSA Bonds* makes clear that where, as here, plaintiffs "cast a net so wide" as to allege a sweeping, multi-year, multi-defendant conspiracy, the Court must "evaluate plaintiffs' claims as they are alleged: an antitrust conspiracy involving *all* defendants and affecting *all* trades with the defendants." Ex. A at *4 (emphasis in original). And, where, as here, "the broad conspiracy alleged by plaintiffs is simply not plausible," the complaint should be dismissed. *Id*.

---

[2] Conversely, the *SSA Bonds* defendants were alleged to be "dominant players" responsible for "as much as 60% of the underwriting for primary issuances of USD SSA bonds," a figure plaintiffs claimed also "closely correlated" to their alleged market share in the secondary SSA bonds markets. Second Am. Compl. ¶ 505, *SSA Bonds*, No. 16-CV-3711 (S.D.N.Y.), Dkt. No. 506.

[3] Additionally, in *SSA Bonds*, like here, plaintiffs relied on an EC investigation, and when the EC announced fines against certain banks, plaintiffs brought the press release to the court's attention, *see SSA Bonds*, No. 20-1759-CV (2d Cir.), Dkt. No. 273-1.

July 30, 2021

Respectfully submitted,

   /s/ *Richard F. Schwed*

Richard F. Schwed

*Attorney for Bank of America, N.A. and
Merrill Lynch International*

Enclosure

cc:    All Counsel of Record (via ECF)