November 9, 2021

**VIA ECF**
Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *In Re European Government Bonds Antitrust Litigation*, 19-cv-2601 (VM)

Dear Judge Marrero:

Pursuant to Rule II.B.2 of the Court's Individual Rules of Practice, the defendants added to this action in the Fourth Amended Complaint (Dkt. 146) ("FAC") ("New Defendants")[1] submit this letter in response to Plaintiffs' November 1, 2021 pre-motion letter requesting that the Court take judicial notice of the European Commission's Provisional Decision and Summary Decision (Dkt. 217) (the "EC Decision").

The New Defendants do not oppose Plaintiffs' request that the Court take judicial notice of the existence of the EC Decision. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The EC Decision makes clear that the New Defendants were not involved in the EC's investigation or any of the conduct the EC Decision alleges. The EC Decision therefore demonstrates that Plaintiffs' allegations concerning the New Defendants do not satisfy the plausibility requirements of *Twombly* and *Iqbal*. *See* New Defendants' Pre-Motion Letters (Dkts. 206 (at 3-4) and 206-2).

Plaintiffs argue that the EC Decision "buttress[es]" the allegations against the TAC Defendants,[2] which are named in the EC Decision—a contention refuted by the TAC Defendants' letter of today's date, in which the New Defendants join—but Plaintiffs do not, and cannot, say the same of the New Defendants. According to the EC Decision, the EC investigation began in July 2015 (Dkt. 217-2 at 1) and proceeded for nearly six years. Nothing in the EC Decision—which Plaintiffs claim was the result of "an extensive investigation" (FAC ¶ 13)—suggests that the New Defendants were in any way involved in the EC's investigation or in the alleged underlying conduct. Indeed, the EC Decision states that the alleged "collusive contacts [identified in the EC Decision] involved a *limited number of banks only*." EC Decision at ¶ 729 (emphasis added).

Despite Plaintiffs' attempt to allege a single overarching agreement among all Defendants to bid above the market price at EGB auctions (FAC ¶ 7), the EC Decision found no evidence of any

---

[1] Capitalized terms used herein have the same meaning as in Defendants' pre-motion letters to the Court and Plaintiffs' response. (Dkt. 206).

[2] "TAC Defendants" are the Defendants named in both the Third Amended Complaint (Dkt. No. 87) ("TAC") and the FAC.

such pervasive agreement. Instead, it describes episodic communications at various times between 2007 and 2011 among a small number of traders—none of whom worked for any of the New Defendants—in two Bloomberg "persistent chatrooms." *Id*. at 19-24.[3] The EC Decision identifies the banks that used the two chatrooms and quotes from hundreds of chats from those chatrooms. Plaintiffs do not claim that the New Defendants participated in any of those multi-lateral chats or even had access to the chatrooms. To the contrary, the EC Decision states that the two chatrooms were "'invitation only,' meaning that participation is limited to invited members." *Id.* at 19. The few snippets of unremarkable chats involving the New Defendants that are quoted in the FAC are not among the chats cited in the EC Decision and did not even take place in the two identified chatrooms. *See* Dkt. 206 (at 4) and 206-2 (at 2-3).

Recognizing that the EC Decision cannot be reconciled with their claims against the New Defendants, Plaintiffs argue in a footnote that the very document they ask the Court to judicially notice to support their claims against the TAC Defendants is "not determinative" when it comes to the New Defendants. Plaintiffs cannot have it both ways—whether or not the EC Decision supports their claims against the banks named therein (it does not), it plainly confirms the implausibility of any such claims against banks not mentioned in the EC Decision. Case law supports this conclusion. In *Hinds County Mississippi v. Wachovia Bank N.A*., 620 F. Supp. 2d 499, 514 (S.D.N.Y. 2009), for example, this Court found that allegations that an IRS investigation implicated all defendants were "too general to make an antitrust claim plausible" as to defendants not publicly connected to the IRS investigation. Similarly, in *In Re Mexican Government Bonds Antitrust Litigation*, 412 F. Supp. 3d 380 (S.D.N.Y. 2019), the court rejected plaintiffs' argument that a government inquiry helped to plausibly plead an antitrust conspiracy because several defendants are "not mentioned *at all* as subjects of the inquiry." (emphasis in original).

The out-of-circuit decision Plaintiffs cite in a footnote (Dkt. 217 at 2 n.2), *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 442 (6th Cir. 2013), does not support their effort to keep New Defendants in this case. Unlike in *Carrier*, where the Sixth Circuit found that the EC had expressly stated that sales outside of the European Union, which were the subject of the plaintiff's claims, were "outside the scope" of its decision, *id.* at 441, here the EC Decision purports to describe the full extent of the alleged conspiracy relating to European Government Bonds—on which Plaintiffs' claims are based—and found no evidence of any such conduct by the New Defendants. Thus, in contrast to *Carrier*, the New Defendants' absence from the EC Decision in this case should be dispositive.

---

[3] Dkt. 217-1 at 136 ("(The EC Decision alleges: "During the overall duration of the conduct, the banks, via their traders, participated in multilateral chatroom communications, in [two specified chatrooms]. *All of the various types of conduct that constituted the cartel took place in each of the chatrooms*.") (emphasis added); *id.* at 128 ("The traders shared their information (including intentions or queries) within *the closed group of chatroom participants* so that the other participants would be informed and could eventually follow up, and on the expectation that the competitors participating in the chatroom would not use that information against them.").

2

The Court's July 23, 2020 opinion in this case observed that the "starting point" for Plaintiffs' claims was the European Commission's Statement of Objections. Dkt. 115 at 51. For the reasons detailed in the New Defendants' pre-motion letter, coupled with the EC's conclusion that the New Defendants had no role in the alleged misconduct, Plaintiffs' claims against the New Defendants have now reached their ending point. The EC Decision fatally undermines Plaintiffs' conclusory allegations of wrongdoing by the New Defendants. They should be dismissed from this action.

Respectfully,

*/s/ Lev L. Dassin*
Lev L. Dassin
Roger A. Cooper
Andrew Weaver
Shannon A. Daugherty
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
ldassin@cgsh.com
racooper@cgsh.com
aweaver@cgsh.com
sdaugherty@cgsh.com

*Attorneys for Defendants Citigroup Global Markets Inc. and Citigroup Global Markets Limited*


*/s/ Kenneth I. Schacter*
Kenneth I. Schacter
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
Telephone: 212-309-6000
Facsimile: 212-309-6001
kenneth.schacter@morganlewis.com

Jon R. Roellke
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
Telephone: 202-739-3000
Facsimile: 202-739-3001
jon.roellke@morganlewis.com

*Attorneys for Defendants Jefferies International Limited and Jefferies LLC*

*/s/ Robert D. Wick*
Robert D. Wick
Henry Liu
Jeffrey Cao
Covington & Burling LLP
One CityCenter
850 Tenth Street, N.W.
Washington D.C. 20001
Telephone: 202-662-6000
Facsimile: 202-662-6291
rwick@cov.com
hliu@cov.com
jcao@cov.com

Kyle W. Chow
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212-841-1000
kchow@cov.com

*Attorneys for Defendants JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, and J.P. Morgan Securities plc*


*/s/ Barry G. Sher*
Barry G. Sher
Anthony Antonelli
Paul Hastings, LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-318-6000
Facsimile: 212-319-4090
barrysher@paulhastings.com
anthonyantonelli@paulhastings.com

*Attorneys for Defendants RBC Capital Markets, LLC, RBC Europe Limited, and Royal Bank of Canada*


cc:     All Counsel of Record (Via ECF)