Case 1:19-cv-02601-VM   Document 258   Filed 05/02/22   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EUROPEAN GOVERNMENT
BONDS ANTITRUST LITIGATION

Case No. 1:19-CV-2601

# PRELIMINARY APPROVAL ORDER

WHEREAS, plaintiffs Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and defendants JPMorgan Chase Bank, N.A., J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.), and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) together with their affiliates and subsidiaries ("JPMorgan," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against JPMorgan and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with JPMorgan Chase Bank, N.A., J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.), and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as described below.

2. **Notice** – Notice of Settlement is hereby stayed until September 12, 2022. *See* ECF No. 233. Prior to issuing notice, Scott+Scott Attorneys at Law LLP, Lowey Dannenberg P.C., DiCello Levitt Gutzler LLC, and Berman Tabacco (together, "Co-Lead Counsel") shall submit a motion for the Court to approve the form and manner of notice of the Settlement.

3. **CAFA Notice** – No later than ten (10) days following the filing of a motion for the Court to approve the form and manner of notice of the Settlement, JPMorgan, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq.*

4. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and JPMorgan, and the Parties shall revert to their respective positions in the Action as of February 14, 2022, as provided in the Stipulation.

5. **Use of This Order** – Neither this Order, the Stipulation (whether or not consummated), the negotiations leading to the execution of the Stipulation, nor any proceedings

taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (i) offered against JPMorgan or any of the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by JPMorgan or any of the other Released Parties of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of JPMorgan or any of the other Released Parties, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (ii) offered against Plaintiffs or any of the other Settling Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the other Settling Plaintiff Parties that any of their claims are without merit or that JPMorgan or any of the other Released Parties had meritorious defenses, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

6. All proceedings in the Action with respect to JPMorgan and the other Released Parties are stayed until further order of the Court, except as may be necessary to implement the Settlement set forth in the Stipulation or comply with the terms thereof. Pending final determination of whether the Settlement set forth in the Stipulation should be approved, each Plaintiff and each Settlement Class Member, either directly, representatively, or in any other capacity, is enjoined from prosecuting in any forum any Settled Claims[1] or assisting any third party

---

[1] "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever

in commencing or maintaining any suit against any Released Parties related in any way to any Settled Claim.

    7.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED.

_____
Victor Marrero
U.S.D.J.

DATED:    New York, NY
5/2/2022

---

incurred, and liabilities of any nature whatsoever (including joint and several, treble, or punitive damages), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against JPMorgan and any other Released Parties that arise from or relate in any way to the conduct alleged in the Action, or conduct that could have been alleged in the Action based on the factual predicate of the Action, including any amended complaint or pleading therein. Settled Claims shall not include: (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. §6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice and whose request is accepted by the Court.