USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
IN RE EUROPEAN GOVERNMENT BONDS    :    19 Civ. 2601 (VM)
ANTITRUST LITIGATION               :
                                   :    DECISION AND ORDER
                                   :
                                   :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Ohio Carpenters' Pension Fund ("Ohio Carpenters"), San Bernardino County Employees' Retirement Association ("SBCERA"), and Electrical Workers Pension Fund Local 103 I.B.E.W. ("Local 103," and collectively with Ohio Carpenters and SBCERA, "Plaintiffs") bring this putative antitrust class action, on behalf of themselves and all others similarly situated, against defendants Bank of America, N.A. ("BANA"); Merrill Lynch International ("Merrill Lynch"); Natixis S.A. ("Natixis"); NatWest Markets plc ("NatWest Markets"); NatWest Markets Securities Inc. ("NMSI"); Nomura Securities International Inc. ("NSI"); Nomura Securities International plc ("Nomura International"); UBS AG; UBS Europe SE ("UBS Europe"); and UBS Securities LLC ("UBS Securities"); UniCredit Bank AG ("UCB"); UniCredit Capital Markets LLC ("UCM"); Citigroup Global Markets Limited ("CGML"); Citigroup Global Markets Inc. ("CGMI"); JP Morgan Chase Bank, N.A. ("JP Morgan Bank"); J.P. Morgan Securities plc ("JP Morgan plc"); J.P. Morgan Securities LLC ("JP Morgan

1

LLC"); RBC Europe Limited ("RBCE"); Royal Bank of Canada; RBC Capital Markets ("RBC Capital Markets"); Jefferies International Limited ("JIL"); and Jefferies LLC (collectively with all foregoing defendants, the "Moving Defendants"); and State Street Corporation and State Street Bank and Trust Company (together, "State Street," and collectively with all foregoing defendants, "Defendants").

Plaintiffs purport to represent a class of all persons or entities who purchased or sold European Government Bonds ("EGBs") in the United States directly from Defendants between January 1, 2007 and December 31, 2012 (the "Class Period"), with the exception of Defendants, their employees and affiliates, and the United States government. In their Fourth Amended Consolidated Class Action Complaint (the "FAC"), Plaintiffs claim that Defendants conspired to fix EGB prices during the Class Period, in violation of the Sherman Act, 15 U.S.C. Section 1. (See FAC, Dkt. No. 146.)

On April 16, 2021, all Defendants besides State Street divided into three different groups and informed Plaintiffs, via letter, of their intent to move to dismiss the FAC. (See "TAC Defendants Letter Motion," Dkt. No. 206-1; "New Defendants Letter Motion," Dkt. No. 206-2; "Foreign Defendants Letter Motion," Dkt. No. 206-3, collectively "Letter Motions.") Defendants argued that the FAC (1) was

2

time-barred, (2) inadequately alleged the existence of an agreement to manipulate the EGB market, (3) failed to tie each defendant to the alleged conspiracy, and (4) failed to adequately and plausibly plead an antitrust conspiracy under prevailing law. Defendants also argued that Plaintiffs lack antitrust standing, and certain Defendants argued that the FAC does not establish personal jurisdiction over any foreign-based Defendant. By three letters dated May 17, 2021, Plaintiffs responded to the Letter Motions, refuting all grounds for dismissal. (See "Opposition to TAC Defendants," Dkt. No. 206-4; "Opposition to New Defendants," Dkt. No. 206-5; "Opposition to Foreign Defendants," Dkt. No. 206-6, collectively "Opposition Letters.")

On March 14, 2022, the Court issued a decision and order construing the Letter Motions as motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). The Court granted the motions to dismiss of defendants Merrill Lynch, BANA, NatWest Markets, NMSI, UBS AG, UBS Europe, UBS Securities, UCM, JP Morgan plc, JP Morgan Bank, JP Morgan LLC, RBCE, RBC Capital Markets, and Royal Bank of Canada, but denied the motions of defendants Natixis, Nomura International, NSI, UCB, CGML, CGMI, JIL, and Jefferies LLC. See In re European Gov. Bonds Antitrust Litig., No. 19 Civ. 2601, 2022 WL 768680 (S.D.N.Y. Mar. 14, 2022) ("MTD Order").

