July 18, 2022

**VIA ECF**

Honorable Victor Marrero
U.S. District Court
Southern District of New York
500 Pearl Street, Suite 1610
New York, NY 10007

    Re:    *In re European Gov't Bonds Antitrust Litig.*, No. 19-cv-02601-VM

Dear Judge Marrero:

    Co-Lead Counsel for Plaintiffs[1] and counsel for Defendants[2] submit this joint letter and the accompanying proposed Case Management Plan to address the topics identified in Your Honor's Order dated June 16, 2022. ECF No. 270, at 15.

**Description of the Case**

    **Plaintiffs' Position:** Plaintiffs allege that from at least as early as January 1, 2007 and continuing through at least December 31, 2012 (the "Class Period"), Defendants, among other banks, conspired to fix the prices of "European Government Bonds," financial instruments created by euro-denominated sovereign debt issued by Eurozone governments, including Austria, Belgium, Cyprus, Estonia, Finland, France, Germany, Greece, Ireland, Italy, Luxembourg, Malta, the Netherlands, Portugal, Slovakia, Slovenia, and Spain. Specifically, Plaintiffs allege that Defendants, who are horizontal competitors and the dominant dealers for European Government Bonds, entered into a conspiracy to manipulate both the primary market (*i.e.*, the market to acquire European Government Bonds from government issuers) and the secondary market (*i.e.*, the market where these bonds are re-sold to investors, including Plaintiffs) for European Government Bonds.

    Through this conspiracy, Defendants and their co-conspirators gained control over the supply of newly issued European Government Bonds by systematically overbidding in primary auctions, which in turn enabled Defendants and their co-conspirators to increase profits in the secondary market by charging investors artificially higher prices at wider bid-ask spreads. Defendants and their co-conspirators carried out the conspiracy through electronic communications, including instant messaging chatrooms between traders. In these communications, Defendants' traders coordinated and otherwise shared trading strategies, bid-ask

---

[1]    "Plaintiffs" are Ohio Carpenters' Pension Fund ("Ohio Carpenters"); Electrical Workers Pension Fund Local 103 I.B.E.W. ("IBEW Local 103"); and San Bernardino County Employees' Retirement Association ("SBCERA").

[2]    "Defendants" are Natixis S.A. ("Natixis"); Nomura Securities International plc ("Nomura International"); Nomura Securities International Inc. ("NSI"); UniCredit Bank AG ("UCB"); Citigroup Global Markets Limited ("CGML"); Citigroup Global Markets Inc. ("CGMI"); Jefferies International Limited ("JIL"); and Jefferies LLC.

spread quotes, customer identities, and confidential information about the size and nature of their customers' orders. In a competitive market, banks would closely guard this information because they compete with one another, usually by reducing the price of European Government Bonds and narrowing bid-ask spreads (and thus the profitability) quoted to investors. Defendants' conspiracy, however, allowed them to widen their bid-ask prices without losing business to competitors or drawing attention from European central governments.

Plaintiffs purchased European Government Bonds sold by each Defendant in the United States, either directly or through Defendants' domestic trading arms. As a result, Plaintiffs have been injured because they transacted at artificial prices caused by the conspiracy, either at artificially increased prices paid for European Government Bonds or artificially decreased prices at which investors sold the bonds. Plaintiffs allege that Defendants' conduct constitutes a *per se* violation of §1 of the Sherman Antitrust Act, 15 U.S.C. §§1, *et seq*. Additionally, Plaintiffs assert class claims on behalf of "[a]ll persons or entities who purchased or sold European Government Bonds in the United States directly from Defendants" during the Class Period.

Plaintiffs initiated these proceedings in early 2019, shortly after they learned of the existence of the conspiracy in an announcement by the European Commission on January 31, 2019, revealing its investigation into the subject matter of the conspiracy, and after Co-Lead Counsel conducted their own extensive market research, including their engagement of consultants to assist in the investigation. In October 2021 (after Plaintiffs filed the FAC[3]), the European Commission released the findings of its investigation in a redacted version of its Provisional Non-Confidential Decision ("Decision") and the Summary of the Decision. The European Commission Decision concluded that the conspiracy violated European competition laws and identified voluminous previously unobtainable evidence of the conspiracy, including direct communications between certain Defendants and other co-conspirator banks in private chatrooms. Additionally, during the pendency of this action, Plaintiffs and certain defendants – State Street Corporation and State Street Bank and Trust Company (together, "State Street") and JPMorgan Chase Bank, N.A., J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.), and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) (collectively, "JPMorgan") – entered into settlement agreements preliminarily approved by the Court in this matter. As part of these settlement agreements, State Street and JPMorgan agreed to cooperate with Plaintiffs, and, as a result, Plaintiffs have obtained additional direct and circumstantial evidence demonstrating the unlawful acts of Defendants and other co-conspirator banks not reflected in the FAC. Plaintiffs expect to uncover additional factual bases for their claims during discovery.

