USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | Lead Case No. 1:19-cv-2601 (VM)<br><br>Hon. Victor Marrero |

**ORDER GRANTING NATIXIS S.A.'S UNCONTESTED MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER, AND DIRECTION OF <u>SUBMISSION OF HAGUE CONVENTION APPLICATION</u>**

The Court, having reviewed the papers submitted in support of Defendant Natixis S.A.'s ("<u>Natixis</u>") Uncontested Motion for Issuance of Letter of Request for International Judicial Assistance, Appointment of Commissioner, and Direction of Submission of Hague Convention Application (the "<u>Motion</u>"), and finding it proper to issue a Letter of Request for International Judicial Assistance to authorize a commissioner in France (the "<u>Request for Assistance</u>") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No.7444, 23 U.S.T. 2555 (the "<u>Hague Convention</u>").

HEREBY ORDERS THAT:

(1) The Motion is GRANTED.

(2) The form of Request for Assistance attached to the Declaration of Courtney B. Irons as Exhibit B is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3) Pursuant to Article 17 of the Hague Convention, Alexander Blumrosen (the "<u>Commissioner</u>"), whose address is 4, avenue Hoche, 75008 Paris, France, is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

  (a)  receive from Natixis its French-originated underlying documents (e.g., chats) previously produced to the European Commission responsive to Plaintiffs' initial requests for production of documents, which are called for by Paragraph 6(d)(ii) of the Case Management Plan and Scheduling Order entered by this Court on July 19, 2022 (ECF No. 275) (the "Documents");

  (b)  transmit the Documents to counsel for Plaintiffs and Natixis pursuant to Article 17 of the Hague Convention and in performance of his appointment as Commissioner and duties thereunder; and

  (c)  upon completion, inform the French Ministère de la Justice.

(4) Following receipt of the Documents by counsel for Natixis, counsel for Natixis will transmit the Documents to counsel for the other Defendants in this action.

(5) This signed Order and the signed Request for Assistance will be given to Milbank LLP, counsel for Natixis, which will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(6) Natixis will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner.

(7) Any unresolved disputes between Natixis and Plaintiffs regarding the production of the Documents received by the Commissioner shall be determined exclusively by this Court. Further, any unresolved disputes between Natixis and Plaintiffs

concerning any Documents withheld from the Commissioner on the basis of an assertion of privilege shall be determined exclusively by this Court. The Commissioner will adhere to any such order issued by this Court relating to document discovery in the above-captioned action.

(8)    All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by Natixis. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process.

(9)    Neither this Order, the transmission of the Documents by Natixis to the Commissioner pursuant to the Hague Convention, any examination of the Documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned action, including the right of Plaintiffs to move the Court to compel Natixis's responses to any of Plaintiffs' discovery requests to Natixis, any defense to personal jurisdiction that Natixis has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the laws of the European Union, France, the United States, or the State of New York. Any materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5), Local Rule 26.2 of the Local Rules of the United States District

Court for the Southern and Eastern Districts of New York, or any subsequent applicable order of the Court.

(10) The parties have agreed that Natixis will, where applicable and not unduly burdensome, pseudonymize confidential client information that is subject to Article L. 511-33 of the French Monetary and Financial Code ("Article L. 511-33") or personal data subject to the General Data Protection Regulation 2016/679 ("GDPR") and French Law No. 78-17 of January 6, 1978 on Information Technology, Data Files and Civil Liberties, as amended by Law No. 2018-493 of June 20, 2018 ("Law No. 78-17") (or provide an agreed-upon alternative means of linking transactions to individual counterparties without revealing confidential client information) and transmit a corresponding log to the Commissioner to be forwarded to Plaintiffs' counsel.  If, after (i) Natixis determines in good faith that such pseudonymization is unduly burdensome or does not allow compliance with Article L. 511-33 or the GDPR and Law No. 78-17 and (ii) Natixis and Plaintiffs promptly meet and confer and agree upon alternative measures, Natixis will, where applicable, anonymize or redact confidential client information that is subject to Article L. 511-33 or personal data subject to the GDPR and Law No. 78-17.  The parties reserve all rights to require productions to conform with the requirements under the Federal Rules of Civil Procedure.

