USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/16/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | X |
| | :   Lead Case No. 1:19-cv-2601 -VM-SN |
| IN RE EUROPEAN GOVERNMENT | : |
| BONDS ANTITRUST LITIGATION | : |
| | : |
| | X |

## STIPULATION AND PROTECTIVE ORDER

Discovery requests and subpoenas served in the Action may call for the production or disclosure of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), and other private or competitively or otherwise sensitive information for which special safeguarding and protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

## I.    DEFINITIONS

1.1.    "Action" means the above-captioned action, and any and all cases consolidated or coordinated with it.

1.2.    "Party" means any party to the Action, including all of its officers, directors, and employees.

1.3.    "Non-Party" means any natural person or entity that is not a named party to the Action.

1.4.    "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to

admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

1.5.   "Confidential Material" means any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes or reveals: (i) confidential trade secrets; (ii) proprietary business information; or (iii) non-public personal, client, or customer information concerning individuals or other entities. A Producing Party may designate any Disclosure or Discovery Material as "Confidential Material" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.  Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential."

1.6.   "Highly Confidential Material" means any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential," if the Producing Party reasonably and in good faith believes the Discovery Material contains: (i) current trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would create a substantial risk of competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers; or (ii) any non-public personal, client, or customer information concerning minors. Highly Confidential Material includes information (of which applicable law—foreign or domestic—requires the equivalent of "Highly Confidential" treatment as set forth in this Order. Highly Confidential Material also includes Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign

statute, law, regulation, privilege, or immunity from disclosure. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Highly Confidential."

  1.7. "Foreign Personal Data" means any information that a Party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy or secrecy obligations. Examples of such data protection laws potentially include but are not limited to: The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 ("General Data Protection Regulation"); the UK General Data Protection Regulation; UK Data Protection Act 2018; French Law No. 78-17 of January 1978 on Information Technology, Data Files, and Civil Liberties; French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial, or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980, Articles L511-33 and L511-34 of the French Monetary and Financial Code, the Swiss Criminal Code, Article 47 of the Swiss Federal Act on Banks and Savings Banks, Article 328b of the Swiss Code of Obligations, the Swiss Federal Act on Data Protection of June 19, 1992, and related ordinances; the Japanese Act on the Protection of Personal Information; and any other foreign national data protection laws; and in each case including any legally binding regulations, directions and orders issued from time to time under or in connection with any such laws; the German Federal Data Privacy Act; the Italian Privacy Code; and any foreign banking secrecy laws or regulations, that would otherwise prohibit a Producing Party from disclosing such information to one or more of the Receiving Parties. If any Producing Party is called upon to produce Discovery Material in this lawsuit that contains Foreign Personal

Data, such Producing Party may designate such Discovery Materials as Highly Confidential Material under the terms of this Order. Nothing in this paragraph shall be used to imply that any such law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Foreign Personal Data."

1.8.     "Producing Party" means any Party or Non-Party that produces Discovery Material in this Action.

1.9.     "Receiving Party" means any Party or Non-Party that receives Discovery Material from a Producing Party.

1.10.    "Designating Party" means any Party or Non-Party that designates Discovery Material as Confidential or Highly Confidential.

1.11.    "Protected Material" means any Discovery Material that is designated as Confidential or Highly Confidential.

1.12.    "Outside Counsel" means attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

1.13.    "In House Counsel" means attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Discovery Material is reasonably necessary in connection with this Action.

1.14.    "Counsel" (without qualifier) means Outside Counsel and In House Counsel (as well as their support staffs).

1.15.    "Principal" means an owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

1.16.   "Expert" and/or "Consultant" means a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

1.17.   "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

1.18.   "Privileged Material" means Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable statute, law, regulation, privilege, or immunity from disclosure.

## II.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.  Discovery

Material may be used by the Receiving Party solely for purposes of the prosecution or defense, including any settlement thereof, of this Action, and for no other purpose whatsoever.

## III.   DURATION

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## IV.   DESIGNATING PROTECTED MATERIAL

4.1.   <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)   For information in non-native documentary form (including imaged documents and transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential" to each page of the document and include the applicable designation in the metadata produced for such document.

(b)   For deposition transcripts and/or exhibits in this Action, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be Protected Material under the provisions of this Order.  Alternatively, a Designating Party may specify at the deposition or up to thirty (30) days after the receipt of the final transcript that the entire transcript shall be treated as "Confidential" or "Highly Confidential."  The entire testimony shall be deemed

to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Paragraph 4.2 (Inadvertent Failures to Designate).  If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the DVD, plus any container, shall be so labeled.

