USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION** | Lead Case No. 1:19-cv-2601<br><br>Judge: Hon. Victor Marrero<br><br>Magistrate: Hon. Sarah Netburn |

**ORDER APPROVING CLASS NOTICE PLAN, PRELIMINARILY APPROVING DISTRIBUTION PLAN FOR CLASS ACTION SETTLEMENTS WITH DEFENDANTS JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES PLC, J.P. MORGAN SECURITIES LLC, STATE STREET CORPORATION, AND STATE STREET BANK AND TRUST COMPANY, AND SCHEDULING HEARING FOR FINAL <u>APPROVAL OF THE SETTLEMENTS</u>**

This matter, having come before the Court by way of Plaintiffs' Motion for an Order Approving Class Notice Plan, Preliminarily Approving Distribution Plan for Class Action Settlements with Defendants State Street Corporation, State Street Bank and Trust Company (together, "State Street"), JPMorgan Chase Bank, N.A., J.P. Morgan Securities PLC (f/k/a J.P. Morgan Securities Ltd.), and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) (together, "JPMorgan"), and Scheduling Hearing for Final Approval of the Settlements (the "Motion"); and

The Court, having found that the proposed forms of Class Notice and the proposed Class Notice Plan are adequate and reasonable, and the proposed Distribution Plan is reasonable and rational and should be sent to Class Members for their review prior to the Settlement Hearing:

NOW, THEREFORE, this 17th day of November, 2022:

**IT IS HEREBY ORDERED** that:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Stipulation and Agreement of Settlement with State Street Corporation and State Street Bank and Trust Company (the "State Street Settlement Agreement," ECF No. 209 at Ex. 1), and the Stipulation and Agreement of Settlement with JPMorgan Bank Chase Bank, N.A., J.P. Morgan Securities PLC (f/k/a J.P. Morgan Securities Ltd.), and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) (the "JPMorgan Settlement Agreement" (ECF No. 256-1)) (together, the "Settlement Agreements" or "Agreements").  Plaintiffs; State Street Corporation and State Street Bank and Trust Company ("State Street"); and JPMorgan Bank Chase Bank, N.A., J.P. Morgan Securities PLC (f/k/a J.P. Morgan Securities Ltd.), and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) ("JPMorgan") are referred to collectively as the "Parties."

2.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on ___June 2, 2023___ at ___11:00 a.m.___, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 15B, for the following purposes: (a) to determine whether the proposed Settlements, on the terms and conditions provided for in the Settlement Agreements are fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the Judgment, substantially in the form attached as Exhibit B to the Settlement Agreements, should be entered dismissing the Action with prejudice against State Street and JPMorgan; (c) to determine whether the proposed Distribution Plan for is fair and reasonable and should be approved; (d) to determine whether the application for an award of attorneys' fees and litigation expenses and any service awards for Plaintiffs should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlements.

3.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlements with such modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel (consisting of Kristen M. Anderson (Scott+Scott Attorneys at Law LLP), Gregory S. Asciolla (DiCello Levitt LLC), Vincent Briganti (Lowey Dannenberg, P.C.), and, Todd A. Seaver (Berman Tabacco) ("Co-Lead Counsel")) are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to disseminate notice to the Settlement Class, process claims, and administer the Settlements, as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given as follows:  (a) on February 1, 2023 (the "Notice Date"), the Claims Administrator shall cause a copy of the Long-Form Notice and the Claim Form (together,

the "Notice Packet") to be mailed to the members of the Settlement Class who can be identified through reasonable effort; (b) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Long-Form Notice and the Claim Form to be posted on the website developed for this Action, www.EuropeanGovernmentBondsSettlement.com, from which copies of the Notice and Claim Form can be downloaded; and (c) as soon as practicable after the mailing of the Notice Packet, the Claims Administrator shall cause to be published the Summary Notice as described in the proposed notice program attached to the Declaration of Elaine Pang.

