USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION

Lead Case No. 1:19-cv-2601 (VM)

Hon. Victor Marrero

**ORDER GRANTING NATIXIS S.A.'S SECOND UNCONTESTED MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER, AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION**

The Court, having reviewed the papers submitted in support of Defendant Natixis S.A.'s ("Natixis") Second Uncontested Motion for Issuance of Letter of Request for International Judicial Assistance, Appointment of Commissioner, and Direction of Submission of Hague Convention Application (the "Motion"), and finding it proper to issue a Letter of Request for International Judicial Assistance to authorize a commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No.7444, 23 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

(1) The Motion is GRANTED.

(2) The form of Request for Assistance attached to the Declaration of Matthew J. Grier as Exhibit B is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3) Pursuant to Article 17 of the Hague Convention, Alexander Blumrosen (the "Commissioner"), whose address is 4, avenue Hoche, 75008 Paris, France, is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

    (a)    receive from Natixis certain of its French-originated communications involving Natixis employees related to European government Bonds that are responsive to Plaintiffs' initial set of requests for production of documents (the "<u>Documents</u>");

    (b)    transmit the Documents to counsel for Plaintiffs and Natixis pursuant to Article 17 of the Hague Convention and in performance of his appointment as Commissioner and duties thereunder; and

    (c)    upon completion, inform the French Ministère de la Justice.

(4)    Following receipt of the Documents by counsel for Plaintiffs, counsel for Plaintiffs will transmit the Documents to counsel for the other Defendants in this action.

(5)    This signed Order and the signed Request for Assistance will be given to Milbank LLP, counsel for Natixis, which will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(6)    Natixis will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner.

(7)    Any unresolved disputes between Natixis and Plaintiffs regarding the production of the Documents received by the Commissioner shall be determined exclusively by this Court. Further, any unresolved disputes between Natixis and Plaintiffs

concerning any Documents withheld from the Commissioner on the basis of an assertion of privilege shall be determined exclusively by this Court. The Commissioner will adhere to any such order issued by this Court relating to document discovery in the above-captioned action.

(8) All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by Natixis. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process.

(9) Neither this Order, the transmission of the Documents by Natixis to the Commissioner pursuant to the Hague Convention, any examination of the Documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned action.

(10) The parties have agreed that Natixis will, where applicable and not unduly burdensome, redact and/or pseudonymize confidential client information that is subject to Article L. 511-33 of the French Monetary and Financial Code ("Article L. 511-33") or personal data subject to the General Data Protection Regulation 2016/679 ("GDPR") and French Law No. 78-17 of January 6, 1978 on Information Technology, Data Files and Civil Liberties, as amended by Law No. 2018-493 of June 20, 2018 ("Law No. 78-17") (or provide an agreed-upon alternative means of linking transactions to individual counterparties without revealing confidential client information) and transmit a corresponding log to the Commissioner to be

3

forwarded to Plaintiffs' counsel. If, after (i) Natixis determines in good faith that such pseudonymization is unduly burdensome or does not allow compliance with Article L. 511-33 or the GDPR and Law No. 78-17 and (ii) Natixis and Plaintiffs promptly meet and confer and agree upon alternative measures, Natixis will, where applicable, anonymize or redact confidential client information that is subject to Article L. 511-33 or personal data subject to the GDPR and Law No. 78-17. The parties reserve all rights to require productions to conform with the requirements under the Federal Rules of Civil Procedure.

Dated: April 7, 2023
New York, New York

SO ORDERED

_____
Victor Marrero
U.S.D.J.