USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | Lead Case No. 1:19-cv-2601 (VM)<br><br>Hon. Victor Marrero |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN THE AUTHORIZATION OF A COMMISSIONER PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

A request is hereby made by the United States District Court for the Southern District of New York, at 500 Pearl Street, New York, New York 10007, UNITED STATES OF AMERICA, to the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, FRANCE, for assistance in obtaining document discovery from Natixis S.A. ("Natixis"), a defendant in the above-captioned action. This request is made pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

| | | |
|---|---|---|
| 1. | Sender | The Honorable Victor Marrero<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007<br>UNITED STATES OF AMERICA |
| 2. | Central Authority of the Requested State | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commerciale (D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>FRANCE |

<table>
<tr><td>3.</td><td>Person to whom the executed request is to be returned</td><td>Fiona A. Schaeffer<br>55 Hudson Yards<br>New York, New York 10001<br>UNITED STATES OF AMERICA</td></tr>
</table>

3. Person to whom the executed request is to be returned

Fiona A. Schaeffer
55 Hudson Yards
New York, New York 10001
UNITED STATES OF AMERICA

Natixis also designates the appointed Commissioner, Alexander Blumrosen, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the Hague Convention proceedings on Natixis's behalf. The Commissioner shall transmit such authorization and notifications to counsel for Plaintiffs and Natixis simultaneously.

In conformity with Chapter II, Article 17 of the Hague Convention, the United States District Court for the Southern District of New York presents its compliments to the Ministère de la Justice and has the honor to submit the following request:

4. Specification of the date by which the requesting authority requires receipt of the response to the Request for International Judicial Assistance ("Request for Assistance")

The requesting authority would greatly appreciate a response to the Request for Assistance within 21 days or as soon thereafter as is practicable.

5. Requesting judicial authority

United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
UNITED STATES OF AMERICA

6. To the competent authority of

The Republic of France

7. Name of the case and any identifying number

*In re European Government Bonds Antitrust Litigation*, 1:19-cv-2601 (VM)

8. Names of Plaintiffs

Ohio Carpenters' Pension Fund; San Bernardino County Employees' Retirement Association; Electrical Workers Pension Fund Local 103, I.B.E.W.

Names and addresses of Plaintiffs' representatives

Daniel Brockwell
**Scott+Scott Attorneys at Law LLP**

2

600 W. Broadway, Suite 3300
San Diego, CA 92101
UNITED STATES OF AMERICA

Kristen M. Anderson
Donald A. Broggi
Joseph P. Guglielmo
Michelle E. Conston
Patrick J. Rodriguez
**Scott+Scott Attorneys at Law LLP**
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
UNITED STATES OF AMERICA

David R. Scott
**Scott+Scott Attorneys at Law LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
UNITED STATES OF AMERICA

Gregory S. Asciolla
Matthew Perez
Veronica Bosco
**DiCello Levitt LLC**
485 Lexington Avenue, 10th Floor
New York, NY 10017
UNITED STATES OF AMERICA

Vincent Briganti
Roland R. St. Louis, III
**Lowey Dannenberg, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
UNITED STATES OF AMERICA

Charles Kopel
**Lowey Dannenberg, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
UNITED STATES OF AMERICA

Joseph J. Tabacco, Jr.
Todd A. Seaver
Carl N. Hammarskjold
**Berman Tabacco**
425 California Street, Suite 2300
San Francisco, CA 94104
UNITED STATES OF AMERICA
***Interim Co-Lead Counsel for Plaintiffs***

9.  Name of relevant Defendant

Natixis S.A.

