USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | Case No. 1:19-cv-2601 (VM) |

# ~~PROPOSED~~ PRELIMINARY APPROVAL ORDER

WHEREAS, Plaintiffs Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association (collectively, "Plaintiffs") on behalf of themselves and the other members of the Settlement Class, and UniCredit Bank AG together with its affiliates and subsidiaries ("UniCredit," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against UniCredit and its predecessors, successors, assigns, subsidiaries, and affiliates in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement between Plaintiffs and UniCredit dated May 5, 2023 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made applications, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto;

WHEREAS, the Court, having found that the proposed forms of Class notice and the proposed Class notice plan are adequate and reasonable, and the proposed Distribution Plan is reasonable and rational and should be sent to Class Members for their review prior to the Settlement Hearing; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and "direct[s] notice in a reasonable manner to all class members who would be bound by the proposal[s]," as described below. Fed. R. Civ. P. 23(e)(1)(B);

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on __November 3, 2023__ at ____10:00 a.m.____ at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 15B, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (ii) to determine whether the Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against UniCredit; (iii) to determine whether the proposed Distribution Plan for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) to determine whether the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any

service awards for Plaintiffs should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in ¶4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as are agreed to, if appropriate, without further notice to the Settlement Class.

4. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Co-Lead Counsel (consisting of Kristen M. Anderson (Scott+Scott Attorneys at Law LLP), Gregory S. Asciolla (DiCello Levitt LLC), Vincent Briganti (Lowey Dannenberg, P.C.), and, Todd A. Seaver (Berman Tabacco) ("Co-Lead Counsel")) are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to disseminate notice to the Settlement Class, process Claims, and administer the Settlement, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) Commencing no later than 75 business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator (and/or, if UniCredit so opts, UniCredit's third-party notice agent) shall cause a copy of the Notice and the Claim Form (together, the "Notice Packet") to be mailed to the members of the Settlement Class who can be identified through reasonable effort;

(b) Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website developed for this Action, www.europeangovernmentbondssettlement.com, from which copies of the Notice and Claim Form can be downloaded;

(c) As soon as practicable after the mailing of the Notice Packet, the Claims Administrator shall cause the Publication Notice to be published, at minimum, once each in *IBD Weekly*, *Stocks & Commodities*, *The Financial Times*, *The New York Times*, and *The Wall Street Journal*; and

(d) Prior to the Settlement Hearing, Co-Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court: (i) approves, as to form and content, the Notice, the Claim Form, and the Publication Notice; and (ii) finds that the mailing and distribution of the Notice, posting of the Notice and Claim Form on the website developed for this Action, www.europeangovernmentbondssettlement.com, and the publication of the Publication Notice in the manner and form set forth in ¶4 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the proposed Settlement (including the Releases to be provided thereunder); the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; their right to object to the Settlement, Distribution Plan, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs; and their right to appear at the Settlement Hearing; (c) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause). The date and time of the Settlement Hearing shall be included in the Notice before it is mailed and the Publication Notice before it is published.

6. **Nominee Procedures** – Co-Lead Counsel and the Claims Administrator shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who or which transacted for the beneficial interest of persons or organizations other than themselves ("Nominees"), but not as beneficial owners. Nominees shall be requested to either: (i) within seven (7) days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or (ii) within seven (7) days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator for prompt distribution.

(a) For Nominees who chose the first option (*i.e.*, elect to mail the Notice Packets directly to beneficial owners), the Claims Administrator shall forward the same number of Notice Packets to such Nominees, and request that the Nominees, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

(b) For Nominees who chose the second option (*i.e.*, provide a list of names and addresses of beneficial owners to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee supplied, provided the Claims Administrator did not previously mail Notice to such beneficial owners;

(c) Upon full and timely compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly

documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

7. **CAFA Notice** – As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq.* ("CAFA"), no later than ten (10) days following the filing of the Stipulation with the Court, UniCredit, at its own cost, shall serve proper notice of its proposed Settlement upon those who are entitled to such notice pursuant to CAFA. No later than seven (7) days before the Settlement Hearing, UniCredit shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8. **Participation in the Settlement** – Settlement Class Members who wish to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted within 84 days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9. Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must include any supporting documentation, as is deemed adequate by Co-Lead Counsel or the Claims Administrator, for the transactions reported therein; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included

in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (iv) the Claim Form must contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.  Notwithstanding the foregoing, Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interest of achieving substantial justice.

10. Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (iv) will be barred from commencing, maintaining, or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Stipulation and Notice.

11. **<u>Exclusion from the Settlement Class</u>** – Any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing and in the manner set forth in the Notice such that it is received no later than 68 days after the Notice Date.  The request for exclusion shall be invalid and have no legal or binding force or effect unless it provides the following required information and is received no later than the date stated above, or the request for exclusion is otherwise accepted by the Court.  Any Request for Exclusion must contain:

(a) the name, address, and telephone number of the member of the Settlement Class;

   (b) a list of all trade names or business names that the member of the Settlement Class requests to be excluded;

   (c) the name of this Action ("*In re European Government Bonds Antitrust Litigation*, No. 1:19-cv-02601 (S.D.N.Y.)" and/or "*Ohio Carpenters' Pension Fund, et al. v. Deutsche Bank AG, et al.*, No. 1:22-cv-10462-VM (S.D.N.Y.)");

   (d) a statement certifying such person is a member of the Settlement Class;

   (e) documents sufficient to prove membership in the Settlement Class;

   (f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class as it relates to the UniCredit Settlement"; and

   (g) the signature of the person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative.

