```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/27/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE EUROPEAN GOVERNMENT BONDS
ANTITRUST LITIGATION

---

**19 Civ. 2601 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Ohio Carpenters' Pension Fund, San Bernardino County Employees' Retirement Association, and Electrical Workers Pension Fund Local 103 I.B.E.W. (collectively, "Plaintiffs") brought this putative antitrust class action, on behalf of themselves and all others similarly situated, against Defendants, which include, among others, Natixis S.A. ("Natixis"), UniCredit Bank AG, and UniCredit Capital Markets LLC (together, with UniCredit Bank AG, "UniCredit").[1] Plaintiffs entered into partial settlements (the "Proposed Settlements" or "Settlements") with UniCredit and Natixis (together, the "Settling Defendants" or "Released Parties") in this action. (See "Settlement with UniCredit Bank AG," or

---

[1] In addition to including Natixis and UniCredit, "Defendants" is defined to include Bank of America, N.A.; Merrill Lynch International; NatWest Markets plc; NatWest Markets Securities Inc.; Nomura Securities International Inc.; Nomura Securities International PLC; UBS AG; UBS Europe SE; UBS Securities LLC; Citigroup Global Markets Limited; Citigroup Global Markets Inc.; JP Morgan Chase Bank, N.A.; J.P. Morgan Securities plc; J.P. Morgan Securities LLC; RBC Europe Limited; Royal Bank of Canada; RBC Capital Markets, LLC; Jefferies International Limited; Jefferies LLC; State Street Corporation; and State Street Bank and Trust Company. See In re European Government Bonds Antitrust Litigation, No. 19 Civ. 2601 (VM) (S.D.N.Y.) (the "In re EGB Action").

1

"UniCredit Settlement," Dkt. No. 349-1; "Settlement with Natixis S.A." or "Natixis Settlement," Dkt. No. 349-2.) The Court preliminarily approved the Proposed Settlements on May 16, 2023. (See Dkt. Nos. 353, 354.)

Coöperatieve Rabobank U.A. and Rabo Securities USA, Inc. (together, "Rabobank") and Deutsche Bank AG and Deutsche Bank Securities Inc. (together, "Deutsche Bank," and collectively, with Rabobank, "Rabo and Deutsche") are non-parties in the In re EGB Action, but are named as defendants in a related matter also before this Court, Ohio Carpenters' Pension Fund, et al. v. Deutsche Bank AG, et al., No. 22 Civ. 10462 (VM) (S.D.N.Y.) (the "Ohio Carpenters Action"). Despite being non-parties here, Rabo and Deutsche were named as "Defendants" in the Proposed Settlements. (See UniCredit Settlement ¶ 1.l.)[2]

Now pending before the Court is Rabo and Deutsche's joint objection to the Proposed Settlements. (See "Objection," or "Obj.," Dkt. No. 356.) Plaintiffs filed their opposition (see "Opposition" or "Opp.," Dkt. No. 358), and Rabo and Deutsche filed their reply (see "Reply," Dkt. No. 361). For the reasons set forth below, Rabo and Deutsche's Objection is **SUSTAINED**, in part, and **OVERRULED**, in part.

---

[2] The Court notes that the UniCredit Settlement and Natixis Settlement include nearly identical provisions. Unless otherwise indicated, the Court will cite to only the UniCredit Settlement with the understanding that the Natixis Settlement includes an identical or similar provision.

2

## I. DISCUSSION

Rabo and Deutsche, parties only to the Ohio Carpenters Action, and not the instant matter, filed a joint Objection to the Proposed Settlements pertaining to the In re EGB Action. In their Objection, they argue that it is inappropriate for the Proposed Settlements to include them as "Defendants" because they are not parties to the instant matter. They further argue that by naming them as Defendants, the Proposed Settlements improperly extinguish their right to seek contribution against the Released Parties. Lastly, they argue that the Proposed Settlements improperly impose discovery burdens on Rabo and Deutsche. The Court addresses each objection in turn.

A. TREATMENT OF RABO AND DEUTSCHE AS "DEFENDANTS" AND IMPACT ON CONTRIBUTION RIGHTS

First, the Court agrees with Rabo and Deutsche that Plaintiffs should not have included them in the definition of "Defendants" in the Proposed Settlements. The Proposed Settlements approved by this Court would provide Plaintiffs and the settlement class with a settlement fund of $27 million and cooperation to aid Plaintiffs in pursuing certain claims. (See Dkt. No. 348 at 1.) The Proposed Settlements specifically define "Defendants" to include all Defendants named in the In re EGB Action, plus Rabo and Deutsche -- the only entities

that are not named as parties to the In re EGB Action. (See UniCredit Settlement ¶ 1.l.) Thus, where the Proposed Settlements impose obligations or restrictions upon "Defendants," any of the entities included within the definition of "Defendants," including Rabobank and Deutsche, would be obligated to comply. However, while Rabo and Deutsche are parties to the related Ohio Carpenters Action, the Court recognizes that they have not been involved in the In re EGB Action as actual parties. And Plaintiffs have failed to cite any authority allowing them to impose demands on non-parties to the *action* (not merely non-parties to the settlement but still parties to the action) or treat them as actual defendants as part of the Proposed Settlements.

