USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | X |
| | : |
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | : Lead Case No. 1:19-cv-2601 |
| | : |
| | : |
| | X |

### STIPULATION AND ORDER REGARDING DEPOSITION PROTOCOL

The Parties to the above-captioned Action, through their counsel, have stipulated and agreed to give effect to this Stipulation and Order Regarding Deposition Protocols to facilitate discovery in this litigation.

### IT IS HEREBY ORDERED THAT:

**I.     DEFINITIONS**

1.1.    "Action" means the above-captioned matter, and any and all cases consolidated or coordinated with it.

1.2.    "Attending Counsel" shall mean any legal counsel for a Party or Non-Party that is attending a Deposition noticed and taken pursuant to this Stipulation and Order. Attending Counsel does not include Deposing Counsel or Defending Counsel.

1.3.    "Court Reporter" shall mean the individual designated by the Court Reporting Agency to administer and transcribe the Deposition taken pursuant to this Stipulation and Order and who is authorized to administer oaths either by federal or state law.

1.4.    "Court Reporting Agency" shall mean the entity designated by the Deposing Counsel to select a Court Reporter, Videographer and Operator for each remote Deposition.

1.5.    "Defending Counsel" shall mean the legal counsel of the Party, Parties, Non-Party, or Non-Parties being deposed pursuant to this Stipulation and Order who is principally defending

the Deposition. In the case of a witness who is represented by personal and company counsel for the purpose of his or her Deposition, both personal and company counsel shall be treated as "Defending Counsel" under this Stipulation and Order.

1.6.     "Deposing Counsel" shall mean the legal counsel of the Party or Parties noticing a Deposition pursuant to this Stipulation and Order who questions the witness on the record during the Deposition for the purpose of eliciting sworn testimony.

1.7.     "Deposition" shall mean any Deposition upon oral examination taken pursuant to the Federal Rules of Civil Procedure, or any court order in this Action.

1.8.     "Document" shall have the meaning contemplated by Rule 26.3(c)(2) of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York ("Local Rules") and Federal Rule of Civil Procedure 34(a)(l)(A). A reference to "Document(s)" shall include both ESI and Hard Copy Document(s), as defined herein. A draft or non-identical copy is a separate Document.

1.9.     "Exhibit" shall mean any Document or ESI that is marked as an exhibit at a Deposition.

1.10.   "ESI" is an abbreviation of "electronically stored information" and shall have the same meaning it has in Federal Rule of Civil Procedure 34(a)(l)(A).

1.11.   "Hard Copy Document" means a Document maintained in physical form and collected from physical files (paper) and not from electronic sources.

1.12.   "Operator" shall mean the individual designated by the Court Reporting Agency to provide remote technological support to all Parties during the remote Deposition.

1.13.   "Party" or "Parties" means, individually or collectively, all Plaintiffs and Defendants, as well as any later added plaintiffs and defendants.

1.14.    "Non-Party" or "Non-Parties" shall mean all natural or legal persons that are not Parties from whom a Party is seeking a Deposition in the Action.

1.15.    "Remote Deposition Platform" shall mean the software application designated by the Deposing Counsel for hosting the remote Depositions.

1.16.    "Videographer" shall mean the individual designated by the Court Reporting Agency to record the Remote Deposition by videographic means.

## II.    DEPOSITION PROTOCOL

### A.    Noticing Depositions

i.    Any Party may notice a Deposition to be taken remotely pursuant to Section III, *infra*. In lieu of providing a formal notice of Deposition, any Party who seeks to depose a witness who is a current or former employee of another Party will serve an electronic notification to counsel of record in this Action of a request to depose that employee and/or former employee with a proposed date, time, and location. With the exception of Depositions pursuant to Fed. R. Civ. P. 30(b)(6) governed by Section II.H., *infra*, within a week of receiving such notification, the Party the witness is a current or former employee of must confirm whether counsel for such Party will represent that current or former employee, and for former employees, confirm whether counsel for such Party is authorized to accept service of a subpoena (or to waive service) on behalf of the former employee.

ii.    For current employees, and for former employees as to whom counsel is authorized to accept service, Defending Counsel shall propose dates, times, and, if in-person, the location for the Deposition. Deposing Counsel shall then indicate whether Defending Counsel's proposal is acceptable, or otherwise suggest alternatives.  After agreeing on a date, time and location the

noticing Party shall issue a formal notice of Deposition.  The Parties will consult with one another to coordinate, to the extent practicable, all noticing and taking of Depositions.

iii.     If counsel does not represent a former employee, within two weeks of receiving such notification, counsel shall provide the date of departure and last known address of the former employee, and the name of the attorney who represents such former employee, if known.

iv.     Non-Party Depositions need not follow Party Depositions in sequence.

