USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | X<br>:<br>:<br>:<br>:<br>X | Lead Case No. 1:19-cv-2601<br>The Honorable Victor Marrero<br>The Honorable Sarah Netburn |

## STIPULATION AND DATA PRIVACY ORDER

Discovery requests filed in the above-captioned action (the "Litigation") may call for the production of personal or private information subject to foreign or domestic bank secrecy, data protection, or privacy laws. Accordingly, the Parties request that the Court enter this proposed Data Privacy Order pursuant to Fed. R. Civ. P. 26(c) to facilitate document disclosure and production in the Litigation. The Parties acknowledge that this Data Privacy Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. This Data Privacy Order shall survive the termination of the Litigation, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of the Litigation. All provisions of this Order shall continue to be binding unless otherwise agreed or ordered by the Court.

A Stipulation and Protective Order Regarding Confidential Discovery Material was entered on September 16, 2022, ECF No. 291 (the "Protective Order"). The Protective Order governs the designation and treatment of "Confidential" and "Highly Confidential" materials, as those terms are defined therein. An Order Re: Discovery of Electronically Stored Information and Hard Copy Documents was entered on September 16, 2022, ECF No. 292 (the "ESI Protocol"). The Protective Order and ESI Protocol are incorporated herein by reference.

This Data Privacy Order shall govern the handling of all Discovery Material. In addition, this Data Privacy Order applies not only to Protected Material, as defined in paragraph 1.11 of the Protective Order, but also to any summaries, digests, notes, recordings, copies, or other versions of such information, however maintained or transmitted.

**DEFINITIONS**

1. Confidential Banking Data: any bank secrecy, personal, or private information that a party reasonably believes are subject to any foreign or domestic statutes, regulations, or other laws applying to information held in the ordinary course by financial institutions that prohibit or otherwise limit the disclosure of such information.

2. Discovery Material: defined in paragraph 1.4 of the Protective Order.

3. Foreign Personal Data: defined in paragraph 1.7 of the Protective Order.

4. Personally Identifying Information: includes, but is not limited to, Social Security Numbers, driver's license or other identification numbers, personal financial information (such as, but not limited to, tax information, bank account numbers, and credit card numbers), sensitive personal information (such as, but not limited to, health information, gender identity, race, political affiliation, and information about family members), insurance claim numbers, and insurance policy numbers, and the private contact information of individual Plaintiffs, individual employees or agents of the Defendants, or individuals not a Party to this Litigation.

5. Privileged Material: defined in paragraph 1.18 of the Protective Order.

6. Producing Party: defined in paragraph 1.18 of the ESI Protocol.

7. Protected Material: defined in paragraph 1.11 of the Protective Order.

8. Receiving Party: defined in paragraph 1.19 of the ESI Protocol.

**IT IS THEREFORE ORDERED THAT:**

9. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following procedures shall be adopted with respect to Confidential Banking Data, Foreign Personal Data, and Personally Identifying Information.

10. If any Producing Party is called upon to produce Discovery Material in the Litigation that contains Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information, such Producing Party may designate such Discovery Material as Highly Confidential under the terms of the Protective Order and such Discovery Material shall thereafter be subject to the protections set forth in the Protective Order for Discovery Material designated as Highly Confidential.

11. Subject to the notification and conferral process set forth in Section VI of the Protective Order, any Producing Party may redact from Discovery Material any Confidential Banking Data, Foreign Personal Data, or Personally Identifying Information. Confidential Banking Data, Foreign Personal Data, and Personally Identifying Information shall be redacted from any public filing not filed under seal.

   a. The Producing Party shall mark each redaction and specify the basis for the redaction, consistent with the requirements of the ESI Protocol by adding text in the redaction reading "PII", "Confidential Banking Data", and/or "Foreign Personal Data" as appropriate.

   b. The Producing Party shall preserve an unredacted version of every Discovery Material throughout the Litigation. If Counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material

        shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

    c.    The right to challenge and the process for challenging redactions shall be the same as the right to challenge and process for challenging a confidentiality designation as set forth in Section V of the Protective Order.

12.    The production of Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information (including metadata) that has not been redacted, whether inadvertent or otherwise, and without regard to whether or not the Producing Party took reasonable steps to prevent disclosure, does not constitute a waiver of any protection from discovery in this Litigation or in any other proceeding under any federal, state, or foreign data protection or banking secrecy laws or regulations or other privacy or secrecy obligations. This provision shall be interpreted to provide the maximum protection allowed by the Fed. R. Evid. 502(d).

13.    If the Producing Party notifies the Receiving Party of an unintentional production of Discovery Material containing Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information that has not been redacted, the Receiving Party shall apply the same procedures as for the claw back of Privileged Material set forth in paragraph 13.2 of the Protective Order.

14.    The Receiving Party shall maintain any Protected Material that is provided under this Data Privacy Order consistent with the procedures set forth in Section VII of the Protective Order. Any person in possession of Protected Material that contains Confidential Banking Data, Foreign Private Data, and/or Personally Identifying Information that has not been redacted shall maintain a written information security policy that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such material, protect against any reasonably anticipated threats or hazards to the security of such material, and protect against

unauthorized access to such material. To the extent a party or person does not have an information security policy, they may comply with this obligation by having the Protected Material managed by or stored with eDiscovery vendors or other third parties that maintain such an information security policy. To the extent there is any conflict between the obligations set forth in this paragraph and the procedures set forth in Section VII of the Protective Order, the obligations most protective of the Protected Material shall apply.

