```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION | Case No. 1:19 Civ. 2601 (VM) |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs Ohio Carpenters' Pension Fund, Electrical Workers Pension Fund Local 103 I.B.E.W., and San Bernardino County Employees' Retirement Association ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and Defendants State Street Corporation and State Street Bank and Trust Company together with their affiliates and subsidiaries ("State Street," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against State Street and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with State Street Corporation (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated June 16, 2021 (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (v) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on April 19, 2024 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against State Street; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 15, 2021; and (ii) the Notice and the Publication Notice, both of which were filed with the Court on November 11, 2022.

4. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only the following Settlement Class:

> All persons or entities who or which purchased or sold one or more European Government Bond(s) in the United States directly from a Defendant or a direct or indirect parent, subsidiary, affiliate, or division of a Defendant, or any of their conspirators, from January 1, 2007 through December 31, 2012 (the "Settlement Class Period"). Excluded from the Settlement Class are: Defendants; past and present direct or indirect parents (including holding companies), subsidiaries,

affiliates, associates, or divisions of Defendants; the United States government; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff and any juror assigned to this Action; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class" or "Class." Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice and whose request is accepted by the Court.

5. The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

   a. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

   b. Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Class.

   c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class.

   d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs are certified as class representatives of the Settlement Class.

   e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual Settlement Class Members.

   f. Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

   g. Pursuant to Rule 23(g), Co-Lead Counsel are certified as class counsel for the Settlement Class.

6. The Court's certification of the Settlement Class, and certification of Plaintiffs as class representatives of the Settlement Class, as provided herein is without prejudice to, or waiver

of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class or appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

7. **Settlement Notice** – The Court finds that the dissemination of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder), (b) their right to object to any aspect of the Settlement, and (c) their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the Releases provided for therein and the dismissal with prejudice of the claims asserted against State Street in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class after considering the factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v.*

*Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.

9. All of the claims asserted against State Street in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be binding on State Street, the other Released Parties, Plaintiffs, and all other Settling Plaintiff Parties.

11. **Releases** – The Releases set forth in ¶¶3-10 of the Stipulation, together with the definitions contained in ¶1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, Plaintiffs, the Settling Plaintiff Parties, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of the Settled Claims[1]

---

[1] "Settled Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Settling Plaintiff Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any capacity against State Street and any other Released Parties that arise from or relate in any way to the

against State Street and the other Released Parties, and shall forever be enjoined from prosecuting any or all of the Settled Claims against any of the Released Parties.

(b) Without further action by anyone, and subject to ¶13 of this Order, upon the Effective Date of the Settlement, State Street and the other Released Parties, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of the Released Parties' Claims[2] against Plaintiffs and the other Settling Plaintiff Parties, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against Plaintiffs and any of the other Settling Plaintiff Parties.

12. Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code and any similar statutes (to the extent they apply to the Action). Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

---

conduct alleged, or conduct that could have been alleged and that arises from the factual predicate of the Action, including any amended complaint or pleading therein. Settled Claims shall not include: (i) claims based on transactions that are outside the extraterritorial reach of the Sherman Act pursuant to Section 6a of the Sherman Act, 15 U.S.C. §6a; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submits a request for exclusion in connection with the Notice and whose request is accepted by the Court.

[2] "Released Parties' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the Claims asserted in the Action against State Street. Released Parties' Claims shall not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class in connection with the Notice and whose request is accepted by the Court.

RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

13. Notwithstanding ¶11(a)-(b) of this Order, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

15. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a) offered against State Street or any of the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by State Street or any of the other Released Parties of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of State Street or any of the other Released Parties, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) offered against Plaintiffs or any of the other Settling Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the other Settling Plaintiff Parties that any of their claims are

7

without merit or that State Street or any of the other Released Parties had meritorious defenses, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

16. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; and (ii) the Settlement Class Members for all matters relating to the Action.

17. **Modification of the Stipulation of Settlement** – Without further approval from the Court, Plaintiffs and State Street are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and State Street may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and State Street, and the Parties shall revert to their respective positions in the Action as of October 8, 2020, as provided in the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is respectfully directed to immediately enter this final judgment in this Action.

SO ORDERED.

_____
Victor Marrero
U.S.D.J.

DATED:    New York, NY
          19 April 2024