Now pending before the Court are motions for reconsideration of the MTD Order, and accompanying memorandums of law, filed by (1) CGML, CGMI, JIL, and Jefferies (collectively, "Citigroup and Jefferies") (see "Citigroup and Jefferies Motion," Dkt. No. 239); (2) UCB (see "UCB Motion," Dkt. No. 241); and (3) Natixis (with all foregoing, "Moving Defendants"). (See "Natixis Motion," Dkt. No. 243).[1] Plaintiffs filed a memorandum of law, opposing the motion on April 15, 2022, (see "Plaintiffs' Memorandum of Law" or "Opposition", Dkt. No. 248), and Moving Defendants filed reply memorandums of law in further support of the Reconsideration Motions on April 28, 2022. (See Dkt. Nos. 250, 251, 253). For the reasons set forth below, the Reconsideration Motions are DENIED.

## I.  LEGAL STANDARD

The Court notes that many parties to this action should be familiar with the legal standards for a motion for reconsideration, as defendant Natixis (joined by non-movants Nomura International and NMSI) previously moved for reconsideration of the Court's decision to deny its motion to dismiss the Third Amended Complaint. The Court denied that motion for reconsideration on December 11, 2020. See In re

---

[1] For brevity, the Court will refer to the Citigroup and Jefferies Motion, the UCB Motion, and the Natixis Motion collectively as the "Reconsideration Motions."

4

Eur. Gov't Bonds Antitrust Litig., No. 19 Civ. 2601, 2020 WL 7321056 (S.D.N.Y. Dec. 11, 2020) ("First Reconsideration Order").

Motions for reconsideration are governed by Local Rule 6.3, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" SEC v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). When assessing a motion for reconsideration, a district court must "narrowly construe and strictly apply" Local Rule 6.3 to "avoid duplicative rulings on previously considered issues" and to prevent the rule from being used to advance theories not previously argued or as "a substitute for appealing a final judgment." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, the Second Circuit has held that the threshold for granting a motion to reconsider is "high," and such motions are generally denied "unless the

moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotations omitted); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (noting that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)).

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the

district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citations omitted).

## II. DISCUSSION

The Court finds that the Reconsideration Motions do not meet this exacting standard. Moving Defendants do not move for reconsideration due to a change in controlling law or the availability of any new evidence; their Motion focuses only on "the need to correct a clear error," namely that the Court allegedly overlooked certain facts. Virgin Atl. Airways, Ltd., 956 F.2d at 1255 (explaining the three possible bases on which a court can grant a motion for reconsideration).

Moving Defendants make several unavailing arguments regarding the Court's alleged failure to consider certain factual allegations or pieces of information. All three Motions focus entirely on disagreement with the way the Court evaluated certain allegations in the FAC. In making these arguments, Moving Defendants are doing precisely what they did last time parties to this case moved for reconsideration of a motion to dismiss order: "asking the Court to revisit its interpretation of the facts alleged in the [Complaint and] . . . not only propose a standard that is inappropriately skeptical on a motion to dismiss, but pursue reconsideration on a legally invalid basis." First Reconsideration Order, 2020 WL 7321056, at *3. As the Court noted then, this is an

improper basis to seek reconsideration. The standard for reconsideration has not changed since the First Reconsideration Order.

Moreover, Moving Defendants ask the Court to compare the allegations in the FAC with findings from the European Commission's May 20, 2021 Decision (the "EC Decision") and weigh issues of fact. As the Court noted in the MTD Order, a court deciding a motion to dismiss may take judicial notice of certain documents, but under Second Circuit law, a district court is prohibited from taking notice of the documents for the truth of the matters asserted therein. See MTD Order, 2022 WL 768680, at *2 (citing Staehr v. Hartford Fin. Servs. Grp., 547 F.3d 406, 425 (2d Cir. 2008) and Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)). The Court may take notice only of the existence of the EC Decision and the existence of the facts contained within the document. Id. The Court cannot compare Figure 12 –- the exhibit to the FAC that Moving Defendants claim the Court misinterpreted -- or any facts alleged in the FAC to the EC Decision.