**Defendants' Position:** Defendants deny participating in any agreements to manipulate prices of any Eurozone government bonds—much less engaging in a six-year long overarching conspiracy (as Plaintiffs allege) in primary and secondary markets for every bond issued by 13 different governments, or "gaining control" of the EGB primary and secondary markets. Defendants subject to the European Commission proceedings continue to contest the European Commission Decision that supposedly supplies the foundation of Plaintiffs' claim. Other

---

[3] "FAC" refers to the Fourth Amended Consolidated Class Action Complaint (ECF No. 146).

Honorable Victor Marrero
July 18, 2022
Page 3

Defendants were never even the subject of the European Commission's investigation. In any event, the European Commission Decision is at odds with the fundamentals of Plaintiffs' claim: The Decision makes no mention at all of several Defendants, against which there was no resolution or finding of any improper conduct whatsoever and also affirmatively finds that other Defendants had no involvement in any improper conduct during large portions of Plaintiffs' putative Class Period. In addition, the European Commission Decision contains no evidence that *any* Defendant conspired with *any* other Defendant to manipulate any trade in the secondary market (let alone agree to the sprawling, multi-continent conspiracy alleged by Plaintiffs). The Decision allegedly finds, at most, occasional information sharing on discrete instances, and concerns time spans starkly different from those alleged by Plaintiffs. Discovery will demonstrate that Plaintiffs' claim rests on unwarranted conjecture and lacks merit.

Further, Plaintiffs have also brought their claim on behalf of a putative class that cannot meet the requirements of Rule 23—most obviously, because all putative class members will not be able to prove their claims through common evidence. While Plaintiffs indiscriminately seek recovery for each European Government Bond, those bonds were issued by 13 separate sovereign governments transactions in 13 different economic circumstances—as varied as those of Germany and Greece—during a period of unprecedented economic turbulence. These governments also issued bonds using different panels of primary dealers. On some of those panels, Defendants were a small minority; on others, Defendants did not participate at all. Plaintiffs describe Defendants as "the dominant dealers for European Government Bonds," but Defendants represent a small fraction of all the approved primary dealers for European Government Bonds, and were simply incapable of carrying out the sprawling conspiracy alleged by Plaintiffs. Nor can Plaintiffs establish that the isolated episodes of supposed information sharing among Defendants on which they premise their claims caused injury to all European Government Bond transactions over a six-year period—much less do so through common evidence.

**Contemplated Motions**

**Plaintiffs' Position:** Plaintiffs anticipate bringing the following motions:

- Motions for final approval of Plaintiffs' settlements with State Street and JPMorgan (including motions for approval of plan of allocation and notice, fees, and expenses);
- Motion to amend the complaint (see statement immediately below);
- Discovery-related motions, as may be necessary;
- Motion for class certification;
- Motions *in limine*, including *Daubert* motions; and
- Motion for summary judgment.

Plaintiffs are considering bringing a motion to amend the complaint to rename certain dismissed defendants and to potentially add new defendants based on facts disclosed in the European Commission Decision and cooperation recently received from JPMorgan, none of which was available at the time of the filing of the FAC. Plaintiffs also anticipate receiving information

Honorable Victor Marrero
July 18, 2022
Page 4

during discovery that could potentially implicate dismissed or new defendants in the conspiracy alleged. Therefore, for efficiency, Plaintiffs propose that any such motion be due no later than October 17, 2022 (within 30 days of receiving Defendants' government/regulatory investigation productions on September 16, 2022). The filing of an amended complaint will not delay the discovery schedule for the current Defendants.

    **Defendants' Position:**  Defendants anticipate bringing the following motions:

- Motions pursuant to Rule 12 of the Federal Rules of Civil Procedure;
- Discovery-related motions, as may be necessary;
- Motions *in Limine*, including *Daubert* Motions; and
- Motions for Summary Judgment.

### Prospect of Settlement

    **Plaintiffs' Position:**  Plaintiffs settled with State Street and JPMorgan, and the Court preliminarily approved both settlements. Plaintiffs are willing to discuss settlements with Defendants, individually or collectively, at any time.

    **Defendants' Position:**  Defendants believe settlement discussions are premature at this time.

### Consent to Proceed before Magistrate

All parties do not consent to conduct all further proceedings before a United States Magistrate Judge, including motions and trial.