Dated: September 12, 2022
     New York, New York

SO ORDERED

_____
Victor Marrero
U.S.D.J.

4

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | Lead Case No. 1:19-cv-2601 (VM)<br><br>Hon. Victor Marrero |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN THE AUTHORIZATION OF A COMMISSIONER PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

A request is hereby made by the United States District Court for the Southern District of New York, at 500 Pearl Street, New York, New York 10007, UNITED STATES OF AMERICA, to the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, FRANCE, for assistance in obtaining document discovery from Natixis S.A. ("Natixis"), a defendant in the above-captioned action. This request is made pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

| | | |
|---|---|---|
| 1. | Sender | The Honorable Victor Marrero<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007<br>UNITED STATES OF AMERICA |
| 2. | Central Authority of the Requested State | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commerciale (D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>FRANCE |

| | | |
|---|---|---|
| 3. | Person to whom the executed request is to be returned | Fiona A. Schaeffer<br>55 Hudson Yards<br>New York, New York 10001<br>UNITED STATES OF AMERICA |
| | | Natixis also designates the appointed Commissioner, Alexander Blumrosen, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the Hague Convention proceedings on Natixis' behalf. The Commissioner shall transmit such authorization and notifications to counsel for Plaintiffs and Natixis simultaneously. |

In conformity with Chapter II, Article 17 of the Hague Convention, the United States District Court for the Southern District of New York presents its compliments to the Ministère de la Justice and has the honor to submit the following request:

| | | |
|---|---|---|
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Request for International Judicial Assistance ("Request for Assistance") | The requesting authority would greatly appreciate a response to the Request for Assistance within 21 days or as soon thereafter as is practicable. |
| 5. | Requesting judicial authority | United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007<br>UNITED STATES OF AMERICA |
| 6. | To the competent authority of | The Republic of France |
| 7. | Name of the case and any identifying number | *In re European Government Bonds Antitrust Litigation*, 1:19-cv-2601 (VM) |
| 8. | Names of Plaintiffs | Ohio Carpenters' Pension Fund; San Bernardino County Employees' Retirement Association; Electrical Workers Pension Fund Local 103, I.B.E.W. (collectively, "Plaintiffs") |
| | Names and addresses of Plaintiffs' representatives | Christopher M. Burke<br>Daniel Brockwell<br>**Scott+Scott Attorneys at Law LLP** |

2

600 W. Broadway, Suite 3300
San Diego, CA 92101
UNITED STATES OF AMERICA

Kristen M. Anderson
Donald A. Broggi
Joseph P. Guglielmo
Michelle E. Conston
Patrick J. Rodriguez
**Scott+Scott Attorneys at Law LLP**
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
UNITED STATES OF AMERICA

David R. Scott
**Scott+Scott Attorneys at Law LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
UNITED STATES OF AMERICA

Gregory S. Asciolla
Matthew Perez
Veronica Bosco
**DiCello Levitt Gutzler LLC**
485 Lexington Avenue, 10th Floor
New York, NY 10017
UNITED STATES OF AMERICA

Vincent Briganti
Geoffrey M. Horn
Christian Levis
Roland R. St. Louis, III
**Lowey Dannenberg, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
UNITED STATES OF AMERICA

Charles Kopel
**Lowey Dannenberg, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
UNITED STATES OF AMERICA

3

|   |   |   |
|---|---|---|
|   |   | Joseph J. Tabacco, Jr.<br>Todd A. Seaver<br>Carl N. Hammarskjold<br>**Berman Tabacco**<br>425 California Street, Suite 2300<br>San Francisco, CA 94104<br>UNITED STATES OF AMERICA<br>*Interim Co-Lead Counsel for Plaintiffs* |
| 9. | Name of relevant Defendant | Natixis S.A.<br><br>Registered Office:<br>  30 avenue Pierre Mendès-France<br>  75013 Paris<br>  FRANCE<br><br>R.C.S. PARIS (Registration Number – Paris Commercial Registry): 542 044 524 |
|   | Name and address of relevant Defendant's representatives | Fiona A. Schaeffer<br>James G. Cavoli<br>Matthew J. Grier<br>Courtney B. Irons<br>**Milbank LLP**<br>55 Hudson Yards<br>New York, NY 10001<br><br>Mark D. Villaverde<br>**Milbank LLP**<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067-3019 |
| 10. | Nature and purpose of the proceedings and summary of the facts | Plaintiff Ohio Carpenters' Pension Fund commenced this action on March 22, 2019. ECF No. 1. The current operative compliant—the Fourth Amended Complaint ("FAC")—was filed by Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association (collectively, "Plaintiffs") on February 9, 2021. ECF No. 146. Naming Natixis and other entities as defendants, the FAC alleges that certain primary dealers in government bonds issued by Eurozone member states ("European Government Bonds" or "EGBs") engaged in a conspiracy to fix the prices of certain EGBs |

4

between January 1, 2007 and December 31, 2012 in both the primary and secondary markets for such bonds. *Id*.