(c)     For information produced in electronic, audio, or video format, and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the item itself or exterior of the container or containers in which the information or item is stored, in any metadata accompanying the production, and/or in the electronic file name, in any suitable and readily viewable manner.  Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.

(d)     For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on the placeholder page.

(e)     For interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to production.

(f)     For reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the report.

(g)     For all other Discovery Material, by placing or affixing on each page of such material, a "Confidential" or "Highly Confidential" designation.

4.2.     <u>Inadvertent Failures to Designate</u>:  If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation.  Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material.  If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, each Receiving Party, upon

notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.3.   <u>Different Designations of Same Material</u>: In the event that more than one Designating Party designates the same Protected Material with different levels of treatment or confidentiality, all copies of the Protected Material shall be treated as having the highest level of confidentiality designated by any Designating Party.

4.4.   <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>: Subject to the standards of Paragraph 4.1 and notwithstanding Paragraph 4.3, a Party may upward designate (i.e., change any Discovery Material produced without a designation of Confidential or Highly Confidential or change any Discovery Material produced as Confidential to a designation of Highly Confidential) any Discovery Material produced by another party or non-party, provided that said Discovery Material contains the upward Designating Party's own Highly Confidential Material or Confidential Material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.   Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within sixty (60) days of production by the disclosing Party. Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material or from moving the Court for such relief.   Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section 5 regarding challenging designations

## V.        CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1.    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within ten (10) days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.

5.2.    <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Paragraph 5.1, above, the Party challenging the designation may seek relief within twenty-one (21) days of the initial notice of challenge, or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is shorter, from the Court in accordance with its rules and procedures. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within ten (10) days of the ruling.

## VI.    FOREIGN PERSONAL DATA

To the extent that a Producing Party reasonably believes that the production of Documents would implicate Foreign Personal Data and any foreign law or regulation governing the disclosure of such information in this Action, the Producing Party shall promptly inform the Receiving Party of such an issue, and the Producing Party shall meet and confer with Receiving Party on the nature

of the Documents that are implicated such foreign laws and any conditions such laws place on the production of those Documents. Prior to producing such Documents, the Producing Party may pseudonymize, anonymize, or redact the portions of such Documents that the Producing Party believes in good faith to constitute Foreign Personal Data, and in all events shall not redact any more information than is necessary or that otherwise impairs comprehension of material in a Document. The parties hereby agree that the entry of a separate supplemental confidentiality order governing the production of Documents containing Foreign Personal Data may be necessary and agree to negotiate and execute such confidentiality order. Nothing in this provision, shall be construed to alter the Parties agreed-to exchange of Documents under ¶ 6.d.ii-iii of the Court's Civil Case Management Order (ECF No. 275).

## VII.   ACCESS TO AND USE OF DISCOVERY MATERIAL

7.1.   <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)   the Receiving Party's Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)   in addition to In House Counsel, and to the extent that such disclosure is reasonably necessary for the Action, current officers, directors, or employees of each Receiving Party;

(c)   Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" ("Exhibit A"), provided that Counsel, in good faith, requires their assistance

in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)     the Court and its personnel in this Action and any appellate court in this Action, subject to the requirements of Section 9, below;

(e)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(f)     court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)     the author, addressees, or recipients of the document, or any other natural person who Counsel has a good faith reasonable belief had reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (ii) the witness is explicitly informed by the disclosing Party's Outside Counsel that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)     relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A;

(i)     any other person agreed to by the Designating Party in writing; and

(j)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

7.2.    <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)     the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed Exhibit A, provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(c)     the Court and its personnel, subject to the requirements of Section 8, below;

(d)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes

and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(e)      court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(f)      the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; and (ii) the witness is explicitly informed by the disclosing Party's Outside Counsel that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(g)      relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A;

(h)      any other person agreed to by the Designating Party in writing; and

(i)      any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 14 below.

7.3.    <u>Standard of Care</u>: The Receiving Party shall maintain any Protected Material that is provided under the Protective Order in a secure and safe manner that ensures that access is limited to the persons authorized under this Protective Order.  The Receiving Party shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination

sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material, including the use of eDiscovery vendors or claims administrators capable of complying with such laws to store such documents.  All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based. The recipient of Foreign Personal Data shall protect these materials with the same degree of care that they use to protect and safeguard their own proprietary information. Any such copies, reproductions, extraction, or abstractions are subject to the same restrictions and controls.