    5.    **<u>Approval of Form and Content of Notice</u>** – The Court: (i) approves, as to form and content, the Long-Form Notice, the Claim Form, and the Summary Notice; and (ii) finds that the mailing and distribution of the Long-Form Notice, posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and form set forth in the proposed notice program attached to the Declaration of Elaine Pang: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement (including the Releases to be provided thereunder); the application for an award of attorneys' fees and litigation expenses, and any service awards for Plaintiffs; their right to object to the Settlement Distribution Plan, application for an award of attorneys' fees and reimbursement of litigation expenses, and/or any service awards for Plaintiffs; and their right to appear at the Settlement Hearing; (c) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process

Clause). The date and time of the Settlement Hearing shall be included in the Long-Form Notice before it is mailed and the Summary Notice before it is published.

6. **Nominee Procedures** – Co-Lead Counsel and the Claims Administrator shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who or which transacted for the beneficial interest of persons or organizations other than themselves ("Nominees"), but not as beneficial owners. Nominees shall be requested to either: (i) within seven (7) days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or, (ii) within seven (7) days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator for prompt distribution.

(a) For Nominees who chose the first option (*i.e.*, elect to mail the Notice Packets directly to beneficial owners), the Claims Administrator shall forward the same number of Notice Packets to such Nominees, and request that the Nominees, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

(b) For Nominees who chose the second option (*i.e.*, provide a list of names and addresses of beneficial owners to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee supplied, provided the Claims Administrator did not previously mail Notice to such beneficial owners;

(c) Upon full and timely compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper

documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

7. **Participation in the Settlement** – Settlement Class Members who wish to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted by April 26, 2023. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its claim and the subject matter of the Settlements.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must include any supporting documentation, as is deemed adequate by the Claims Administrator, for the transactions reported therein; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of the Claims Administrator; and (d) the Claim Form must contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Notwithstanding the foregoing, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interest of achieving substantial justice.

9. Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreements and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgments or Alternate Judgments, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Settlement Agreements.

10. **Exclusion from the Settlement Class** – Any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing and in the manner set forth in the Long-Form Notice such that it is received no later than April 10, 2023. The request for exclusion shall be invalid and have no legal or binding force or effect unless it provides the following required information and is received no later than the date stated above, or the request for exclusion is otherwise accepted by the Court. Any Request for Exclusion must contain:

(a) the name, address, and telephone number of the member of the Settlement Class;

(b) a list of all trade names or business names that the member of the Settlement Class requests to be excluded;

(c) the name of this Action ("In re European Government Bonds Antitrust Litigation, No. 1:19-cv-02601 (S.D.N.Y.)");

(d) a statement certifying such person is a member of the Settlement Class;

6

(e) documents sufficient to prove membership in the Settlement Class;

(f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class as it relates to the JPMorgan [and/or] State Street Settlements", as applicable; and

(g) the signature of the person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative.

11. Any person or entity who or which requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance by April 10, 2023, or as the Court may otherwise direct, and serving copies of such notice of appearance on Co-Lead Counsel, JPMorgan's Counsel, and State Street's Counsel at the addresses set forth below. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

13. Any Settlement Class Member may file a written objection to the proposed Settlements, proposed Distribution Plan, application for an award of attorneys' fees, litigation expenses, and/or any service awards for Plaintiffs and appear and show cause, if he, she, or it has any cause, why any of the foregoing should not be approved; ***provided, however***, that no Settlement Class Member shall be heard unless that person or entity has filed a written objection with the

Court by April 10, 2023, or as the Court may otherwise direct, and served copies of such objection on Co-Lead Counsel, JPMorgan's Counsel, and State Street's Counsel at the addresses set forth below.

| Co-Lead Counsel | | JPMorgan's Counsel |
|---|---|---|
| Kristen M. Anderson<br>Scott+Scott<br>Attorneys at Law LLP<br>230 Park Ave., 17th Floor<br>New York, NY 10169 | Gregory S. Asciolla<br>DiCello Levitt LLC<br>485 Lexington Avenue<br>Suite 1001<br>New York, NY 10017 | Robert D. Wick<br>Henry Liu<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC<br>20001-4956 |
| Vincent Briganti<br>Lowey Dannenberg, P.C.<br>44 South Broadway<br>\|Suite 1100<br>White Plains, NY 10601 | Todd A. Seaver<br>Berman Tabacco<br>425 California Street<br>Suite 2300<br>San Francisco, CA 94104 | **State Street's Counsel**<br>Adam S. Lurie<br>Patrick C. Ashby<br>Linklaters LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 |