Registered Office:
   7 promenade Germaine Sablon
   75013 Paris
   FRANCE

R.C.S. PARIS (Registration Number – Paris
Commercial Registry): 542 044 524

Name and address of relevant
Defendant's representatives

Fiona A. Schaeffer
James G. Cavoli
Matthew J. Grier
**Milbank LLP**
55 Hudson Yards
New York, NY 10001

Mark D. Villaverde
**Milbank LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019

10.  Nature and purpose of the
proceedings and summary of the
facts

Plaintiff Ohio Carpenters' Pension Fund
commenced this action on March 22, 2019.
ECF No. 1.  The current operative compliant—
the Fourth Amended Complaint ("FAC")—was
filed by Ohio Carpenters' Pension Fund,
Electrical Workers Pension Fund Local 103
I.B.E.W., and San Bernardino County
Employees' Retirement Association
(collectively, "Plaintiffs") on February 9, 2021.
ECF No. 146.  Naming Natixis and other
entities as defendants, the FAC alleges that
certain primary dealers in government bonds
issued by Eurozone member states ("European
Government Bonds" or "EGBs") engaged in a
conspiracy to fix the prices of certain EGBs
from at least as early as January 1, 2007

4

through at least December 31, 2012 in both the primary and secondary markets for such bonds. *Id.*

Plaintiffs' antitrust claim against certain defendants have been dismissed, but its claim has not been dismissed against Natixis, Nomura International plc, UniCredit Bank AG, Citigroup Global Markets Limited, Citigroup Global Markets Inc., Jefferies International Limited, and Jefferies LLC (collectively, "Defendants," and with Plaintiffs, the "Parties").  ECF No. 236; ECF No. 323.

On August 19, 2022, Plaintiffs served Requests for Production of Documents that included, among items, requests for communications involving Natixis employees relating to EGBs (the "Documents").  Natixis and Plaintiffs have met-and-conferred regarding the Documents.

During the Parties' discussions, Natixis—a public limited company (société anonyme) incorporated and headquartered in France—has asserted, among other things, objections to producing the Documents based on: (1) French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980; (2) Article L. 511-33 of the French Monetary and Financial Code ("Article L. 511-33"); (3) French Law No. 78-17 of January 6, 1978 on Information Technology, Data Files and Civil Liberties, as amended by Law No. 2018-493 of June 20, 2018 ("Law No. 78-17") and the General Data Protection Regulation 2016/679 ("GDPR"); and (4) the Hague Convention.

| | | |
|---|---|---|
| 11. | Evidence to be obtained | Natixis will provide to the Commissioner certain of Natixis's French-originated communications involving Natixis employees related to EGBs that are responsive to Plaintiffs' Request for Production of |

Documents, attached hereto as Exhibit 1.

Natixis will provide to the Commissioner the Documents for transmission by the Commissioner to counsel for Plaintiffs and Natixis. Counsel for Plaintiffs will then transmit those Documents to counsel for the other Defendants in this action.

| | | |
|---|---|---|
| 12. | Whether the Plaintiffs and relevant Defendant have consented to document discovery | The parties have consented to Natixis's production of the Documents. |
| 13. | Special methods or procedure to be followed | All Documents will be produced in accordance with the procedures outlined in the Stipulation and Protective Order filed in this action. The parties have agreed that Natixis will, where applicable and not unduly burdensome, redact and/or pseudonymize confidential client information that is subject to Article L. 511-33 or personal data subject to the GDPR and Law No. 78-17 (or provide an agreed-upon alternative means of linking transactions to individual counterparties without revealing confidential client information) and transmit a corresponding log to the Commissioner to be forwarded to Plaintiffs' counsel. If after (i) Natixis determines in good faith that such pseudonymization is unduly burdensome or does not allow compliance with Article L. 511-33 or the GDPR and Law No. 78-17 and (ii) Natixis and Plaintiffs promptly meet and confer and agree upon alternative measures, Natixis will, where applicable, anonymize or redact confidential client information that is subject to Article L. 511-33 or personal data subject to the GDPR and Law No. 78-17. The parties reserve all rights to require productions to conform with the requirements under the Federal Rules of Civil Procedure. |
| 14. | Suggested Date by which any document discovery must be completed | Documents shall be produced on a rolling basis. |