   12. Any person or entity who or which requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

   13. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which has not requested exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance by 68 days after the Notice Date, or as the Court may otherwise direct, and serving copies of such notice of appearance on Co-Lead Counsel and UniCredit's Counsel at the addresses set forth in ¶14 of this Order. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14. Any Settlement Class Member may file a written objection to the proposed Settlement, proposed Distribution Plan, application for an award of attorneys' fees and Litigation Expenses, and/or any service awards for Plaintiffs and appear and show cause, if he, she, or it has any cause, why any of the foregoing should not be approved; ***provided, however***, that no Settlement Class Member shall be heard unless that person or entity has filed a written objection with the Court by 68 days after the Notice Date, or as the Court may otherwise direct, and served copies of such objection on Co-Lead Counsel and UniCredit's Counsel at the addresses set forth below.

|   <u>**Co-Lead Counsel**</u>   ||   <u>**UniCredit's Counsel**</u>   |
|---|---|---|
| Kristen Anderson<br>Scott+Scott Attorneys at Law LLP<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>kanderson@scott-scott.com | Gregory S. Asciolla<br>DiCello Levitt LLC<br>485 Lexington Avenue<br>Suite 1001<br>New York, NY 10017<br>gasciolla@dicellolevitt.com | Boris Bershteyn<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, New York 10001-8602<br>boris.bershteyn@skadden.com |
| Vincent Briganti<br>Lowey Dannenberg, P.C.<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>vbriganti@lowey.com | Todd Seaver<br>Berman Tabacco<br>425 California Street<br>Suite 2300<br>San Francisco, CA 94104<br>tseaver@bermantabacco.com | |

15. Any objections, filings, or other submissions by the objecting Settlement Class Member must contain:

 (a) a heading that refers to this Action by case name and case number;

 (b) a statement of the specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Class or the entire Class;

 (c) the identity, address, and telephone number of all counsel representing the objector (if any);

    (d) a statement of whether the objecting or intervening person or entity intends to appear at the Settlement Hearing, either in person or through counsel;

    (e) a description of any and all evidence the objecting person or entity may offer at the Settlement Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Settlement Hearing;

    (f) documents sufficient to prove membership in the Settlement Class; and

    (g) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared, either as an objector or counsel for an objector, in the last five years.  Persons who have timely submitted a valid Request for Exclusion are not members of the Settlement Class and are not entitled to object.

  16. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein, shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, proposed Distribution Plan, and/or application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of any of the foregoing or from otherwise being heard concerning any of the foregoing in this or any other proceeding.

  17. **Notice and Administration Costs** – All reasonable Notice and Administration Costs up to $300,000 shall be paid as set forth in the Stipulation without further order of the Court. Any Notice and Administration Costs in excess of $300,000 may be paid from the Settlement Fund only with the approval of the Court.

  18. **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the "Escrow Agent"), shall be deemed and considered

to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the Stipulation.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and UniCredit, and the Parties shall revert to their respective positions in the Action as of March 8, 2023, as provided in the Stipulation.

21. **Use of This Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Distribution Plan (or any other plan of Distribution that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (i) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action

or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) shall be offered against any of the Settling Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Plaintiff Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the operative complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) shall be construed against any of the Released Parties or Settling Plaintiff Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties, the Released Parties, the Settling Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.  All proceedings in the Action with respect to Released Parties are stayed until further order of the Court, except as may be necessary to implement the Settlement set forth in the Stipulation or comply with the terms thereof. Pending final determination of whether the Settlement set forth in the Stipulation should be approved, each Plaintiff and each Settlement Class Member, either directly, representatively, or in any other capacity, is enjoined from prosecuting in

any forum any Settled Claims or assisting any third party in commencing or maintaining any suit against any Released Parties related in any way to any Settled Claim.

23. **Supporting Papers** – Co-Lead Counsel shall file the opening papers in support of final approval of the proposed Settlement, the Distribution Plan, and the application for an award of attorneys' fees, reimbursement of Litigation Expenses, and any service awards for Plaintiffs no later than 54 days after the Notice Date, and reply papers, if any, shall be filed no later than 98 days after the Notice Date.

24. **Summary of Deadlines** – The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Settlement Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

- Notice: to commence not later than 75 business days after entry of this Order ("Notice Date");

- Application for Attorneys' Fees and Litigation Expenses ("Fee Application"): to be filed 54 days after the Notice Date;

- Motion for Final Approval of the Settlement ("Final Approval Motion"): to be filed 54 days after the Notice Date;

- Objection Deadline: 68 days after the Notice Date;

- Opt-Out Deadline: 68 days after the Notice Date;

- Claims Deadline: 84 days after the Notice Date;

- Replies in Support of Final Approval Motion and Fee Application: to be filed 98 days after the Notice Date; and

- Settlement Hearing: <u>November 3, 2023</u> at <u>10:00 a.m.</u>

25. In the event that any date or deadline set forth herein falls on a Saturday, Sunday, or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter that is not a federal or New York state holiday.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

DATED: May 16, 2023

_____
Victor Marrero
U.S.D.J.