Rabo and Deutsche further contend that because they are named as Defendants, the Proposed Settlements improperly impose restrictions on their ability to pursue claims of contribution and indemnification against the Released Parties. Plaintiffs counter that Rabo and Deutsche do not have standing to challenge the settlement. They rely on the Second Circuit's decision in Melito v. Experian Marketing Solutions, Inc. for the proposition that non-parties to a settlement generally lack standing to challenge a partial class settlement. See 923 F.3d 85, 91 (2d Cir. 2019). In Melito, the Second Circuit remarked that

4

"a non-settling defendant," which the court also extended to third-party defendants, "generally lacks standing to object to a court approving a partial settlement because a non-settling defendant is ordinarily not affected by such a settlement." Id. at 91 (quoting Bhatia v. Piedrahita, 756 F.3d 211, 218 (2d Cir. 2014)). The Second Circuit noted an exception, however, that an objection may be raised where a non-settling defendant or a third-party defendant can "demonstrate that it will sustain some formal legal prejudice as a result of the settlement." Id. Plaintiffs argue that Rabo and Deutsche will not suffer legal prejudice because they have not adequately demonstrated that their right to contribution against UniCredit and Natixis has been extinguished.

The Court, however, finds Melito not on point. Melito discusses the propriety of third-party defendants[3] that are non-parties to a settlement to object to the settlement. In Melito, the Second Circuit noted that as a third-party defendant, Experian did not have standing to object to a

---

[3] In Melito, third-party defendant Experian Marketing Solutions, Inc. ("Experian") was originally named as a defendant in the action and subsequently dismissed. See 923 F.3d at 89. The remaining defendants, American Eagle Outfitters and AEO Management Co., then filed a third-party complaint against Experian, claiming contractual indemnity, breach of contract, common-law indemnity, and negligence. See id. This third-party complaint resulted in Experian appearing as a third-party defendant in the action. See id. The Court notes that its reference to third-party defendants is distinct from its reference to non-parties to an action.

standing unless it was stripped of some legal claim or defense. See id. at 91-92. However, its reason for finding that third-party defendants lack standing absent legal prejudice is that as a third-party defendant, Experian "had an opportunity to press its argument" of objecting to the lower court's approval of a settlement in the litigation and would have other opportunities later in the litigation to challenge the settlement, such as "on appeal from a final judgment in *the third-party proceeding*." Id. at 91 (emphasis in original). Otherwise, third-party defendants would have standing to challenge a settlement only where they can demonstrate that they would suffer "some formal prejudice as a result of the settlement," such as where "the settlement agreement formally strips a non-settling party of a legal claim or cause of action." Id. (quoting Bhatia, 756 F.3d at 218). The same logic applies to non-settling defendants, which the Second Circuit discussed in Bhatia. See 756 F.3d at 218.

Here, Rabo and Deutsche are non-parties to the settlement and to the action, as they are neither third-party defendants as discussed in Melito nor non-settling defendants as discussed in Bhatia. Neither Melito nor Bhatia addresses what impact a settlement may have on non-parties to the *action*, specifically where the settlement imposes certain

6

obligations upon them, and what proper avenues exist for non-parties to press their arguments to challenge such a settlement.

Courts have noted that generally, "a person cannot be deprived of his legal rights in a proceeding to which he is not a party." Cobalt Multifamily Invs. I, LLC v. Shapiro, No. 06 Civ. 6468, 2013 WL 5418588, at *1-2 (S.D.N.Y. Sept. 27, 2013) (internal quotation marks omitted) (quoting Martin v. Wilks, 490 U.S. 755, 759 (1989)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."). Unlike the case in Melito, which involved third-party defendants who were sued via a third-party complaint, Plaintiffs here have not shown that as non-parties to the action, Rabo and Deutsche would possess analogous or similar procedural protections afforded to third-party defendants (and non-settling defendants) to otherwise challenge the settlements later in the litigation. Accordingly, the Court finds that it would be improper for Rabo and Deutsche to be considered and treated as "Defendants" in the Proposed Settlements.