**B.     Duration Of Depositions**

i.     Depositions jointly noticed by Plaintiffs or jointly noticed by Defendants, including any Deposition for which an opposing Party issues a cross-notice contemporaneously with the original notice, will presumptively be limited to seven hours of direct examination over one day, unless the Parties otherwise agree or the Court issues an order based on a showing of good cause. In the event a Party later cross-notices a Deposition first noticed only by an opposing Party, the Parties shall work together in good faith to complete the Deposition in seven hours if possible, but where necessary the Deposition may be extended, or scheduled for an additional consecutive day of 3.5 hours allocated to the cross-noticing side. The Parties may agree to a different arrangement in advance of the Deposition or as ordered by the Court for good cause.  Counsel for a witness or for the Party that is the witness's current or past employer may examine the witness after the Deposing Counsel's examination and that shall not count against the hours of examination.  For the avoidance of doubt, to the extent a witness (i) has individual counsel; (ii) is currently employed by a Defendant that has counsel; and/or (iii) was formerly employed by a Defendant that has counsel, all three sets of counsel are entitled to question the witness at the conclusion of direct examination and that shall not count against the hours of examination. If counsel for the witness's current and/or past employer conducts further examination (i.e., re-cross/re-direct), then the

counsel who conducted the initial examination shall be entitled to further examination (i.e., rebuttal) of the witness for up to the same amount of time as the re-cross/re-direct examination.

  ii.  To the extent that a witness requests an interpreter, and the interpreter is used for all or nearly all of the Deposition, then the parties shall negotiate the appropriate length of the Deposition. If two days are necessary to complete such Deposition, the days shall be consecutive. Any Party or witness intending to use an interpreter shall give notice that an interpreter will be required within ten days of receiving notice of the Deposition.

  iii.  The Party requesting an interpreter shall bear the expense of providing an interpreter. The Parties shall meet and confer to create an agreed-upon list from which the Parties shall select interpreters. The agreed-upon list should be as expansive as possible. If a listed interpreter is not available, the Parties shall meet and confer regarding the selection of an alternative. If the Parties are unable to reach an agreement, the Deposition should go forward and the noticing Party or Parties shall select and bear the expense of the interpreter. This section is included without prejudice to any Party timely moving for a protective order on the basis of a dispute regarding an interpreter.

  **C.**  **Attendance**.  With the exception of Depositions to be taken remotely pursuant to Section III, *infra*, counsel for the Parties may attend any Deposition noticed in this Action. Attending Counsel for the Parties must provide reasonable notice of no less than two business days in advance of the Deposition of the number and identity of attendees prior to each scheduled Deposition.

  **D.**  **Location Of Deposition**.  Unless otherwise agreed, or ordered by the Court, the Parties will depose the deponents in their jurisdiction of residence.

**E.     Daily Schedule**.   The Parties shall make reasonable efforts to ensure that Depositions commence no later than 9:00 a.m. and examination concludes by 6:00 p.m. (in the time zone where the Deposition occurs) Monday through Friday, unless otherwise agreed by counsel with respect to a specific Deposition. This Paragraph shall not be construed to prejudice the Deposing Party's right to examine a witness for the hours allotted under this Order, provided that the Deposing Party proceeds without undue delay.

**F.     Foreign Law**.  The Federal Rules of Civil Procedure and this court's orders will apply to the conduct of any deposition occurring in a foreign location.  To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure and this court's orders or substantially interfere with the ability to take a deposition in that location, the Parties shall meet and confer, and may hold the deposition in an alternate location which allows for their application.  Nothing herein shall be construed to abridge, limit, or modify any testimonial privileges recognized in the foreign jurisdiction.