15. All documents and materials filed on the Court's docket that contain Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information that has not been redacted, including, *inter alia*, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings, shall be filed under seal, consistent with the procedures set forth in Section IX of the Protective Order.

16. This Order does not address how Discovery Material containing Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information will be used at trial. The Parties may raise this issue in pre-trial motions.

17. Entry of this Data Privacy Order shall not prejudice the right of any Party to seek other or further relief from the Court, including, but not limited to, other protections necessary to produce Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information or to comply with federal, state, or foreign data protection laws or other non-disclosure obligations. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Data Privacy Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Data Privacy Order.

18. Nothing in this Data Privacy Order abridges the right of any person to seek its modification by the Court in the future.

19. In the event that any person or Party should violate the terms of this Data Privacy Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Data Privacy Order consistent with the terms set forth in Section XX of the Protective Order. Any dispute between the Parties regarding this Data Privacy Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable Rules. The Parties and any other person subject to the terms of this Data Privacy Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

Dated: January 12, 2024
New York, New York

**SO STIPULATED:**

| **DICELLO LEVITT LLC** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **LOWEY DANNENBERG, P.C.** |
|---|---|---|
| By: */s/ Gregory S. Asciolla*<br>Gregory S. Asciolla<br>485 Lexington Avenue, Suite 1001<br>New York, New York 10017<br>Tel: (646) 933-1000<br>gasciolla@dicellolevitt.com | By: */s/ Kristen M. Anderson*<br>Kristen M. Anderson<br>The Helmsley Building<br>230 Park Ave., 17th Floor<br>New York, NY 10169<br>Tel: (212) 223-6444<br>kanderson@scott-scott.com | By: */s/ Vincent Briganti*<br>Vincent Briganti<br>44 S. Broadway<br>White Plains, New York 10601<br>Tel: (914) 997-0500<br>vbriganti@lowey.com |

**BERMAN TABACCO**

By: */s/ Todd A. Seaver*
Todd A. Seaver
425 California Street, Suite 2300
San Francisco, California 94104
Tel.: (415) 433-3200
tseaver@bermantabacco.com

*Interim Co-Lead Counsel*

**CRAVATH, SWAINE & MOORE LLP**

*By: /s/ John Buretta*
John Buretta
Helam Gebremariam
825 Eighth Avenue
New York, New York 10019
Telephone: 212-474-1000
Facsimile: 212-474-3700
jburetta@cravath.com
hgebremariam@cravath.com

*Attorneys for Defendant Nomura International plc*

**MORGAN, LEWIS & BOCKIUS LLP**

*By: /s/ Jon R. Roellke*
Jon R. Roellke
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-739-3000
Facsimile: 202-739-3001
jon.roellke@morganlewis.com
(admitted *pro hac vice)*

Brian A. Herman
101 Park Avenue
New York, New York 10178
Telephone: 212-309-6000
Facsimile: 212-309-6001
kenneth.schacter@morganlewis.com
brian.herman@morganlewis.com
jawad.muaddi@morganlewis.com
elizabeth.buechner@morganlewis.com

*Attorneys for Defendants Jefferies International Limited and Jefferies LLC*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*By: /s/ Lev L. Dassin*
Lev L. Dassin
Roger A. Cooper
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
ldassin@cgsh.com
racooper@cgsh.com
aweaver@cgsh.com

*Attorneys for Defendants Citigroup Global Markets Inc. and Citigroup Global Markets Limited*

**SHEARMAN & STERLING LLP**

*By: /s/ Adam S. Hakki*
Adam S. Hakki
Richard F. Schwed
Grace J. Lee
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (646) 848-4000
ahakki@shearman.com
rschwed@shearman.com
grace.lee@shearman.com

*Attorneys for Defendants Bank of America, N.A. and Merrill Lynch International*

| GIBSON, DUNN & CRUTCHER LLP | DAVIS POLK & WARDWELL LLP |
|---|---|
| *By: /s/ Kristen Limarzi*<br>Kristen Limarzi<br>Amy Feagles<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: (202) 955-8678<br>Facsimile: (202) 530-9527<br>klimarzi@gibsondunn.com<br>afeagles@gibsondunn.com<br>(admitted *pro hac vice*)<br><br>*Attorneys for Defendants UBS AG, UBS Europe SE, and UBS Securities LLC* | *By: /s/ Paul S. Mishkin*<br>Paul S. Mishkin<br>Charlotte M. Savino<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>paul.mishkin@davispolk.com<br>charlotte.savino@davispolk.com<br><br>*Attorneys for Defendants NatWest Markets Plc and NatWest Markets Securities Inc.* |

The Court having found that good cause exists for issuance of an appropriately tailored data privacy order pursuant to Fed. R. Civ. P. 26(c), it is therefore hereby

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: January 16, 2024
New York, New York

8