Moving Defendants' Motions for Reconsideration all share a common thread of attempting to take a second bite at the motion to dismiss apple while asking the Court to make decisions that are more appropriately suited for summary judgment. On a motion to dismiss, a district court's duty is

8

to determine whether the allegations in the complaint adequately state a claim for the legal injury alleged. With that in mind, the Court briefly addresses each of the three Motions.

A.  Citigroup and Jefferies

Citigroup and Jefferies argue that the Court erred by (1) overlooking Citigroup and Jefferies' omission from the EC Decision; (2) failing to properly analyze the substance of the FAC's chat transcripts involving either entity; (3) improperly analyzing Figure 12 of the FAC, including by failing to account for how it compares to the European Commission's findings; and (4) that "the Court erred in inferring that Jefferies was a primary dealer of Italian government bonds." (Citibank and Jefferies Motion at 5.) The Court finds none of these arguments to meet the high bar for a grant of reconsideration.

As for the first argument, Citigroup and Jefferies state that the Court failed to credit their absence from the EC Decision as reason to find Plaintiffs failed to allege a plausible conspiracy involving them. However, though the Court did not explicitly say as much, the absence of both parties from the EC Decision did weigh into its consideration. As seen in the Court's discussion of other defendants, the Court noted where a party was included in the EC Decision and

9

counted it as a plus factor supporting an inference of conspiracy. See, e.g., MTD Decision, 2022 WL 768680, at *22 ("Most notably, Natixis is named in the EC Decision as a party to the EGB cartel, and the FAC alleges Natixis was one party subjected to the European Commission investigation."). In order to adequately allege a defendant played a role in an alleged conspiracy, a plaintiff must show conscious parallelism, circumstantial evidence, and "plus factors." Mayor & Council of Balt. v. Citigroup, 709 F.3d 129, 136 (2d Cir. 2013). The Court focused its discussion on whether Plaintiffs satisfied these requirements and what allegations were *present*. Given the volume of information and the number of parties involved in this suit, it would have been imprudent and inefficient for the Court to specifically articulate every plus factor that was *absent* for each defendant. As evidenced in the legal standard set forth by the Second Circuit, the law does not require courts to explicitly weigh the absence of certain factors when deciding whether it can infer a plausible antitrust conspiracy from the face of a complaint, see id., so this Court sees no basis for reconsideration here.

Next, Citigroup and Jefferies point to the Court's decision to dismiss the Royal Bank of Canada ("RBC") Defendants and NatWest Markets as evidence that the Court

10

erred in its consideration of their motions to dismiss. But the Court clearly explained that its reasoning for dismissing RBC and NatWest Markets was that Plaintiffs failed to plausibly allege *any* conscious parallelism as to those defendants. Thus, the fact that chatroom transcripts showed high levels of interfirm communication was irrelevant because plus factors only matter if there is parallel behavior. See MTD Order, 2022 WL 768680, at *22–23 (quoting Mayor & Council of Balt. v. Citigroup, 709 F.3d 129, 136 (2d Cir. 2013)).

Citigroup and Jefferies' dispute about the substance of the chat transcripts, as well as their contentions that the Court improperly analyzed Figure 12 and failed to consider that Jefferies was not a primary dealer in Italian EGBs,[2] amount to disagreements with the way in which the Court interpreted the allegations in the Complaint. "[D]isagreement with the Court's analysis of [one's] arguments is not a basis for reconsideration." Shim-Larkin v. City of New York, No. 16 Civ. 6099, 2022 WL 1239859, at *1 (S.D.N.Y. Apr. 27, 2022).

The Court independently considered the arguments for dismissal made by each group of defendants, and it

---

[2] The Court also reiterates its holding from the First Reconsideration Order -- and first motion to dismiss decision -- that not being a primary dealer in the Italian EGB market "is not necessarily preclusive of a conspiracy." First Reconsideration Order, 2020 WL 7321056, at *3 (quoting In re Euro. Gov't Antitrust Litig., No. 19 Civ. 2601, 2020 WL 4273811, at *19 (S.D.N.Y. July 23, 2020)).