### Proposed Case Management Plan and Scheduling Order

    **Joint Position:**  Along with this joint letter and pursuant to the Court's June 16 Order (ECF No. 270), the parties also submit a proposed case management plan and scheduling order providing that fact discovery be completed in approximately one year, by **September 4, 2023**. The parties agree that this case "presents unique complexities or other exceptional circumstances" warranting an extension of the Court's default rule that discovery is to be completed within four months. This is a multi-party, complex antitrust class action case. The parties will need to extract and produce large data sets for class certification and merits discovery and also take documentary and testamentary discovery from multiple plaintiffs and numerous defendants, including from entities and persons located abroad and potentially subject to foreign data privacy and bank secrecy laws.

We are available to discuss any questions the Court may have.

Respectfully submitted,

| **DICELLO LEVITT GUTZLER LLC** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **LOWEY DANNENBERG, P.C.** |
|---|---|---|
| By: *s/ Gregory S. Asciolla*<br>GREGORY S. ASCIOLLA<br>60 E. 42nd Street, Suite 2400<br>New York, New York 10165<br>Tel: (646) 933-1000<br>gasciolla@dicellolevitt.com | By: *s/ Christopher M. Burke*<br>CHRISTOPHER M. BURKE<br>600 W. Broadway, Suite 3300<br>San Diego, California 92101<br>Tel: (619) 798-5300<br>cburke@scott-scott.com | By: *s/ Vincent Briganti*<br>VINCENT BRIGANTI<br>44 S. Broadway<br>White Plains, New York 10601<br>Tel: (914) 997-0500<br>vbriganti@lowey.com |

**BERMAN TABACCO**

By: s/ Todd A. Seaver
TODD A. SEAVER
44 Montgomery Street, Suite 650
San Francisco, California 94104
Tel.: (415) 433-3200
tseaver@bermantabacco.com

*Interim Co-Lead Counsel*

**CRAVATH, SWAINE & MOORE LLP**

 s/ *John Buretta*
John Buretta
Helam Gebremariam
825 Eighth Avenue
New York, New York 10019
Telephone: 212-474-1000
Facsimile: 212-474-3700
jburetta@cravath.com
hgebremariam@cravath.com

*Attorneys for Defendant Nomura International plc*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES**

s/ *Boris Bershteyn*
Boris Bershteyn
Susan Saltzstein
Sam Auld
One Manhattan West
New York, New York 10001
Telephone: 212-735-3000
Facsimile: 212-735-2000
boris.bershteyn@skadden.com
susan.saltzstein@skadden.com
sam.auld@skadden.com

*Attorneys for Defendants UniCredit Bank AG*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

s/ *Aidan Synnott*
Aidan Synnott
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212-373-3000
Facsimile: 212-757-3990
asynnott@paulweiss.com

*Attorneys for Defendant Nomura Securities International Inc.*

**MILBANK LLP**

s/ *Fiona A. Schaeffer*
Fiona A. Schaeffer
James G. Cavoli
55 Hudson Yards
New York, New York 10001
Telephone: 212-530-5651
Facsimile: 212-822-5651
fschaeffer@milbank.com
jcavoli@milbank.com

Mark D. Villaverde
2029 Century Park East, 33rd Floor
Los Angeles, California 90067-3019
Telephone: 424-386-4000
Facsimile: 213-892-4743
mvillaverde@milbank.com

*Attorneys for Defendant Natixis S.A.*

Honorable Victor Marrero
July 18, 2022
Page 7

| | |
|---|---|
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| s/ *Lev L. Dassin*  <br>Lev L. Dassin<br>Roger A. Cooper<br>Andrew Weaver<br>Shannon A. Daugherty<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  212-225-2000<br>Facsimile:  212-225-3999<br>ldassin@cgsh.com<br>racooper@cgsh.com<br>aweaver@cgsh.com<br>sdaugherty@cgsh.com<br><br>*Attorneys for Citigroup Global Markets Inc. and Citigroup Global Markets Limited* | s/ *Kenneth I. Schacter*  <br>Kenneth I. Schacter<br>101 Park Avenue<br>New York, New York 10178<br>Telephone:  212-309-6000<br>Facsimile:  212-309-6001<br>kenneth.schacter@morganlewis.com<br><br>Jon R. Roellke<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2541<br>Telephone:  202-739-3000<br>Facsimile:  202-739-3001<br>jon.roellke@morganlewis.com<br><br>*Attorneys for Jefferies International Limited and Jefferies LLC* |