Plaintiffs' antitrust claim against certain defendants have been dismissed, but its claim has not been dismissed against Natixis, Nomura Securities International plc, Nomura Securities International Inc., UniCredit Bank AG, Citigroup Global Markets Limited, Citigroup Global Markets Inc., Jefferies International Limited, and Jefferies LLC (collectively, "Defendants," and with Plaintiffs, the "Parties"). ECF No. 236.

Certain Defendants, including Natixis, have been subject to an investigation by the European Commission (the "EC") relating to EGBs that Plaintiffs maintain is relevant to this action, and which resulted a non-confidential decision released by the EC on May 20, 2021 Decision (the "EC Decision"). Natixis produced certain documents (e.g., chats) to the EC as part of Natixis's cooperation with the EC's investigation. Although Natixis, which has filed an appeal of the EC Decision in the European Union General Court, maintains that the EC Decision does not support Plaintiffs' claim, Plaintiffs maintain the investigation is relevant to this action.

On July 19, 2022, this Court so-ordered the Parties' proposed Civil Case Management Plan and Scheduling Order, which, among other things, set forth certain deadlines relating to discovery. ECF No. 275. Paragraph 6(d)(ii) of the Civil Case Management Plan and Scheduling Order requires Defendants to produce French-originated underlying documents (e.g., chats) previously produced to the EC responsive to Plaintiffs' initial requests for production of documents (the "Documents").

During the Parties' discussions, Natixis—a public limited company (société anonyme) incorporated and headquartered in France—has

5

|  |  |  |
|---|---|---|
|  |  | asserted, among other things, objections to producing the Documents based on: Documents based on: (1) French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980 ("<u>Law No. 68-678</u>" or the "<u>French Blocking Statute</u>"); (2) Article L. 511-33 of the French Monetary and Financial Code ("<u>Article L. 511-33</u>" or the "<u>French Bank Secrecy Law</u>"): (3) French Law No. 78-17 of January 6, 1978 on Information Technology, Data Files and Civil Liberties, as amended by Law No. 2018-493 of June 20, 2018 ("<u>Law No. 78-17</u>" or the "<u>French Data Privacy Law</u>") and the General Data Protection Regulation 2016/679 ("<u>GDPR</u>"); and (4) the Hague Convention. |
| 11. | Evidence to be obtained | Natixis will provide to the Commissioner Natixis's French-originated documents that are called for production by Paragraph 6(d)(ii) of the Civil Case Management Plan and Scheduling Order. A copy of the Civil Case Management Plan and Scheduling Order, dated July 19, 2022, is attached hereto as Exhibit 1.<br><br>Natixis will provide to the Commissioner the Documents for transmission by the Commissioner to counsel for Plaintiffs and Natixis. Counsel for Natixis will then transmit those Documents to counsel for the other Defendants. |
| 12. | Whether the Plaintiffs and relevant Defendant have consented to document discovery | The parties have consented to Natixis's production of the Documents, as specified in Exhibit 1. |
| 13. | Special methods or procedure to be followed | All Documents will be produced in accordance with the procedures outlined in the Stipulation and Proposed Protective Order upon its entry by the Court. The parties have agreed that Natixis will, where applicable and not unduly burdensome, pseudonymize confidential client information that is subject to Article L. 511-33 or personal data subject to the GDPR and Law |