7.4.    <u>Loss of Protected Material or Breach of Security</u>:  If a Receiving Party or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or authorized recipient shall : (i) promptly provide written notice to the Producing Party of such breach; (ii) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; and (iii)  take all appropriate corrective actions to terminate the unauthorized access.

7.5.    <u>Compliance With and Retention of Exhibit A</u>:  Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A), as required above in any Section, shall be responsible for assuring compliance with the terms of this Order with respect to person to whom Protected Material is disclosed. Such Counsel shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

7.6.    <u>Retention of Protected Material</u>: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Paragraph 7.1 (g), (i), and (j) who

have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed. Persons described in Paragraphs 7.2 (f),(h), and (i) who have been shown Highly Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed.

## VIII.   UNAUTHORIZED DISCLOSURE

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, immediately, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

## IX.   FILING PROTECTED MATERIAL

In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court. The Parties will attempt to resolve any disputes regarding confidentiality designations three days before any such filing or submission. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material or Highly Confidential Material and need not be preserved under seal.  Protected Material filed under seal must be kept under seal until further order of the Court. Parties that file a pleading or other paper that includes Protected Material under seal must

also file on the public record a version of the pleading or other paper from which the Protected

Material has been redacted.

## X.        USE OF PROTECTED MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any Protected Material

during the trial of this Action. The use of Protected Material at trial shall not cause such Protected

Material to lose its status as Protected Material.

## XI.       A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN OR INDEPENDENTLY OWNED DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's,

Receiving Party's, or any other person's use of its own documents, including documents obtained

independently and lawfully from sources other than a Producing Party, nor shall it affect any

Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior

designation with respect to its own Confidential Material or Highly Confidential Material.

## XII.   ASSERTIONS OF PRIVILEGE

12.1.   This Stipulation and Order is without prejudice to any Disclosing Party's right to

assert that any Discovery Material is subject to any applicable claim of privilege or protection,

including, but not limited to, the attorney-client privilege and work product doctrine, any foreign

national data protection laws and any foreign or domestic banking secrecy laws or regulations and

is without prejudice to any other party's right to contest such a claim of privilege or protection.

12.2.   The Parties agree to exchange privilege logs containing the information called for

by Local Rule 26.2 and Federal Rule of Civil Procedure 26(b)(5), except as otherwise provided in

Paragraphs (3)-(6) below, thirty (30) days after the date of substantial completion of document

productions.  The Parties may at their own discretion opt to provide a categorical or group privilege

log in lieu of a traditional document-by-document or communication-by-communication privilege

log, as set forth in Local Rule 26.2(c), without prejudice to the objection right afforded by the Receiving Party in Local Rule 26.2(c). The Parties will meet and confer regarding the contents of any categorical privilege log.

12.3.   Whether categorical/group or traditional, the Withholding Party's log shall be in Excel format or any other format that permits electronic sorting and searching.

12.4.   If a Party provides a document-by-document or communication-by-communication privilege log, a logged Document Family (e.g., email and attachments) may be logged as a single entry so long as the description of that entry includes a reference to the privileged documents (e.g., email with privileged attachments). Similarly, a Party may provide a privilege log that logs only the most-inclusive versions of an email thread group. Any family or thread group logged in this manner must include a Duplicate Custodian field listing all Custodians within the family or on the email thread, as appropriate. The parties agree that they need not exchange the text of litigation hold/retention instructions issued in this Action without prejudice to a party seeking discovery of such materials for good cause. Privilege logs under this section shall contain sufficient information to enable the Receiving Party to evaluate the claims made, including the following:  a sequential number associated with each log record, Custodian, From, To, CC, BCC, Subject (for emails), File Name (for non-emails), Date, Basis for Withholding (e.g., Attorney-Client Communication), and Document Description

12.5.   The Parties agree that the following categories of privileged and otherwise Responsive Documents and ESI need not be included in a privilege log: (a) work product of counsel and Parties concerning the Action or any related matter, (b) any internal communications within a law firm, (c) any communications regarding litigation holds or preservation, collection, or review of Documents in the Action or any litigation or related investigation matter, (d)

communications with outside counsel generated on or after March 22, 2019, and (e) redacted documents. A Producing Party agrees to produce a supplemental privilege log entry in response to any particularized requests for information on a redacted document where the basis for a privilege redaction is, to the Receiving Party, unclear on the face of the document itself.  For the avoidance of doubt, a Producing Party is not required to log redacted documents provided that it: (i) includes a metadata field indicating which documents are redacted; and (ii) agrees to produce a supplemental privilege log entry in response to any particularized requests where the basis for a privilege redaction is, to the Receiving Party, unclear on the face of the redacted document itself. The Producing Party shall produce the supplemental privilege log within fourteen (14) days of the request.