14. Any objections, filings, or other submissions by the objecting Settlement Class Member must contain:

(a) a heading that refers to this Action by case name and case number;

(b) a statement of the specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Class or the entire Class;

(c) the identity, address, and telephone number of all counsel representing the objector (if any);

(d) a statement of whether the objecting or intervening person or entity intends to appear at the Settlement Hearing, either in person or through counsel;

(e) a statement clarifying which Settlement(s) the objection applies to (*i.e.*, the JPMorgan Settlement, State Street Settlement, or both Settlements);

8

      (f)    a description of any and all evidence the objecting person or entity may offer at the Settlement Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Settlement Hearing;

      (g)    documents sufficient to prove membership in the Settlement Class; and

      (h)    a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared, either as an objector or counsel for an objector, in the last five years.  Persons who have timely submitted a valid Request for Exclusion, are not members of the Settlement Class and are not entitled to object.

15.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein, shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, proposed Distribution Plan, application for an award of attorneys' fees and reimbursement of litigation expenses, and/or any service awards for Plaintiffs, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of any of the foregoing from otherwise being heard concerning any of the foregoing in this or any other proceeding.

16.    **Notice and Administration Costs** – All reasonable Notice and Administration Costs up to $500,000 shall be paid as set forth in the Stipulation without further order of the Court. Any Notice and Administration Costs in excess of $500,000 may be paid from the Settlement Fund only with the approval of the Court.

17.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the "Escrow Agent"), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the JPMorgan Settlement Agreements.

19. **Termination of Settlements** – If the Settlement(s) are terminated as provided in the Settlement Agreement(s), the Settlement(s) are not approved, or the Effective Date of the Settlement(s) otherwise fails to occur with respect to one or both Settlements, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement(s), and this Order shall be without prejudice to the rights of Plaintiffs, and Settlement Class Members and JPMorgan and/or State Street (as applicable), and the relevant Parties shall revert to their respective positions in the Action, as provided in the Settlement Agreement(s).

20. **Use of This Order** – Neither this Order, the Settlement Agreements (whether or not consummated), including the exhibits thereto and Distribution Plan (or any other plan of distribution that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreements, nor any proceedings taken pursuant to or in connection with the Settlement Agreements and/or approval of the Settlements (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any

claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind, of any of the Released Parties, or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Settling Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the operative complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties or Settling Plaintiff Parties as an admission, concession, or presumption that the consideration to be given under the Settlements represent the amount which could be or would have been recovered after trial; provided, however, that if the Settlement Agreements are approved by the Court, the Parties, the Released Parties, the Settling Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlements.

21. **<u>Supporting Papers</u>** – Co-Lead Counsel shall file the opening papers in support of final approval of the proposed Settlements, the Distribution Plan, and the application for an award of attorneys' fees and litigation expenses, and any service awards for Plaintiffs no later than March 27, 2023, and reply papers, if any, shall be filed no later than May 10, 2023.

22.     **Summary of Deadlines** – The Settlements shall be administered according to their terms pending the Settlement Hearing.  Deadlines arising under the Settlements and this Order include, but are not limited to, the following:

- Notice:  to commence on February 1, 2023 ("Notice Date");
- Application for attorneys' fees and litigation expenses ("Fee Application"): to be filed no later than March 27, 2023;
- Motion for Final Approval of the Settlement ("Final Approval Motion"): to be filed no later than March 27, 2023;
- Objection Deadline: April 10, 2023;
- Opt-Out Deadline: April 10, 2023;
- Claims Deadline: April 26, 2023;
- Replies in Support of Final Approval Motion and Fee Application:  to be filed no later than May 10, 2023; and
- Settlement Hearing:  June 2, 2023 at  11:00 a.m.  .

23.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements.

**IT IS SO ORDERED.**

DATED: November 17, 2022

_____
Victor Marrero
U.S.D.J.