| | | |
|---|---|---|
| 15. | Specification of privilege or duty to refuse to produce documents under the law of the State of origin | Neither this Request for Assistance, the transmission of Documents to the Commissioner pursuant to the Hague Convention, nor any examination of the Documents by the Commissioner, shall waive, or be deemed or argued to have waived, the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the laws of the European Union, France, the United States, or the State of New York. |
| 16. | Authority appointing Commissioner, pending approval of the Ministère de la Justice | United States District Court Southern District of New York 500 Pearl Street New York, New York 10007 UNITED STATES OF AMERICA |
| 17. | Commissioner | Alexander Blumrosen Polaris Law 4, avenue Hoche 75008 Paris FRANCE Attached as Exhibit 2 hereto is the Order of the United States District Court for the Southern District of New York, appointing Mr. Alexander Blumrosen as Commissioner, pending the approval of the Ministère de la Justice. |
| 18. | Costs | All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by Natixis. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process. |

This Court expresses its appreciation to the Ministère de la Justice for its courtesy and assistance in this matter.

Dated: New York, New York

     April 7   , 2023

Victor Marrero
U.S.D.J.

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | Lead Case No. 1:19-cv-2601 |
| | Hon. Victor Marrero |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association (collectively, "Plaintiffs") hereby request that each of the Defendants[1] produce the Documents and things described below for inspection and copying at the offices of Scott+Scott Attorneys at Law LLP, The Helmsley Building, 230 Park Avenue, 17th Floor, New York, New York 11109.

## DEFINITIONS

1.      Pursuant to Rule 26.3 of the Southern and Eastern Districts of New York Local Civil Rules, the Uniform Definitions in Discovery Requests are incorporated herein by reference.

2.      In addition to the definitions and rules of construction set forth in Local Civil Rule 26.3, to bring within the scope of the Requests all Documents that might otherwise be construed to be outside of their scope, the following additional definitions and rules of construction apply: (i) the masculine, feminine, or neutral pronouns do not exclude other genders; (ii) the word "including" means "including, without limitation"; (iii) the present tense includes the past tense and vice versa; and (iv) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents.

---

[1]      "Defendants" means Natixis S.A.; Nomura Securities International plc; Nomura International Inc.; UniCredit Bank AG; Citigroup Global Markets Limited; Citigroup Global Markets Inc.; Jefferies International Limited; and Jefferies LLC.

1

3.      Unless indicated otherwise, all definitions and abbreviations in Plaintiffs' Fourth Amended Class Action Complaint (ECF No. 146) (the "Complaint") have the same meaning in these Requests.

4.      "You" or "Your" means, as to each Defendant, that Defendant entity, and any of its officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents, attorneys, assigns, and any other entities or individuals acting or purporting to act on its behalf or at its direction.

5.      "EGB" means European Government Bond.

6.      "Order Data" means Documents and all relevant information fields associated with each of Your transactions (*e.g.*, buy or sell) of EGBs regardless of whether those orders were executed or canceled.  Order Data includes but is not limited to data sufficient to identify the time the order was placed, the order type, the trading desk or trader that placed the order, and the time that the order was filled, canceled, or otherwise removed.

7.      "Structured Data" means data that resides in a fixed field within a record or file, or stored in a structured format, such as databases (such as Oracle, SQL, Access) or data sets according to specific form and content rules as defined by each field of the database.

8.      "Thing(s)" means all categories of tangible objects not included within the definition of "Documents."

9.      "Trade Data" means Documents and all relevant information fields associated with each of Your transactions in EGBs.  This includes data reflecting Your transactions in both the primary and secondary EGB markets, in addition to any trade confirmations.

# INSTRUCTIONS

1.      These Requests are deemed to be continuing in accordance with Federal Rule of Civil Procedure 26(e).  You shall supplement Your responses within a reasonable time if You obtain or become aware of any further Documents responsive to these Requests.

2.      Unless otherwise indicated, the Documents requested include all Documents and data in Your possession, custody, or control.  Without limitation of the terms "possession, custody, or control," as used in the preceding sentence, a Document is in Your possession, custody, or control if You have actual possession or custody or the right or practical ability to obtain the Document or a copy thereof upon demand from one or more of Your representatives, advisors, attorneys, or any other Person or public or private entity that has actual physical possession thereof.