Related to the propriety of treating Rabo and Deutsche as "Defendants" in the Settlements is whether it is proper

7

for the Proposed Settlements to impose restrictions on their ability to pursue certain legal claims against the Released Parties. Rabo and Deutsche argue that the Settlements would improperly extinguish their rights to seek contribution and indemnification against the Released Parties. (See Obj. at 1-2.) The provision in the Proposed Settlements relating to contribution and indemnification specifically states:

> This Settlement Agreement is expressly intended to absolve the Released Parties of any claims for contribution, indemnification, or similar claims from other Defendants in the Action, arising out of or related to the Settled Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any Released Parties.

(UniCredit Settlement ¶ 51.)

Plaintiffs counter that the provision is valid because Rabo and Deutsche have not adequately demonstrated that they would sustain legal prejudice, i.e., that their rights of contribution against the Released Parties have actually been extinguished. Plaintiffs contend that the "savings clause" in paragraph 51 of the Proposed Settlements, which states that the release of claims against the Released Parties extends only "to the extent permitted by law" (id.), essentially preserves Rabo and Deutsche's ability to pursue their rights under the law. (See Opp. at 2.)

Plaintiffs rely on In re PNC, a federal district court case from the Western District of Pennsylvania, for the proposition that the savings clause in the Proposed Settlements "preclude[s] any improper and illegal use of the partial settlements agreements to Deutsche Bank and Rabobank's disadvantage." (Opp. at 2 (quoting In re PNC Fin. Servs. Grp., Inc., 440 F. Supp. 2d 421, 453-54 (W.D. Pa. 2006)).) According to Plaintiffs, Rabo and Deutsche would not be able to demonstrate any legal prejudice because of the savings clause, thereby rendering any objections to the Settlements on this ground baseless. The In re PNC case, however, is inapposite because it speaks only to whether non-settling *defendants* can object to bar orders, i.e., orders that would bar certain claims of non-settling defendants after entering into a partial settlement order, such as claims of contribution or indemnification. See 440 F. Supp. 2d at 447-48.

In In re PNC, the district court determined that a bar order that released and discharged certain parties from claims of contribution, as applied to a non-settling defendant, was proper because it was limited by the savings clause "to the fullest extent allowed by law." Id. at 453. The court determined that the bar order did not extinguish the rights of Ernst & Young, a non-settling defendant, to

9

pursue any *viable* claims against the released parties as a matter of law, rendering the bar order proper. See id. at 453-54. However, In re PNC addresses the applicability of a bar order on a non-settling *defendant*, which is still a party to the action, but does not address whether it can apply to non-parties to the action itself.[4]

Unlike Ernst & Young in In re PNC, Rabo and Deutsche are not non-settling defendants in the In re EGB Action; they are not parties to the litigation at all. Courts have routinely determined that bar orders cannot apply to non-parties to an action, as such application violates due process. See Cobalt Multifamily Invs. I, LLC, 2013 WL 5418588, at *1-2; see also Perkins v. Johnson, No. 06 Civ. 1503, 2007 WL 521170, at *1 (D. Colo. Feb. 15, 2007) ("[F]undamental principles of due process preclude me from giving effect to that portion of the parties' agreement affecting the rights of any defendants who may be added at a later time." (internal quotation marks and citation omitted)); Alvarado Partners, L.P. v. Mehta, 723 F. Supp. 540, 554 (D. Colo. 1989) (declining to approve a

---

[4] Plaintiffs also argue that Rabo and Deutsche would not suffer prejudice because they "may be entitled to a set-off of the settlement amounts after trial." (Opp. at 1-2 (citing Hydrolevel Corp. v. Am. Soc. Of Mech. Engineers, Inc., 635 F.2d 118, 130 (2d Cir. 1980)).) However, Hydrolevel Corp., which Plaintiffs cite, pertained to a *defendant's* entitlement to a deduction in settlement amounts after trial. See 635 F.2d at 130. Again, the case does not address the right of non-parties to the action to a set-off of settlement amounts.

proffered partial settlement that sought to "bar potential claims of non-parties to this action," because "[f]undamental due process principles prohibit claim extinguishment against anyone not a party to this action").