**G.     Presumption Of One Deposition Per Percipient Witness**.  A percipient witness may be deposed only once pursuant to Fed. R. Civ. P. 30(b)(l) in these proceedings. The exception to this rule is where: (i) a witness properly revokes an earlier assertion of the Fifth Amendment (*see* Section II.M, *infra*); or (ii) the Parties otherwise agree; or (iii) upon order of the Court; or (iv) for Depositions of such witnesses who are also designated as corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6).

**H.     Rule 30(b)(6) Depositions**

i.     For Fed. R. Civ. P. 30(b)(6) Depositions, the Parties shall serve written notice on all counsel in this Action with a list of Deposition topics no later than 45 days before the date noticed for the Deposition. Counsel for the organization must (i) within 14 days of receiving such

notice, identify any objections to the proposed topics, and (ii) within 21 days of receiving such notice, confirm the proposed date, time, and location for the Deposition or offer an alternative date, time and location. Within seven days of receipt of any objections or alternatives requests, the Parties shall meet and confer regarding any objections to the scope, timing or location of the Deposition. If any disputes remain, either Party may seek relief from the Court in accordance with the Court's procedures for discovery disputes.

ii.       Ten days prior to any Fed. R. Civ. P. 30(b)(6) Deposition, the Party who receives a notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) shall provide the name(s) and title(s) of the witness or witnesses who will be providing testimony, along with the specific topics to which the witness or witnesses will be testifying. If a Party wishes to depose a Fed. R. Civ. P. 30(b)(6) corporate representative in his or her individual capacity, the Parties will use their best efforts to consolidate the Depositions (individual and corporate capacity) so that a witness is not required to appear on two separate occasions. Where Depositions are consolidated in this manner, the noticing Party nevertheless will be entitled to a separate time allotment for each Deposition. The noticing Party will clearly indicate when the Fed. R. Civ. P. 30(b)(6) Deposition ends and the Deposition of the witness in his or her individual capacity begins.

**I.       Fact Depositions**

i.       Plaintiffs (collectively) and Defendants (collectively) may each take up to 60 Depositions under Fed. R. Civ. P. 30, 31, or 45. No more than seven Depositions may be taken of witnesses associated with any Defendant and no more than five Depositions may be taken of witnesses associated with any Plaintiff. A witness associated with a Party means any current employee of a Party or any former employee who was employed by that Party during the putative class period. For the avoidance of doubt, Depositions of Non-Parties engaged by any Party,

including in an advisory capacity, shall not be counted as witnesses associated with a Party. The Parties will in good faith attempt to resolve any disputes with respect to the calculation or allotment of Depositions prior to raising any such disputes with the Court.

ii.    For Fed. R. Civ. P. 30(b)(6) Depositions or Fed. R. Civ. P. 45 subpoenas directed to an organization, each seven-hour period of Deposition (whether a single witness or multiple witnesses, and whether on a single noticed topic or a reasonable number of multiple noticed topics) will count as one Deposition against the total allotment for Party fact Depositions provided in this paragraph. For the avoidance of doubt, the presumption of one Deposition per witness does not apply to Fed. R. Civ. P. 30(b)(6) Depositions.

iii.    Plaintiffs may take up to ten total hours of Fed. R. Civ. P. 30(b)(6) testimony per corporate Defendant family regardless of the number of individual corporate representatives a corporate Defendant family designates in response to Plaintiffs' Rule 30(b)(6) deposition notice and regardless of whether all of the Fed. R. Civ. P. 30(b)(6) testimony occurs on the same day, except that no Fed. R. Civ. P. 30(b)(6) testimony by any individual corporate representative may exceed seven hours absent prior agreement of the parties. The time limit may be expanded by stipulation or for good cause upon motion to the Court.

iv.    For subpoenas, each Party must provide all other Parties with: (i) notice pursuant to Fed. R. Civ. P. 45; (ii) a written record of any oral or written modification to the subpoenas; (iii) notice that the Party has received any Documents or data from the Non-Party in response to the subpoena; and (iv) a copy of such Documents or data, no later than five business days after receiving such Documents or data but at least five days prior to the Non-Party's Deposition.

v.    For the avoidance of doubt, any rights to conduct Depositions pursuant to any settlement agreement shall not count against the Deposition limits set forth above.