11

painstakingly assessed the allegations that pertained to each individual defendant, drawing all reasonable inferences in favor of the plaintiff, as it was bound to do. See, e.g., Litwin v. Blackstone Grp., L.P., 634 F.3d 706, 715 (2d Cir. 2011) (discussing the motion to dismiss standard). Citigroup and Jefferies disagree with the Court's inferences and conclusions as to themselves and several of their co-defendants, but as the Second Circuit, and this Court, has repeatedly reminded Defendants, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Koger v. Richardson, 858 F. App'x 425, 427 (2d Cir. 2021) (quoting, 70 F.3d at 257).

B.   UCB

UCB moved for reconsideration because it believed the Court overlooked that its alleged parallel conduct was not suggestive of a conspiracy and that the plus factors identified by the Court failed to support Plaintiff's claim. This motion fails for the same reasons discussed above. UCB phrases its motion to suggest that the Court overlooked and failed to consider key evidence, but its substantive arguments reveal that UCB's challenge is actually based on its disagreement with the Court's conclusions and amounts to relitigation of its motion to dismiss. For example, UCB cannot

12

claim the Court overlooked Figure 12 when Figure 12 is discussed at length in the MTD Order.

UCB contends the plus factors identified by the Court did not support Plaintiffs' alleged conspiracy because they were at odds with facts in the EC Decision. As discussed above, the Court is bound to accept all facts alleged in the Complaint as true at this stage. While it took judicial notice of the EC Decision's existence and that the EC Decision announced several entities participated in a conspiracy, that notice does not mean that the Court can consider all facts in the EC Decision as true and strike any conflicting allegations from the FAC. Asking the Court to do so would be an improper argument on a motion to dismiss, and it has no greater success on a motion for reconsideration.

C.  Natixis

Natixis's Motion is similarly premised and similarly faulty. Natixis claims reconsideration is warranted and their motion to dismiss should be granted because the Court failed to consider certain facts about Figure 12, that Natixis was not a primary dealer of Italian EGBs, and that Natixis's inclusion in the EC Decision is not enough to adequately allege an antitrust claim. But, as already discussed, the Court did assess Figure 12 at length and Natixis's discontent with its conclusions does not provide grounds for

reconsideration. Similarly, the Court specifically refuted Natixis's argument about not being an Italian primary market dealer in its decision on Natixis's prior motion for reconsideration. See First Reconsideration Order, 2020 WL 7321056, at *3 (quoting In re Euro. Gov't Antitrust Litig., No. 19 Civ. 2601, 2020 WL 4273811, at *19 (S.D.N.Y. July 23, 2020)). And third, Natixis's inclusion in the EC Decision was not the only factor considered in the Court's decision that it could infer a plausible antitrust conspiracy involving Natixis. Natixis does not point to any change in controlling law or newly uncovered evidence that would require the Court to reconsider its prior decision. The Court finds the standard for reconsideration has not been met by any of the three Motions, and all three shall be denied.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendants Citigroup Global Markets Inc., Citigroup Global Markets Limited, Jefferies International Limited, and Jefferies LLC for reconsideration (Dkt. No. 238) is DENIED; and it is further

**ORDERED** that the motion of defendant Unicredit Bank AG for reconsideration (Dkt. No. 240) is DENIED; and it is further

**ORDERED** that the motion of defendant Natixis S.A. for reconsideration (Dkt. No. 242) is DENIED.

The parties are hereby directed to submit a joint letter, within thirty (30) days of the date of this Order, addressing the following in separate paragraphs: (1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (2) any contemplated motions; (3) the prospect for settlement; and (4) whether the parties consent to proceed for all purposes before the Magistrate Judge designated for this action. The parties are also directed to submit a completed proposed Case Management Plan that provides that discovery is to be completed within four months unless otherwise permitted by the Court. A model Case Management Plan is available on the Court's website: https://nysd.uscourts.gov/hon-victor-marrero.

**SO ORDERED.**

Dated:   New York, New York
         16 June 2022.

_____
Victor Marrero
U.S.D.J.