6

| | | |
|---|---|---|
| | | No. 78-17 (or provide an agreed-upon alternative means of linking transactions to individual counterparties without revealing confidential client information) and transmit a corresponding log to the Commissioner to be forwarded to Plaintiffs' counsel. If after (i) Natixis determines in good faith that such pseudonymization is unduly burdensome or does not allow compliance with Article L. 511-33 or the GDPR and Law No. 78-17 and (ii) Natixis and Plaintiffs promptly meet and confer and agree upon alternative measures, Natixis will, where applicable, anonymize or redact confidential client information that is subject to Article L. 511-33 or personal data subject to the GDPR and Law No. 78-17. The parties reserve all rights to require productions to conform with the requirements under the Federal Rules of Civil Procedure. |
| 14. | Suggested Date by which any document discovery must be completed | Natixis will complete its transmission of Documents to the Commissioner at a time to be agreed upon by the parties, but in any event, Natixis shall complete production of the Documents by no later than October 3, 2022, except (i) in the event the Ministère de la Justice has not approved the Court's request by September 26, 2022, Natixis will complete its transmission of Documents to the Commissioner within seven (7) days of the Ministère de la Justice's approval of the Court's request; or (ii) in the event disputes regarding such productions are submitted to the Court, Natixis will complete its transmission of Documents to the Commissioner by the date established by the Court order resolving the dispute. |
| 15. | Specification of privilege or duty to refuse to produce documents under the law of the State of origin | Neither this Request for Assistance, the transmission of Documents to the Commissioner pursuant to the Hague Convention, nor any examination of the Documents by the Commissioner, shall waive, or be deemed or argued to have waived, the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to |

7

|     |     |     |
| --- | --- | --- |
|     |     | that evidence under the laws of the European Union, France, the United States, or the State of New York. |
| 16. | Authority appointing Commissioner, pending approval of the Ministère de la Justice | United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007<br>UNITED STATES OF AMERICA |
| 17. | Commissioner | Alexander Blumrosen<br>Polaris Law<br>4, avenue Hoche<br>75008 Paris<br>FRANCE<br><br>Attached as Exhibit 2 hereto is the Order of the United States District Court for the Southern District of New York, appointing Mr. Alexander Blumrosen as Commissioner, pending the approval of the Ministère de la Justice. |
| 18. | Costs | All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by Natixis. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process. |

This Court expresses its appreciation to the Ministère de la Justice for its courtesy and assistance in this matter.

Dated: New York, New York

<u>September 12</u>, 2022

Victor Marrero
U.S.D.J.

8

# Exhibit 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE EUROPEAN GOVERNMENT
BONDS ANTITRUST LITIGATION

---

X
:
:
:
:
:
:
X

Lead Case No. 1:19-cv-2601

The Honorable Victor Marrero

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16-26(f).

1. Plaintiffs' position is that this case is to be tried to a jury. Defendants reserve all rights with respect to whether this case is to be tried to a jury.

2. Joinder of additional parties to be accomplished by      October 17, 2022      .

3. Plaintiffs propose that a motion to amended pleadings may be filed no later than October 17, 2022. Please see accompanying statement in the parties' joint letter.

4. Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) to be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f), specifically by not later than         August 12, 2022    .

5. All fact discovery is to be completed either:

    a. Within one hundred twenty (120) days of the date of this Order, specifically by not later than _____; or

    b. Within a period exceeding 120 days, with the Court's approval, if the case presents unique complexities or other exceptional circumstances, specifically by not later than          September 4, 2023           .

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

    a. Initial requests for production of documents to be served by   August 19, 2022.

    b. Interrogatories to be served by all parties by 30 days prior to the close of fact discovery (August 5, 2023). Interrogatories are limited to 25 per side, not per party, absent leave of Court.

    c. Depositions to be completed by    September 4, 2023             .

   i. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

   ii. Depositions of all parties shall proceed during the same time.

   iii. Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

d. Any additional contemplated discovery activities and the anticipated completion date:

   i. The parties shall submit a proposed ESI Protocol and Protective Order no later than September 9, 2022.

   ii. Defendants shall substantially complete their production of underlying documents (e.g., chats) previously produced to the European Commission (the "EC") responsive to Plaintiffs' initial requests for production of documents by no later than September 16, 2022; provided, however, that the parties will meet and confer on documents Defendants propose to exclude, including: (i) privileged or work product materials and (ii) materials that Defendants contend they are prohibited from providing pursuant to law or the expectations of the EC. To the extent that any Defendant maintains that the production of any such documents is appropriately made by that Defendant pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, the parties shall meet and confer. To the extent any motion(s) for the issuance of a letter of request for international judicial assistance and related relief to this Court are required, such motions shall be submitted by September 9, 2022, and Defendants shall promptly take all steps necessary to effectuate any such production pursuant to the Request for Assistance that this Court issues.