12.6.   If a Party requires further information to evaluate a claim of privilege, it shall explain in writing the need for such information and identify, by Bates number or other unique identifier, each document for which it seeks this information.  Within fourteen (14) days of such request, the Producing Party must either (i) provide the requested information or (ii) challenge the request.  If a Producing Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution within twenty-one (21) days of any such challenge.  If they cannot agree after exhausting the meet and confer process, the Receiving Party may seek resolution from the Court in accordance with this Order.

12.7.   Any claim that produced documents are Privileged Material, as well as any claim that such documents are not Privileged Materials, and any challenge to such claim shall be subject to the terms of the Protective Order.

## XIII.   CLAW BACK OF PRIVILEGED MATERIAL

13.1.   The unintentional production of Discovery Material containing Privileged Material that has not been redacted shall not constitute a waiver of any privilege or protection from

discovery in this case or in any other federal or state proceeding.  In order to claw back Privileged Material that was produced, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

13.2.   Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material, the Receiving Party shall promptly return to the Producing Party or destroy all summaries or copies of such Privileged Material, if destroying the documents, shall certify that destruction to the Producing Party, and shall not use such items for any purpose until further order of the Court or agreement of the parties.  In all events, such return, destruction, and certification must occur within seven (7) days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain a copy (the "Retained Copy") of the disclosed material to prosecute its challenge to the assertion of protection. Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within thirty (30) days of that Challenge Notice, or otherwise return or destroy the Retained Copies within that period. Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to the request for return until the Challenge is resolved. However, the Receiving Party may request an extension of the deadline for the return or destruction of Retained Copies, and such extension shall not be unreasonably withheld. For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the Retained Copy. Within twenty-one (21) days of the notification of the return or destruction of Privileged Material, the Producing Party

shall produce a privilege log with respect to the clawed back Privileged Material.  Any motion to compel production by the Receiving Party shall not rely on any portion of the document.  The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged or that such privilege has been waived; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced.  Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status.

13.3.   If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or other protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's protected status.  If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly protected document.  Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Paragraph 13.1.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material.  If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other

protection, the Parties agree to meet and confer in good faith regarding any request by the deposing Party to depose the witness about the document.

13.4.    Consistent with Fed. R. Evid. 502(d), if a Party or Non-Party at any time notifies any other Party that it, for any reason, disclosed Discovery Material that is Privileged Material that is protected from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone, consistent with Rule 502(d), shall not be deemed a waiver – in the Action or in any other proceeding, including in federal or state proceedings – of any applicable privilege or protection.   This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

## XIV.   ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice, provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## XV.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

15.1.    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the

Designating Party, in writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

15.2.    The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.

15.3.    In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.

15.4.    In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential or Highly Confidential Material.

15.5.    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter

or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material.   Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

15.6.   In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## XVI.   DURATION OF ORDER/RETURN OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION

This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action.  All provisions of this Order restricting the use of "Confidential" and "Highly Confidential" information shall continue to be binding unless otherwise agreed or ordered by the Court. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party or as required by local data protection laws, within sixty (60) days after the final termination of this Action, including any appeals, each Receiving Party shall return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material. In either case, the Receiving Party shall, upon request, provide the Designating Party with a certification stating that it has destroyed or returned the Confidential or Highly Confidential documents, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal

or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, (ii) information saved on backup media in an electronically stored format, or (iii) information incorporated into any pleadings, motions, or work product. In that case, counsel of record shall continue to treat the Confidential or Highly Confidential Discovery Material in accordance with this Order.

## XVII.  AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

## XVIII. NON-PARTIES

18.1.   <u>Third-Party Discovery</u>: Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order to inform each such Non-Party of his, her, or its rights herein.  If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.  Any Non-Party producing Discovery Material or giving deposition testimony in this Action may avail herself, himself, or itself of the provisions of this Protective Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

18.2.   <u>New Parties to This Action</u>: In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential or Highly Confidential

Material produced by or obtained from any disclosing Party until the newly joined parties or their counsel endorse a copy of Exhibit A and file it with the Court.

## XIX.  JURISDICTION

The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## XX.  VIOLATIONS OF PROTECTIVE ORDER

In the event that any person or party should violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order.