3.      As the term "possession" relates to e-mail, the term includes e-mails contained in Your electronic e-mail directories, including but not limited to: (a) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

4.      With respect to the Documents produced, You shall produce them as they are kept in the usual course of business, including producing any tabs, labels, or directories of files identifying the Documents.

5.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to the Requests are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include e-mail attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.  In the case of e-mail attachments, if either

3

the e-mail or any of its attachments is responsive, produce the e-mail and all of the corresponding attachments.  Documents attached to each other shall not be separated.

6.     A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

7.     The term "original" includes the file copy or copies of any Document if there is no actual original copy.

8.     All Documents shall be produced in their native format where available.

9.     All data are to be produced in a spreadsheet, nonproprietary database, or some other mutually agreeable format.  For data in trading systems or other proprietary databases, You should identify the system used to create, store, and/or maintain that data.  The data can be exported to a spreadsheet or delimited text files, using pipe ("|") delimiters, in a manner that preserves the precision of and relationships among the original data, and with a schema description containing column names and data types/sizes.

10.    All data are to be accompanied by documentation sufficient to understand the meaning of all fields in the data provided and the methods, models, and data used in their calculation.

11.    Pursuant to Federal Rule of Civil Procedure 26(b)(5), if any Document responsive to a Request below is withheld from production on the basis of any claim of privilege, You shall submit, in lieu of any such Document, a written statement identifying: (a) the nature of the privilege (including work product) which is being claimed; (b) the general subject matter of the Document and a description of the file or other location where it was found; (c) the type or general nature of the Document (*i.e.*, whether it is a letter, memorandum, invoice, e-mail, etc.) and the number of

pages of which it consists; (d) the date of the Document; (e) the author(s) and recipient(s) of the Document; (f) the addresses of the Document, and any other recipients; and (g) the Request to which the Document relates.

12.     Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), if You object to any individual Request, You must state whether any responsive materials are being withheld on the basis of that objection, and You must specify the part of the Request to which You are objecting and produce all materials that are responsive to the remainder of the Request.

13.     In the event that You object to any Request on the ground that it is overbroad or unduly burdensome for any reason, respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for Your conclusion.

14.     You are further requested to provide all portions of requested Documents that are not subject to a claim of privilege or other reason for non-production by redacting or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

15.     In the event that any Document responsive to any Request once was, but is no longer, in Your possession, custody, or control, or has been lost, destroyed, discarded, or otherwise disposed of, You are requested to identify such Document as completely as possible, including the following information:

     a.    the nature of the Document;

     b.    the Person who prepared or authorized the Document and, if applicable, the Person to whom the Document was sent;

      c.      the date on which the Document was prepared or transmitted; and

      d.      if possible, what has happened to the Document and where it or any copies of it may be located, or if the Document was lost or destroyed, the date on which the Document was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the Persons requesting and performing the destruction.

16.      Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

17.      Each Document is to be produced along with all drafts, without abbreviation or redaction.

18.      If no Documents are responsive to a particular Request, You are to state that no responsive Documents exist.  If You object to the scope of breadth of any of these Requests, You should identify, to the extent possible, those Documents or Things that You will produce notwithstanding the objection.