While these cases do not specifically address whether a savings clause renders a bar order proper on a non-party to the litigation, the Court is not persuaded that the absence or presence of a savings clause creates a meaningful distinction here. In In re PNC, the district court remarked that the limitations imposed by a savings clause, such as "to the fullest extent allowed by law," "is implicit [in] any contractual agreement." 440 F. Supp. 2d at 453 (citing De Slatopolsky v. Balmoral Condo. Ass'n, Inc., 427 So. 2d 781, 781–82 (Fla. Dist. Ct. App. 1983) for the proposition that "implied in every contract is the fact that it is to be interpreted and enforced in accordance with the law"). While the In re PNC court considered that a savings clause "provides an additional level of protection" to Ernst & Young, id. at 454, the Court finds that the premise underlying a savings clause, such as the one in the instant matter, is necessarily implied in bar orders and other such contractual agreements, as a court should construe such bar orders within the parameters of the law and consistent with due process.

11

Thus, the Court is not persuaded that a bar order, even with a savings clause, may be imposed upon Rabo and Deutsche as non-parties to the In re EGB Action, despite their being parties to the related, but not consolidated, Ohio Carpenters Action. The Court agrees that the Proposed Settlements improperly burden Rabo and Deutsche's rights to pursue claims against the Released Parties, and as the Court determined above, Plaintiffs' treatment and inclusion of the non-party Rabo and Deutsche as "Defendants" in the Proposed Settlements is not appropriate. Accordingly, Rabo and Deutsche's Objection on this ground is **SUSTAINED**, and the Court directs Plaintiffs to remove Rabo and Deutsche from the definition of "Defendants" in the Proposed Settlements.

B.   DISCOVERY BURDENS

Second, the Court finds that Plaintiffs did not impose improper discovery obligations on Rabo and Deutsche. Rabo and Deutsche object that the Proposed Settlements impose discovery obligations on Rabo and Deutsche to search for and produce to a claims administrator documents showing the identities of any U.S.-based European Government Bond transaction counterparties in order to aid Plaintiffs in providing notice to potential class members.[5] The discovery

---

[5] Rabo and Deutsche further argue that the In re EGB and Ohio Carpenters Actions, though related, are not consolidated, involve different sets of defendants, allege distinct conspiracies over different time periods, and

12

obligation that Rabo and Deutsche object to is specifically that in their Memorandum of Law in support of court approval of the Proposed Settlements, Plaintiffs indicated that they planned to "meet and confer with counsel for Deutsche Bank and Rabobank to obtain Class Member information required for notice." (Dkt. No. 348 at 25.)

Plaintiffs argue that the Proposed Settlements do not impose any discovery burdens on Rabo and Deutsche because Plaintiffs are merely asking for their cooperation in connection with the distribution of notice to potential class members that were customers of Rabo and Deutsche, which Plaintiffs contend are routine in class litigation.

The Court agrees with Plaintiffs that based on a plain reading of Plaintiffs' brief, Rabo and Deutsche are not obliged to comply with Plaintiffs' request, as Plaintiffs simply seek Rabo and Deutsche's cooperation in providing notice. Should Rabo and Deutsche choose not to cooperate with Plaintiffs' requests, Plaintiffs have other avenues for obtaining discovery from non-parties, including subpoenas, for which Plaintiffs have already moved. (See Dkt. Nos. 364-1, 364-2, 364-3, and 364-4.)

---

are in different procedural postures, rendering the discovery burdens on non-parties like Rabo and Deutsche improper. (See Obj. at 1.)

Thus, the Court **OVERRULES** Rabo and Deutsche's Objection that the Proposed Settlements improperly impose discovery burdens upon them. Further, in accordance with the Court's Order dated June 16, 2023 (see Dkt. No. 365), the Court directs Rabo and Deutsche to respond to or move to quash Plaintiffs' subpoenas within fourteen (14) days of the date of this Order.

## II.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the objection ("Objection") of Coöperatieve Rabobank U.A., Rabo Securities USA, Inc., Deutsche Bank AG, and Deutsche Bank Securities Inc.'s (collectively, "Rabo and Deutsche") (see Dkt. No. 356) to their inclusion as "Defendants" in Plaintiffs' Proposed Settlements with Natixis S.A., UniCredit Bank AG, and UniCredit Capital Markets LLC (see Dkt. Nos. 349-1, 349-2) is **SUSTAINED**. Plaintiffs are directed to amend the Proposed Settlements to remove Rabo and Deutsche from the definition of "Defendants" within fourteen (14) days of the date of this Order; and it is further

**ORDERED** that the Objection of Rabo and Deutsche to Plaintiffs' discovery request is **OVERRULED**. As Plaintiffs have filed motions to subpoena Rabo and Deutsche (see Dkt. Nos. 364-1, 364-2, 364-3, and 364-4), Rabo and Deutsche shall

have fourteen (14) days from the date of this Order to respond to or move to quash such motions.

**SO ORDERED.**

Dated:    27 June 2023
          New York, New York

_____
Victor Marrero
U.S.D.J.