**J.**    **Withdrawal Of Deposition Notices**.  Upon reasonable notice, a Deposing Party (including Plaintiffs collectively or Defendants collectively) may withdraw a Deposition notice, and that Deposition will not count against the Party for purposes of the number of Depositions allotted herein.

**K.**    **Conduct At Depositions**.  All objections are subject to Fed. R. Civ. P. 30(c)(2). An objection on behalf of one defendant is deemed an objection on behalf of all Defendants. Similarly, an objection on behalf of one plaintiff is deemed an objection on behalf of all Plaintiffs. Any objection to the form of a question by Defending Counsel for any Party shall be deemed to have been made on all grounds for a form objection. Notwithstanding anything to the contrary in Fed. R. Civ. P. 32(d)(3), no objection other than an objection to the form of the question shall be waived by failure to assert it during the Deposition. Defending Counsel shall avoid making speaking objections.

**L.**    **Time Of Depositions**.  The Court Reporter shall maintain a total running time for the actual Deposition to measure compliance with the time limitations and the time allocation provisions above.

**M.**    **Fifth Amendment Depositions**.  Defending Counsel for any witness who intends to assert his or her right to refuse to answer any questions under the Fifth Amendment of the United States Constitution (or similar provision of law) shall endeavor to provide notice of that intent no later than five days before the scheduled Deposition.  Any person who at a Deposition asserts his or her right not to testify under the Fifth Amendment of the United States Constitution (or similar provision of law) will be bound by that assertion of the privilege and shall not be permitted to testify otherwise.  Should any person decide to revoke their Fifth Amendment privilege (or similar

provision of law), such person must agree to sit for another Deposition to the extent that either Party wants to take such Deposition, and Plaintiffs reserve their rights to challenge any revocation.

N.    **Hague Convention Depositions.**  To the extent not inconsistent with the United States Code, the Federal Rules of Civil Procedure, the Local Rules, and applicable foreign law, this Order applies to any foreign Depositions of witnesses residing abroad for which (i) the Court issues a Letter of Request For International Judicial Assistance either under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") or as Letters Rogatory to non-Hague signatories and (ii) a foreign court permits the Deposition to occur. To the extent not inconsistent with applicable foreign law, if a foreign court order is required to secure a foreign witness's attendance, then, unless the following limitations are expanded by an order by the foreign court, any foreign witness may be examined only by (i) a Party who has obtained valid Letters Rogatory or a valid Hague request for good cause; (ii) the witness's counsel; and (iii) counsel for a Party associated with the witness (which shall include the current or former employer of a witness), who may cede up to one hour of their examination time to allow questioning by counsel for any other Party on the same side. Other parameters of any such foreign Depositions, including date, time, location, ground rules, etc., shall otherwise be set by the foreign court with jurisdiction over the witness. The Parties shall meet-and-confer concerning the appropriate form of any Hague Convention Letters of Request or Letters Rogatory, as well as a preliminary list of any Depositions that the Parties expect to seek of witnesses residing abroad.

O.    **Deposition Logistics and Costs**.  For in-person Depositions, the first Party to notice the Deposition will be responsible for arranging for the Deposition space, Court Reporter, and (if necessary) Videographer. The Parties shall bear their own costs in obtaining a transcript and/or video record of the Deposition unless the Parties agree to share these costs.

**P.** **Correction and Signing of Deposition Transcripts**.  Within 30 days after the Deposition is completed, unless expressly waived by the witness, a transcript of the Deposition shall be provided to the witness for correction and signature. The Deposition transcript may be signed or certified under penalty of perjury within 45 days after the date that the final transcript is received by counsel for the witness. If no corrections are made during this time, then, absent any agreement to extend these deadlines, the transcript will be presumed accurate. The Parties may agree to reasonable extensions of these deadlines.