   iii. Plaintiffs shall substantially complete their production of (i) their EGB trading records; and (ii) all cooperation materials received from any settling Defendant, responsive to Defendants' initial requests for production of documents, by no later than by September 16, 2022, subject to objection by any settling Defendant. Defendants intend to request that Plaintiffs also produce any reports, analyses, and data that were generated by or relied upon by Plaintiffs tending to prove or disprove any analyses in the Fourth Amended Complaint (FAC). The parties will meet and confer in good faith regarding the production of such documents, including on documents Plaintiffs propose to exclude from that request, e.g., documents protected from disclosure by the attorney client privilege and work product protection.

iv. The parties shall meet and confer regarding production of data necessary for class certification. Production of that data shall be completed (or any disputes regarding the scope of relevant data presented to the court) by February 17, 2023.

v. Document productions shall be made on a rolling basis. The parties shall substantially complete their production responsive to the initial requests by March 24, 2023.

vi. No requests for production may be served after July 7, 2023.

e. Requests to Admit to be served no later than __July 7, 2023__.

7. All <u>expert</u> discovery (ordinarily conducted following the completion of fact discovery) including parties' expert reports and depositions, witness lists, and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b), is to be completed by:

   See Paragraphs 11 and 12 below.

8. Contemplated motions:

   a. Plaintiffs: <u>Motions for final approval of Plaintiffs' settlements with State Street and JPMorgan (including motions for approval of plan of allocation and notice, fees, and expenses), motion to amend pursuant to Federal Rule of Civil Procedure 15, discovery-related motions (as may be necessary), and class certification, *in Limine*, *Daubert*, and summary judgment motions.</u>

   b. Defendants: <u>Motions pursuant to Federal Rule of Civil Procedure 12, Discovery-related motions, as may be necessary, *in Limine*, *Daubert*, summary judgment motions.</u>

9. Following all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than __September 7, 2023__.

10. Do all parties consent to trial by a Magistrate Juge under 28 U.S.C. § 636(c)?

    Yes _____    No __X__

11. Class Certification:

    a. Plaintiffs' deadlines to designate any experts (and serve expert reports) pursuant to Federal Rule of Civil Procedure 26(a)(2) for purposes of class certification and serve motion for class certification: May 19, 2023.

    b. Defendants deadline to serve their opposition to Plaintiffs' motion and designate any experts (and serve expert reports) pursuant to Federal Rule of Civil Procedure 26(a)(2) for purposes of class certification: July 19, 2023.

3

  c. Plaintiffs' deadline to serve their reply on their motion for class certification and designate any rebuttal experts (and serve rebuttal reports) pursuant to Federal Rule of Civil Procedure 26(a)(2) for purposes of class certification: September 4, 2023.

  d. The parties agree to negotiate in good faith regarding the timing of depositions of their experts proffered in support and in opposition to class certification.

12. Summary Judgment:
  a. The parties shall promptly meet and confer regarding a schedule for merits expert discovery and summary judgment upon the Court's ruling on Plaintiffs' class certification motion, and file a joint proposed schedule for expert discovery and summary judgment no later than 14 days after the Court's decision. The proposed schedule shall provide for the simultaneous exchange of merits expert reports and rebuttal reports.

---

**TO BE COMPLETED BY THE COURT:**

13. The next Case Management Conference is scheduled for  September 15, 2023 at  12:00 p.m.

  In the event the case is to proceed to trial, a firm trial date and the deadline for submission of the Joint Pretrial Order and related documents shall be scheduled at the pretrial conference following either the completion of all discovery or the Court's ruling on any dispositive motion.

  The Joint Pretrial Order should be prepared in accordance with Judge Marrero's Individual Practices. If this action is to be tried before a jury, proposed voir dire and jury instructions shall be filed with the Joint Pretrial Order. No motion for summary judgment shall be served after the deadline fixed for the Joint Pretrial Order.

**SO ORDERED:**

DATED:  New York, New York

    7/18/2022

                 Victor Marrero
                  U.S.D.J.

4

# Exhibit 2

**[PAGE INTENTIONALLY LEFT BLANK]**

Case 1:19-cv-02601-VM-VF Document 282-6 Filed 09/02/22 Page 20 of 120