## XXI.  EXECUTION

This Order may be executed in counterparts. This Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties, subject to any subsequent modifications if and when so-ordered by the Court.


Dated: September 15, 2022
New York, New York

**SO STIPULATED:**

| **DICELLO LEVITT LLC** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **LOWEY DANNENBERG, P.C.** |
|---|---|---|
| By: *s/ Gregory S. Asciolla*<br>GREGORY S. ASCIOLLA<br>485 Lexington Ave., 10th Floor<br>New York, New York 10017<br>Tel: (646) 933-1000<br>gasciolla@dicellolevitt.com | By: *s/ Christopher M. Burke*<br>CHRISTOPHER M. BURKE<br>600 W. Broadway, Suite 3300<br>San Diego, California 92101<br>Tel: (619) 798-5300<br>cburke@scott-scott.com | By: *s/ Vincent Briganti*<br>VINCENT BRIGANTI<br>44 S. Broadway<br>White Plains, New York 10601<br>Tel: (914) 997-0500<br>vbriganti@lowey.com |

**BERMAN TABACCO**

By: *s/ Todd A. Seaver*
TODD A. SEAVER
425 California Street, Suite 2300
San Francisco, California 94104
Tel.: (415) 433-3200
tseaver@bermantabacco.com

*Interim Co-Lead Counsel*

**CRAVATH, SWAINE & MOORE LLP**

*s/ John Buretta*
John Buretta
Helam Gebremariam
825 Eighth Avenue
New York, New York 10019
Telephone: 212-474-1000
Facsimile:  212-474-3700
jburetta@cravath.com
hgebremariam@cravath.com

*Attorneys for Defendant Nomura*
*International plc*

**SKADDEN, ARPS, SLATE, MEAGHER &**
**FLOM LLP AND AFFILIATES**

*s/ Boris Bershteyn*
Boris Bershteyn
Susan Saltzstein
Sam Auld
One Manhattan West
New York, New York 10001
Telephone: 212-735-3000
Facsimile:  212-735-2000
boris.bershteyn@skadden.com
susan.saltzstein@skadden.com
sam.auld@skadden.com

*Attorneys for Defendant UniCredit Bank AG*

**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**

*s/ Aidan Synnott*
Aidan Synnott
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212-373-3000
Facsimile:  212-757-3990
asynnott@paulweiss.com

*Attorneys for Defendant Nomura Securities*
*International Inc.*

**MILBANK LLP**

*s/ Fiona A. Schaeffer*
Fiona A. Schaeffer
James G. Cavoli
55 Hudson Yards
New York, New York 10001
Telephone: 212-530-5651
Facsimile:  212-822-5651
fschaeffer@milbank.com
jcavoli@milbank.com

Mark D. Villaverde
2029 Century Park East, 33rd Floor
Los Angeles, California 90067-3019
Telephone: 424-386-4000
Facsimile:  213-892-4743
mvillaverde@milbank.com

*Attorneys for Defendant Natixis S.A.*

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**

*s/ Roger A. Cooper*
Lev L. Dassin
Roger A. Cooper
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone:  212-225-2000
Facsimile:  212-225-3999
ldassin@cgsh.com
racooper@cgsh.com
aweaver@cgsh.com

*Attorneys for Defendants Citigroup Global
Markets Inc. and Citigroup Global Markets
Limited*

**MORGAN, LEWIS & BOCKIUS LLP**

*s/  Jon R. Roellke*
Jon R. Roellke
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-739-3000
Facsimile:  202-739-3001
jon.roellke@morganlewis.com
(admitted *pro hac vice*)

Kenneth I. Schacter
Brian A. Herman
Jawad B. Muaddi
Elizabeth Buechner
101 Park Avenue
New York, New York 10178
Telephone: 212-309-6000
Facsimile: 212-309-6001
kenneth.schacter@morganlewis.com
brian.herman@morganlewis.com
jawad.muaddi@morganlewis.com
elizabeth.buechner@morganlewis.com

*Attorneys for Defendants Jefferies International
Limited and Jefferies LLC*

---

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge


Dated: September 16, 2022
       New York, New York

---

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I, _____, have been informed that on the _____ day of _____, 20___, the U.S. District Court for the Southern District of New York entered a Protective Order in the *In Re European Government Bonds Antitrust Litigation*, No. 1:19-cv-2601. I have read the Protective Order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the Protective Order, including my receipt or review of information that has been designated as "Confidential" or "Highly Confidential."

Printed Name: _____

Signature: _____

Signed in _____ on the _____ day of _____, 20___.