19.      Unless a specific Request indicates otherwise, each Request calls for production of Documents and data dated, prepared, or received during, or otherwise related to, the period from January 1, 2007 through the date of Your response.  However, if a Document prepared before January 1, 2007 is necessary for a correct and/or complete understanding of any Document covered by the Request, such earlier Document shall be produced.  If any Document is undated, or the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each Person who purchased or sold EGBs in the United States from You from January 1, 2007 through December 31, 2012.  This includes customer name, address, telephone number, and e-mail address.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications to You, from You, which You received, on which You were copied, or in which You were otherwise involved, concerning EGBs.  This includes, but is not limited to, all Communications among Persons responsible for bidding in EGB auctions in the primary market, Persons responsible for trading EGBs in the secondary market, and Persons responsible for marketing and selling EGBs to Your clients.  This includes Communications in permanent, group, bilateral, or other electronic chatrooms.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning the structure and operation of the primary EGB market.  This includes all Documents and Communications concerning the market share of firms involved in the primary market, the nature of costs associated with becoming and remaining a primary EGB dealer, and the process by which European Debt Management Offices select primary dealers to assist in issuing EGBs.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning Your activity in the primary EGB market. This includes all Documents and Communications concerning Your involvement in bringing new EGBs to market (whether by auction or syndication), Your selection and ranking as primary dealer for EGBs, and the rewards for serving as primary dealer.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the structure and operation of the secondary EGB market.  This includes all Documents and Communications concerning the market share of firms involved in the secondary market, the extent of differentiation among EGBs, how and when the price at which EGBs are determined, and the customs and practices of traders and dealers involved in the secondary EGB market.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning Your activity in the secondary EGB market.  This includes all Documents and Communications concerning Your transactions in the secondary market, any economic models or analyses of the secondary market You received or created, and how You determined the price of any EGB You sold in the secondary EGB market.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning best or industry standard practices or methods for determining the price of an EGB, whether or not those practices or methods were created, promulgated, or disseminated in whole or in part by You.  This includes all Documents concerning any studies, analyses, forecasts, reports, white papers, analytics, or other methods concerning the pricing of EGBs by You or other dealers.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning any of the EGBs identified in Figure 4 of the Complaint.  This includes Documents sufficient to show any shorthand or "jargon" You or Your employees used to refer to such EGBs.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify any means of Communication You used between January 1, 2007 and December 31, 2012.  This includes any proprietary messaging or Communication systems You maintained during that period.

**REQUEST FOR PRODUCTION NO. 10:**

All of Your organizational charts and personnel directories for Your organization as a whole and for each of Your divisions, groups, business units, or other sub-organizations.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify, by name, position, and location each employee whose job function directly or indirectly concerned EGBs.  This includes traders, salespersons, and economists, in addition to any Persons in a compliance or risk management position.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify all Persons who participated in, were consulted by, acted on, or otherwise were involved in the primary EGB market on Your behalf.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify all Persons who participated in, were consulted by, acted on, or otherwise were involved in the secondary EGB market on Your behalf.

**REQUEST FOR PRODUCTION NO. 14:**

Transaction-level data for all of Your purchases, sales, trades, or any other transaction in EGBs (whether in the primary, secondary, or "when-issued" EGB market), including all Trade Data, Order Data, Documents concerning the later cancellation of any such orders, purchases, sales, or other trades, and Documents concerning agreements with any counterparties for the sale of EGBs.

**REQUEST FOR PRODUCTION NO. 15:**

Documents reflecting how you evaluated Your and Your clients' daily exposure and risk metrics for EGBs including any impact on net risk, for all available periods, *e.g.*, hourly, daily, weekly, monthly, quarterly, and/or annually.

**REQUEST FOR PRODUCTION NO. 16:**

Daily trade blotters, position sheets, trading books, worksheets, or other compilations, summaries, or aggregations of information concerning EGBs, including Documents concerning Your open positions, position limits, and Your exposure for each of Your open positions (including the notional values thereof) for each trading desk and individual employee that traded EGBs, for all available periods, *e.g.*, hourly, daily, weekly, monthly, quarterly, and/or annually.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show Your holdings in EGBs for all available periods, *e.g.*, hourly, daily, weekly, monthly, quarterly, and/or annually, including (a) Documents indicating whether such holdings were for active trading, risk mitigation, or proprietary trading purposes, and (b) Documents concerning Your short and long positions, including Your ability to profit by going short or going long.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show Your projected, expected, estimated, and actual: (a) profits and/or losses associated with buying, selling, or trading EGBs, including any Documents summarizing profits for all available periods, *e.g.*, hourly, daily, weekly, monthly, quarterly, and/or annually, and (b) costs, both fixed and incremental, associated with Your buying, selling, or trading of EGBs, including any Documents summarizing costs for available periods, *e.g.*, hourly, daily, weekly, monthly, quarterly, and/or annually.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning Your processing and settlement of EGB transactions.  This includes all Documents and Communications concerning the handling of EGB orders, transfer of cash or collateral, and processing of payments made or received in EGB transactions.