**Q.** **Additional Depositions**.  Any witness appearing on a Party's final trial witness list who has not previously been deposed in the Action may be deposed within the two months prior to the trial date (or, if the Parties agree, during trial).

**R.** **Numbering Of Deposition Exhibits**.  All Deposition Exhibits shall be marked as follows: [Deponent's First Initial +Last Name, Exhibit #] (e.g., J. Doe, Exhibit 1). If a witness is deposed more than once, the numbering will follow the numerical value used in the last exhibit from the prior Deposition.

**S.** **Physical Documents and Exhibits Used During Deposition**

i.    Counsel for the Parties may use any physical Document or Exhibit during the Deposition, in accordance with the Protective Order (ECF No. 291).

ii.    Counsel noticing the Deposition shall provide any counsel for Non-Party witnesses with a copy of the Protective Order.

iii.    Counsel for Non-Party witnesses may use any Document during the Deposition in accordance with the Protective Order.

### III.    REMOTE DEPOSITIONS

#### A.    Applicability and General Principles

**i.    Applicability.**  Nothing in this section shall prevent a Deposition from proceeding in person if Deposing Counsel, Defending Counsel, and the witness agree.  Where the witness appears for a Deposition remotely, the following Remote Deposition Protocol shall apply.

**ii.    General Principles.**  The Parties agree that this Stipulation and Order applies to remote Depositions of Non-Parties under Fed. R. Civ. P. 45 and shall work in a collaborative manner in attempting to schedule remote Depositions of Non-Parties.

#### B.    Remote Deposition Protocol

**i.    Notice of Remote Deposition.**  Any Party may notice a Deposition to be taken remotely pursuant to the terms of this Stipulation and Order by so indicating in the notice of Deposition. The Parties agree that this Stipulation and Order applies to remote Depositions of Parties and Non-Parties under Fed. R. Civ. P. 45 and shall work in a collaborative manner in attempting to schedule remote Depositions of Non-Parties. The Party noticing any Non-Party Deposition shall provide this Stipulation and Order to counsel for any Non-Party under Fed. R. Civ. P. 45 at a reasonable time before the date of the Deposition.

**ii.    Remote Administration of Oath**.  The Parties agree and the Court finds that a Court Reporter may administer the oath to a deponent remotely, even if the Court Reporter is not in the physical presence of the witness. The Court Reporter administering the oath to the witness shall ask the witness to present government-issued identification satisfactory to the Court Reporter, and this identification must be legible on the video record. Further, if a Court Reporter is not authorized to administer oaths in the place of examination (which shall be considered to be the place where the deponent is located) pursuant to Fed. R. Civ. P. 28, the Parties agree and the Court

finds that extenuating circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts and video recordings may be used by or against all Parties in this Action to the same extent that would otherwise be permissible under applicable court orders, rules of court, rules of procedure, and rules of evidence.

      **iii.**     **Video Conferencing.**  Where the witness, Defending Counsel, and/or Deposing Counsel are appearing for the Deposition remotely, then the Remote Deposition Platform shall be utilized for court reporting, video conference, and remote Deposition services. The Parties agree that an employee of the Court Reporting Agency and a Videographer may attend via remote means each remote Deposition to video record the Deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms. The Remote Deposition Platform must have sufficient security features in place to prevent the public disclosure of protected information designated under the Protective Order in this Action.[1]

        a.     Details regarding the video conferencing to be used for each Deposition will be made available to all Parties, where possible, no later than 24 hours before the Deposition. Counsel shall each be responsible for acquiring, maintaining and utilizing computer, audio and video equipment that meets the minimum requirements recommended by the Court Reporting Agency. Defending Counsel shall consult with the deponent prior to the Deposition to ensure the deponent has the required technology.[2]  If not, Defending Counsel shall endeavor to supply it

---

[1] For purposes of this protocol, use of Zoom technology with a passcode-protected meeting room shall constitute sufficient security features.