**REQUEST FOR PRODUCTION NO. 20:**

For each database You used to produce data, Documents or other Things in response to these Requests, as well as any other database that You use to store data or Structured Data related to EGBs:

a.      Documents sufficient to show the reports and the reporting capabilities of each database – whether pre-configured or configured on an ad-hoc basis, and whether created on a regular or ad-hoc basis.

b.      Exemplars of each type of report generated in the ordinary course of business from each database through an automated task or process, and the frequency with which such reports are generated (*e.g.*, daily, weekly, monthly, quarterly, or annually).

c.      Exemplars of all tables and/or files in each database.

d.      Exemplars of all fields for the tables and/or files identified in the immediately preceding Request, and the descriptions and/or definitions for these fields.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications concerning Order Data, including: (a) trading books; and (b) any other Order Data entered into Your respective order management systems or trading platforms, whether or not they resulted in a completed trade (*e.g.*, canceled orders).

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning Trade Data, including any trade confirmations You sent to Your customers.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to distinguish between Your transactions in the primary and secondary EGB market.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning the confidentiality terms You place on Your employees whose job function directly or indirectly concerned EGBs, including any restrictions on Your employees' ability to discuss their employment, You, or information concerning EGBs with non-employees, members of the press or media, and/or others of Your employees.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning the policies, procedures, and codes of conduct, applicable to any of Your employees whose job function directly or indirectly concerned EGBs.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning training You provided for employees whose job function directly or indirectly concerns EGBs. This includes training regarding antitrust and/or competition law, the conduct of auctions and/or syndications, sharing of indicative or executable bids and offers, types or topics of Communication prohibited among traders, the use of group chatrooms and other multi-party means of Communication, and the primary and/or secondary EGB market.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to identify the Persons responsible for implementing any policies, procedures, practices, codes of conduct, or trainings applicable to Your employees whose job function directly or indirectly concerned EGBs.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning any systems and controls You used to monitor Communications involving EGBs sent to You, from You, or involving You. This includes all Documents and Communications concerning any information barrier policies applicable to employees involved in the primary or secondary EGB market.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show Your compensation of employees whose job function directly or indirectly concerned EGBs. This includes all Documents sufficient to show the compensation package for each employee involved in the primary and/or secondary EGB markets on Your behalf, how these compensation packages were approved, and by whom.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning Your sales and marketing efforts concerning EGBs. This includes all Documents and Communications concerning EGB marketing materials You sent to investors, any investor conferences or events You participated in, and lists of customers You targeted with EGB marketing.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any industry conferences, charity events, social gatherings, or other functions that were or may have been attended by any of Your employees whose job function directly or indirectly concerned EGBs. This includes all