[2] The technology required to participate in a remote Deposition would include a computer with an internet connection with bandwidth sufficient to sustain the remote Deposition; a webcam; a microphone, headset or similar device; and a telephone. Additional technology that witness may require includes a portable WiFi hotspot and an additional monitor to ease viewing of Exhibits.

prior to the Deposition. In the case of Non-Party witnesses, counsel noticing the Deposition shall supply any necessary technology that the deponent does not have.

        b.     The Parties agree to work collaboratively and in good faith with the Videographer to assess each deponent's technological capabilities and to troubleshoot any issues at least 48 hours in advance of the Deposition so any adjustments can be made. If necessary, Deposing Counsel and Defending Counsel shall arrange for the witness to participate in a "test run" of the Remote Deposition Platform, at least 48 hours before the scheduled date of the Deposition.  The Parties will discuss any further details related to the Remote Deposition Platform in advance of the Deposition, and if there are any disagreements, will raise those with the Court.

        c.     The witness, Defending Counsel, Deposing Counsel, and each person physically present in the same room as the witness shall keep their cameras turned on while the remote Deposition is being conducted. Other participants shall keep their cameras off at all times, except as otherwise directed by the Court Reporter. The Remote Deposition Platform should display the witness, Defending Counsel, and Deposing Counsel on the video screen at all times, unless one or more counsel must be taken off screen to display an Exhibit; however, the witness should always be on screen.

        d.     There should be no unrecorded or unnoted conversations (including through text message, electronic mail, or the chat feature in the video conferencing system) between the witness and any counsel involved in this case (including Defending Counsel) during a remote Deposition while the witness is on the record, and Deposing Counsel may ask the witness and Defending Counsel to certify, on the record, that no such conversations have taken place. Furthermore, witnesses in Depositions taken pursuant to this Stipulation and Order shall not use or consult any means of communications while on the record during the Deposition (other than

audio and video communications used to conduct the Deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone). All counsel attending the Deposition will also stipulate, on the record and at the beginning and end of each Deposition, that they (and any individual working with them) will not communicate and have not communicated with the witness (respectively) while the witness is on the record other than in the presence of the Court Reporter and Videographer. Nothing in this Stipulation and Order prevents a witness from seeking advice regarding the application of a privilege or immunity from testifying during the course of a Deposition taken pursuant to this Stipulation and Order. Nothing in this section prohibits consultations by Defending Counsel with witnesses during Deposition breaks.

   e. During breaks in the Deposition, the Parties may use the breakout room feature provided by the Remote Deposition Platform, which simulates a live breakout room through video conference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Remote Deposition Platform before the Deposition and controlled by the Remote Deposition Platform.

  **iv.** **Deposition Recording**

   a. Remote Depositions shall be recorded by stenographic means by the Court Reporter consistent with the requirements of Fed. R. Civ. P. 30(b)(3), and the Court Reporter's transcript shall constitute the official record. In addition to recording the Deposition by stenographic means, each witness shall be video-recorded as shown through the Remote Deposition Platform. The Videographer shall record the remote Deposition at the direction of the Court Reporter, and shall not record the remote Deposition during times when the Court Reporter suspends it. To the extent feasible, the video recording shall be limited to the witness, but audio

of all participants shall be recorded. However, this provision is separate from, and does not supplant, Section III.B.iii.c, *supra*, as to the individuals that should be displayed on screen during the Deposition (rather than recorded for the official Deposition video). For the purposes of Fed. R. Civ. P. 30(c)(1), the Videographer shall be considered to be acting in the presence and under the direction of the Court Reporter, so long as the Videographer is able to hear and take direction from the Court Reporter, even though the Videographer may be in a different physical location than the Court Reporter.

b.       The Parties further stipulate and the Court finds, pursuant to Fed. R. Civ. P. 29(a), that the recorded video provided in a digital file by the Remote Deposition Platform may be used in proceedings in this case, including at a hearing or trial, as if it were a recording of an in-person Deposition prepared by a certified Videographer, and that each side will waive any objections based on the fact that the Deposition was taken remotely. The Parties will cooperate on technical issues regarding the digital file (e.g., assuring audio and video quality, displaying Exhibits, removing segments that were off the record, and affixing time stamps).