Documents and Communications concerning each EGB trader's and salesperson's calendar (*e.g.*, as reflected in MS Outlook) and that of their assistant and supervisor.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning expense reports or other requests for reimbursement submitted by Your employees whose job function directly or indirectly concerned EGBs.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning Your Document retention and/or destruction policies, procedures, and practices, including policies related to the retention, destruction, or management of electronically stored information and hardcopy files.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning any departure or variance from Your Document retention and/or destruction policies, procedures, and practices concerning Documents and Communications that would otherwise be called for by these Requests.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications concerning any internal investigation directly or indirectly concerning EGBs that You conducted.  This includes all Documents and Communications You collected during the course of that investigation and any summaries, white papers, or reports You prepared about the results of the investigation.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning any violation of Your policies, procedures, practices, or codes of conduct by employees whose job function directly or indirectly concerns EGBs.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications concerning the voluntary or involuntary termination, discipline, demotion, discharge, suspension, retirement, resignation, change in responsibility, or other action taken against of any of Your employees whose job function directly or indirectly concerns EGBs.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning, or sufficient to show awareness of, an employee of another EGB primary dealer's voluntary or involuntary termination, discipline, demotion, discharge, suspension, retirement, resignation, change in responsibility, or other action taken against of any of its employees whose job function directly or indirectly concerns EGBs.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications You produced, received, or otherwise exchanged with any regulatory body or government agency in response to any investigation concerning EGBs, including the investigation by the European Commission initiated in connection with its January 31, 2019 Statement of Objections and its May 20, 2021 Commission Decision.  This includes complete, unsealed, or unredacted versions of the January 31, 2019 Statement of Objections and the May 20, 2021 Commission Decision.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications in which, prior to January 31, 2019, You admitted to manipulating or conspiring to manipulate the EGB primary or secondary markets.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications in which, prior to January 31, 2019, You denied engaging in manipulation of or conspiring to manipulate the EGB primary or secondary markets.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications which You contend provided Plaintiffs with sufficient information (either individually or in the aggregate) of possible wrongdoing by You in the EGB primary or secondary markets to give rise to inquiry notice of their claims prior to January 31, 2019.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents in which, prior to January 1, 2019, You published statements concerning, depicting, or claiming honesty, integrity, legality, fairness, or compliance with applicable laws and regulations in Your trading activities.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents which contain information or statements (either individually or in the aggregate) made prior to January 31, 2019 that you contend a reasonable investor of ordinary intelligence would have (or Plaintiffs herein should have) recognized as an indication of culpable activity by You in the EGB primary or secondary markets.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning insurance policies, indemnity agreements, or other contracts that cover, or may potentially cover, any claims asserted against You in this matter.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents You considered, relied, or intend to rely upon or otherwise use in refuting Plaintiffs' allegations, including Documents in support of any defenses You intend to assert to or make against Plaintiffs' allegations.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents You considered, relied on or reference in this Action in preparing: (a) class certification briefing; (b) summary judgment briefing; (c) expert disclosures and reports; and (d) trial.

**REQUEST FOR PRODUCTION NO. 48:**

To the extent not already covered by the preceding Requests, all Documents You referenced in, or relied upon in preparing, Your initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and any supplemental or corrective disclosures You issue pursuant to Federal Rule of Civil Procedure 26(e).

Dated: August 19, 2022

| **DICELLO LEVITT GUTZLER** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **LOWEY DANNENBERG, P.C.** |
|---|---|---|
| _s/ Gregory S. Asciolla_ | _s/ Christopher M. Burke_ | _s/ Vincent Briganti_ |
| GREGORY S. ASCIOLLA | CHRISTOPHER M. BURKE | VINCENT BRIGANTI |
| 485 Lexington Avenue, Suite 1001 | 600 W. Broadway, Suite 3300 | 44 South Broadway, Suite 1100 |
| New York, NY 10017 | San Diego, CA 92101 | White Plains, NY 10601 |
| Telephone: 646-933-1000 | Telephone: 619-233-4565 | Telephone: 914-997-0500 |
| gasciolla@dicellolevitt.com | cburke@scott-scott.com | vbriganti@lowey.com |

**BERMAN TABACCO**

 _s/ Todd A. Seaver_
TODD A. SEAVER
425 California Street
Suite 2300
San Francisco, CA 94104
Telephone: 415-433-3200
tseaver@bermantabacco.com

*Interim Co-Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 19, 2022, I caused the foregoing to be served on counsel of record for all Defendants via electronic mail using the e-mail addresses maintained on the Court's ECF system.

Dated: August 19, 2022

s/ *Christopher M. Burke*
CHRISTOPHER M. BURKE

# Exhibit 2

**[PAGE INTENTIONALLY LEFT BLANK]**