**v.    Technical Issues**

a.       **Audio or Video Issues.**  Should technical issues, such as audio or video issues, prevent the Court Reporter, witness, Deposing Counsel, or Defending Counsel from reliably seeing one another, hearing one another, or, in the case of the Court Reporter, transcribing the testimony, at any point during a Deposition taken pursuant to this Stipulation and Order, the Deposition shall be recessed until the technical issue is resolved. Should technical issues prevent the Court Reporter from reliably hearing or transcribing the testimony at any Deposition taken pursuant to this Stipulation and Order and such technical issue cannot be remedied in a timely manner, Deposing Counsel, Defending Counsel, and Attending Counsel shall meet, confer, and

cooperate with one another to address the problem, including but not limited to rescheduling the Deposition. Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that and starting when Deposing Counsel or Defending Counsel specifies it is "off the record." If a technical issue prevents Deposing Counsel or Defending Counsel from speaking to other participants, the Deposition shall be deemed "off the record" from that time. The Parties will act in good faith to account for any time lost to technical issues to permit Deposing Counsel to use the full time it is permitted for the Deposition.

b.      **Making Objections.**  If a technical issue prevents Defending Counsel from hearing a question and/or interposing a timely objection on the record, then Defending Counsel shall notify the Deposition attendees as soon as possible (e.g., by using the chat features of the video conference or emailing counsel). Defending Counsel's objection to that question is preserved if (i) the objection is asserted promptly on the record after the technical issue is resolved, or (ii) if the technical issue cannot be resolved and the Deposition is continued, the objection is asserted in writing to Deposing Counsel, Attending Counsel and the Court Reporter within three business days of receiving the rough transcript that includes the question at issue.

c.      **Operator.**  The Court Reporting Agency shall designate an Operator to assist the participants with any technical issues that may arise with respect to the remote Deposition, including to ensure that Exhibits are properly displayed during the Deposition. For purposes of clarity, Confidential or Highly Confidential information may be disclosed to such Operator during the course of a Deposition without violating the Court's Protective Order, and such Operator shall be bound by the Protective Order.

vi.    **Remote Deposition Exhibits**

a.    **Electronic Exhibits.**  The Parties agree that the noticing Party is under no obligation to provide any participant with hard copy Exhibits in advance of a remote Deposition. The noticing Party may instead introduce Exhibits electronically during the Deposition, by using the Remote Deposition Platform document-sharing technology, so long as the method employed permits the presentment of the electronic Exhibits at the Deposition to all participants (whether participating in-person or by video) and the noticing Party makes available to other counsel a platform that allows downloading the Exhibits after the Exhibits have been marked and entered into the record during the Deposition. Throughout the Deposition, witnesses and counsel participating in person or by video shall have the ability to review all electronic Exhibits after they have been marked and entered into the record. The complete Exhibit entered into the record shall be available to the witness, Defending Counsel, and Attending Counsel to review regardless of whether Deposing Counsel displays only certain pages of the Document on any platform display. The witness shall have the independent ability to manipulate the Exhibit (scrolling, etc.) to facilitate their review. In other words, neither a witness nor any counsel participating in person or by video shall be limited during the course of the examination to only those portions of an electronic Exhibit that Deposing Counsel focuses on and/or displays via an electronic platform display. The fact that a witness was provided with an electronic copy of an Exhibit will be an insufficient basis, by itself, to object to the admissibility of that Exhibit at trial.  The Parties will work in good faith to resolve any issues regarding the accessibility of electronic Exhibits, and to the extent possible, will work to do so in advance of any remote Deposition.

### vii.    Other Remote Deposition Logistics

a.    The time shown on the transcript and video shall be the local time in the place where the deponent is located.

b.    Absent a special need, the witness will not have access to or use of the Realtime feed from the Court Reporter at any time during the Deposition.

c.    Witnesses will testify on the record that they do not have any notes or Documents available to them while the Deposition is on the record, other than any that are disclosed and provided to all Parties.

d.    The Court Reporter may be given a copy of the video recording (of any videotaped Deposition) and may review the video recording to improve the accuracy of any written transcript.

e.    The Party that noticed the Deposition shall be responsible for procuring a written transcript of the remote Deposition.

f.    The Party that noticed the Deposition shall provide the Remote Deposition Platform with a copy of this Stipulation and Order at least 24 hours in advance of the Deposition.

g.    All objections to the use and admissibility of the transcript or video of a Deposition taken pursuant to this Stipulation and Order based solely on the fact that the Deposition was taken by remote means are deemed waived. The Parties reserve all other objections to the use of any Deposition testimony at trial.

## IV.    GENERAL PROVISIONS

A.    **Modification.**  The Parties may mutually agree to modify or extend any provision herein. For any modification or extension that will impact established submission dates to this Court, any application to modify or extend the dates herein shall be made in an application in

accordance with the Court's Individual Rules and Procedures for Civil Cases and shall be made no less than two business days prior to the expiration of the date sought to be extended. The Parties expressly reserve the right to petition the Court to limit or expand certain provisions upon a showing of good cause.

      **B.**    **Non-Waiver**.  The Parties agree that neither the stipulation to this Order nor the production of a deponent pursuant to this Order shall be construed as consent by any defendant to personal jurisdiction or venue or as a waiver or forfeiture of any defense to claims or objection to requests for discovery, including without limitation defenses or objections based on lack of personal jurisdiction or improper venue.

Dated: December 15, 2023

**DICELLO LEVITT LLC**

By: */s/ Gregory S. Asciolla*
Gregory S. Asciolla
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 933-1000
gasciolla@dicellolevitt.com

**BERMAN TABACCO**

By: */s/ Todd A. Seaver*
Todd A. Seaver
425 California Street, Suite 2300
San Francisco, CA 94104
Tel.: (415) 433-3200
tseaver@bermantabacco.com

*Interim Co-Lead Counsel*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: */s/ Kristen M. Anderson*
Kristen M. Anderson
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Tel: (212) 223-6444
kanderson@scott-scott.com

**LOWEY DANNENBERG, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti
44 S. Broadway
White Plains, NY 10601
Tel: (914) 997-0500
vbriganti@lowey.com

---

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: December 18, 2023
New York, New York

**CRAVATH, SWAINE & MOORE LLP**

By: */s/ John Buretta*
John Buretta
Helam Gebremariam
825 Eighth Avenue
New York, NY 10019
Telephone: 212-474-1000
Facsimile: 212-474-3700
jburetta@cravath.com
hgebremariam@cravath.com

*Attorneys for Defendant Nomura*
*International plc*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jon R. Roellke*
Jon R. Roellke
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-739-3000
Facsimile: 202-739-3001
jon.roellke@morganlewis.com
(admitted *pro hac vice*)

Brian A. Herman
101 Park Avenue
New York, New York 10178
Telephone: 212-309-6000
Facsimile: 212-309-6001
kenneth.schacter@morganlewis.com
brian.herman@morganlewis.com
jawad.muaddi@morganlewis.com
elizabeth.buechner@morganlewis.com

*Attorneys for Defendants Jefferies International*
*Limited and Jefferies LLC*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: */s/ Lev L. Dassin*
Lev L. Dassin
Roger A. Cooper
Andrew Weaver
One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
ldassin@cgsh.com
racooper@cgsh.com
aweaver@cgsh.com

*Attorneys for Defendants Citigroup Global*
*Markets Inc. and Citigroup Global Markets*
*Limited*

**SHEARMAN & STERLING LLP**

By: */s/ Adam S. Hakki*
Adam S. Hakki
Richard F. Schwed
Grace J. Lee
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (646) 848-4000
ahakki@shearman.com
rschwed@shearman.com
grace.lee@shearman.com

*Attorneys for Defendants Bank of America, N.A.*
*and Merrill Lynch International*

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Kristen Limarzi*
Kristen Limarzi
Amy Feagles
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8678
Facsimile: (202) 530-9527
klimarzi@gibsondunn.com
afeagles@gibsondunn.com
(admitted *pro hac vice*)

*Attorneys for Defendants UBS AG, UBS Europe SE, and UBS Securities LLC*

**DAVIS POLK & WARDWELL LLP**

By: */s/ Paul S. Mishkin*
Paul S. Mishkin
Charlotte M. Savino
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
paul.mishkin@davispolk.com
charlotte.savino@davispolk.com

*Attorneys for Defendants NatWest Markets Plc and NatWest Markets Securities Inc.*